Robert S. Green
GREEN & NOBLIN, P.C.
2200 Larkspur Landing Circle, Ste. 101
Larkspur, California 94939
Tel: (415) 477-6700
Fax: (415) 477-6710
-and-
4500 East Pacific Coast Highway
Fourth Floor
Long Beach, California 90804
Tel: (562) 391-2487
gnecf@classcounsel.com

*Proposed Liaison Counsel for Plaintiffs*

William B. Federman
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone:  405-235-1560
Facsimile:  405-239-2112
wbf@federmanlaw.com

*Proposed Lead Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE MULDERRIG and RONY DEVORAH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMYRIS, INC., JOHN G. MELO, and KATHLEEN VALIASEK,<br><br>Defendants. | Case No.:  4:19-cv-01765-YGS<br><br>CLASS ACTION<br><br>**MOVANT JANSEN'S MEMORANDUM OF LAW IN OPPOSITION TO AMYRIS INVESTOR GROUP'S MOTION TO APPOINT LEAD PLAINTIFF AND LEAD COUNSEL**<br><br>Date:  July 9, 2019<br>Time:  2:00 p.m.<br>Courtroom:  1<br>Judge:  Hon. Yvonne Gonzalez Rogers |

# TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................................................1

II.    ARGUMENT ..............................................................................................................2

      A.     Movant Jansen is the "Most Adequate Plaintiff" Under the PSLRA .....................2

          1.     Movant Jansen has the Largest Financial Interest ......................................2

          2.     Movant Satisfies the Requirements of Rule 23 .........................................3

          3.     Unlike the Lawyer-Aggregated Amyris Investor Group, Movant Jansen is Clearly Eligible to Serve As Lead Plaintiff Under the PSLRA .................5

      B.     Movant Jansen's Choice of Counsel Should be Approved ...................................6

III.   CONCLUSION ..............................................................................................................7

---

Movant Jansen's Opposition to Amyris Investor
Group's Motion for Lead Plaintiff and Lead Counsel         CASE NO. 4:19-cv-01765-YGS

# TABLE OF AUTHORITIES

**CASES**

*Aronson v. McKesson HBOC, Inc.*,

    79 F. Supp. 2d 1146 (N.D. Cal. 1999)......................................................................................5

*Bowman v. Legato Sys., Inc.*,

    195 F.R.D. 655 (N.D. Cal. 2000) ............................................................................................5

*Ferrari v. Gisch*,

    225 F.R.D. 599 (C.D. Cal. 2004) ............................................................................................4

*Hanlon v. Chrysler Corp.*,

    150 F.3d 1011 (9th Cir. 1998)..................................................................................................4

*In re Cavanaugh*,

    306 F.3d 726 (9th Cir. 2002).................................................................................1, 2, 3, 4, 5, 6

*In re Cendant Corp. Litig.*,

    264 F.3d 201 (3d Cir. 2001) ....................................................................................................3

*In re Donnkenny Inc. Sec. Litig.*,

    171 F.R.D. 156 (S.D.N.Y.1997)..............................................................................................5

*In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*,

    209 F.R.D. 447 (C.D. Cal. 2002) ............................................................................................5

*In re Network Assocs., Inc. Sec. Litig.*,

    76 F. Supp. 2d 1017 (N.D. Cal. 1999).....................................................................................5

*Osher v. Guess? Inc.*,

    No. 01-cv-00871 LGB (RNBx), 2001 WL 861694 (C.D. Cal. Apr. 26, 2001).........................4

*Richardson v. TVIA, Inc.*,

    No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) .....................................3

*Takeda v. Turbodyne Techs., Inc.*,

    67 F. Supp. 2d 1129 (C.D. Cal. 1999).....................................................................................4

ii

**STATUTES**

15 U.S.C. §78u-4(a)(3)(B) .................................................................................................1, 2, 5, 6

**RULES**

Fed. R. Civ. P. 23(a) ..................................................................................................1, 2, 3, 4, 5, 6

iii

Movant Rob Jansen ("Jansen" or "Movant") respectfully submits this memorandum in opposition to the competing motion to appoint lead plaintiff and approve lead counsel filed by Shane Mulderrig, Rony Devorah and Cody Onufrock (the "Amyris Investor Group").  As set forth herein, Movant Jansen has the largest losses of anyone that is moving for lead plaintiff, and he meets the adequacy and typicality requirements of Fed. R. Civ. P. 23(a).  Thus, as the presumptive lead plaintiff, Movant Jansen reiterates his request that the Court appoint Movant Jansen as lead plaintiff and approve his selection of Federman & Sherwood as lead counsel and Green & Noblin as liaison counsel.

## I.      INTRODUCTION

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), courts are to appoint as lead plaintiff the "person or group of persons" with "the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); 15 U.S.C. §78u-4(a)(3)(B).

On June 3, 2019, Movant Jansen timely filed a motion, and supporting memorandum, to be appointed lead plaintiff in the securities class action, and to approve his selection of lead counsel and liaison counsel ("Movant Jansen's Motion").  Dkt. No. 12.  On that same day, the Amyris Investor Group, consisting of three unrelated investors, filed a similar motion seeking its appointment as lead plaintiff and approval of its selection of lead counsel.  Dkt. No. 13.  As a result of their respective investments in Amyris, Inc. ("Amyris" or the "Company") common stock during the period of March 15, 2018 through March 19, 2019, inclusive, (the "Class Period"), the movants' asserted losses are as follows: (1) Movant Jansen, with a loss of $283,547.25, as calculated under either a First-In-First-Out ("FIFO") or Last-In-First-Out ("LIFO") loss analysis; and (2) the Amyris Investor Group, with a total purported group loss of $166,982.44.

Of the two movants, Movant Jansen has by far the larger loss, with a loss of $283,547.25.  Because Movant Jansen's loss is considerably greater than the loss of the other movant, Movant Jansen is the presumptive lead plaintiff.

1

## II.   ARGUMENT

### A.   Movant Jansen is the "Most Adequate Plaintiff" Under the PSLRA

The Ninth Circuit has explained that the PSLRA provides a "clear path that the district court must follow in selecting the lead plaintiff." *Cavanaugh*, 306 F.3d at 729.   After determining that notice of the action is appropriate and timely, the district court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information he provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id*. at 730 (emphasis in original). Importantly, "a straightforward application of the statutory scheme . . . provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case." *Id*. at 732. "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job." *Id*.

Utilizing this simple process confirms that Movant Jansen is the presumptive lead plaintiff and that the Court should grant Jansen's motion for appointment as lead plaintiff. Movant Jansen, with a loss of $283,547.25 has the largest financial interest of any movant, has made the required preliminary showing of typicality and adequacy, and is entitled to the PSLRA's presumption. Because the Amyris Investor Group, the only competing movant, cannot rebut this presumption, Movant Jansen should be appointed as lead plaintiff.

#### 1.   Movant Jansen has the Largest Financial Interest

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the person or group that has "the largest financial interest" in the relief sought by the action. *Id.* "[T]he district court must consider the losses allegedly suffered by the various plaintiffs before selecting as the 'presumptively most adequate plaintiff' – and hence the presumptive lead plaintiff – the one who has the largest financial interest in the relief sought by the class' . . . ." *In re Cavanaugh*, 306 F.3d at 729-30.   Most courts have determined that the financial loss is the

2

most significant factor in determining the movant with the largest financial interest in the relief sought. *See Richardson v. TVIA, Inc.,* No. C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant Jansen ***purchased 323,102 shares of Amyris common stock*** during the Class Period, ***expended more than $1.83 million in funds*** during the Class Period, and ***suffered losses of $283,547.25***. *See* Exhibits 1(A) and 1(B) to the Green Decl. (Dkt. No. 12-2). By comparison, the Amyris Investor Group, in aggregate, purchased less than 85,000 shares of Amyris common stock during the Class Period, expended less than $700,000 in aggregated funds, and suffered total group losses of only $166,982.44. *See* Exhibits B and C to the Portnoy Decl. (Dkt. No. 14-2 and 14-3). Accordingly, Movant Jansen clearly has the largest financial interest in the relief sought.

Once the Court "determines which plaintiff has the biggest stake, ***the court must appoint that plaintiff as lead***, unless it finds that he does not satisfy the typicality or adequacy requirements." *In re Cavanaugh*, 306 F.3d at 732 (emphasis added).

### 2.    Movant Satisfies the Requirements of Rule 23

"If the plaintiff with the largest financial stake in the controversy provides information that satisfies [Rule 23(a)'s typicality and adequacy] requirements, he becomes the presumptively most adequate plaintiff." *In re Cavanaugh*, 306 F.3d at 730; *see In re Cendant Corp. Litig.,* 264 F.3d 201, 263 (3d Cir. 2001) ("The initial inquiry (*i.e.,* the determination of whether the movant with the largest interest in the case 'otherwise satisfies' Rule 23) should be confined to determining whether the movant has made a prima facie showing of typicality and adequacy."); *Richardson*, 2007 WL 1129344, at *4 (for determining lead plaintiff, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification.").

Movant Jansen's claims are "typical of the claims…of the class" as they are premised on the same legal and remedial theories as the claims of the class. *See* Fed. R. Civ. P 23(a)(3).

3

---

Specifically, Movant Jansen's claims derive from allegations that during the Class Period defendants violated the federal securities laws by publicly disseminating false and misleading statements about Amyris's financial condition and business operations. Like all purported class members, Movant Jansen purchased Amyris stock during the Class Period at artificially inflated prices and was damaged thereby. Additionally, Movant is not subject to any unique or special defenses. Thus, Movant Jansen satisfies the typicality requirement. *See generally Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999); *Osher v. Guess? Inc.*, No. 01-cv-00871 LGB (RNBx), 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001) ("[C]laims are typical 'if he is reasonably coextensive with those of the absent class members; they need not be substantially identical.'") (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Movant Jansen will also "fairly and adequately protect the interests of the class." *See* Fed. R. Civ. P. Rule 23(a)(4). Movant Jansen's interests are clearly aligned with the members of the class because his claims are identical to the claims of the class. There is no evidence of antagonism between his interests and those of the proposed class members. Furthermore, Movant has a significant interest in prosecuting this action to a successful conclusion based upon the financial loss it incurred as a result of the wrongful conduct alleged herein. Movant will adequately and vigorously pursue the interests of the class, as demonstrated by his sworn certification affirming his willingness to serve as, and to assume the responsibilities of, lead representative for the class. *See* Exhibit 1(A) to the Green Decl. (Dkt. No. 12-2). In addition, Movant Jansen has selected a law firm that is highly experienced in prosecuting securities class actions such as this one to represent him and the class.

Importantly, "once the statutory presumption has attached, it cannot be rebutted through relative comparison." *Ferrari v. Gisch*, 225 F.R.D. 599, 610 (C.D. Cal. 2004); *see also Cavanaugh*, 306 F.3d at 732 (explaining that courts are not to "engage[] in a freewheeling comparison of the parties competing for lead plaintiff"). Indeed, that "the presumption is rebuttable does not mean that it may be set aside for any reason that the court may deem

4

Movant Jansen's Opposition to Amyris Investor
Group's Motion for Lead Plaintiff and Lead Counsel                    CASE NO. 4:19-cv-01765-YGS

sufficient. Rather, the statute provides that the presumption 'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff' does not satisfy the adequacy or typicality requirements of Rule 23." *Cavanaugh*, 306 F.3d at 729 n.2 (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)).

> **3.     Unlike the Lawyer-Aggregated Amyris Investor Group, Movant Jansen is Clearly Eligible to Serve As Lead Plaintiff Under the PSLRA**

The PSLRA expressly contemplates that the lead plaintiff may be a "person or group of persons." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).   Here, Movant Jansen undeniably constitutes a "person" under the PSLRA.   On the other hand, this Court has held that a lawyer-created group of investors with "no pre-existing relationship," such as the Amyris Investor Group, does not fall "within the definition of 'group' as the word is used in the Reform Act" since "one of the primary purposes of the Reform Act was to eradicate 'lawyer-driven' litigation—that is, litigation initiated by plaintiffs' lawyers who recruit large numbers of shareholders as clients . . . ." *Bowman v. Legato Sys., Inc.*, 195 F.R.D. 655, 658 (N.D. Cal. 2000).

"[C]ourts have uniformly refused to appoint as lead plaintiff groups of unrelated individuals, brought together for the sole purpose of aggregating their claims in an effort to become the presumptive lead plaintiff." *In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 451 (C.D. Cal. 2002) (collecting cases).   Indeed, this Court has repeatedly declined to appoint as lead plaintiff groups consisting of unrelated investors even when such a group has the largest financial interest.   *See, e.g., Bowman*, 195 F.R.D. at 658 (rejecting lead plaintiff motion of six unrelated investors with the largest financial loss); *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1154 (N.D. Cal. 1999) (finding that the term "group" as used in the PSLRA does not include "a 'melange of unrelated persons'" but instead refers to a group that "has a meaningful relationship preceding the litigation") (citation omitted); *In re Network Assocs., Inc. Sec. Litig.*, 76 F. Supp. 2d 1017, 1019-31 (N.D. Cal. 1999) (finding that aggregated unrelated investors could not serve as group entitled to lead plaintiff status); *see also In re*

5

*Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 157-58 (S.D.N.Y.1997) ("One of the principal legislative purposes of the PSLRA was to prevent lawyer-driven litigation.... To allow lawyers to designate unrelated plaintiffs as a 'group' and aggregate their financial stakes would allow and encourage lawyers to direct the litigation.").

Here, there is no need for the Court to deviate from this well-reasoned case law. Movant Jansen has a far larger financial loss than the unrelated lawyer-assembled Amyris Investor Group, making Movant Jansen the presumptive lead plaintiff. Because Movant Jansen also satisfies the requirements of Rule 23, Movant Jansen is entitled to appointment as lead plaintiff. *See In re Cavanaugh*, 306 F.3d at 732 (explaining that once the Court "determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements.").

**B.    Movant Jansen's Choice of Counsel Should be Approved**

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, the Court should only interfere with the lead plaintiff's selection when necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant Jansen has selected Federman & Sherwood to serve as lead counsel and Green & Noblin to serve as liaison counsel. Federman & Sherwood and Green & Noblin are highly qualified counsel. *See* Green Decl. at Exhibits 1(D) and 1(E) (Dkt. No. 12-2). Federman & Sherwood has served as lead counsel and successfully prosecuted numerous complex securities actions in this and other districts. *See* Green Decl. at Exhibit 1(D) (Dkt. No. 12-2). As a result of the firm's experience in securities class actions involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of lead counsel, the members of the class will receive the highest caliber of legal representation.

6

Movant Jansen's Opposition to Amyris Investor
Group's Motion for Lead Plaintiff and Lead Counsel                    CASE NO. 4:19-cv-01765-YGS

III.    **CONCLUSION**

For all of the foregoing reasons, Movant respectfully requests that this Court grant Movant Jansen's motion in its entirety and deny the Amyris Investor Group's competing motion.

Dated: June 17, 2019                              Respectfully submitted,

/s/ Robert S. Green
Robert S. Green
GREEN & NOBLIN, P.C.
2200 Larkspur Landing Circle, Ste. 101
Larkspur, California 94939
Tel: (415) 477-6700
Fax: (415) 477-6710
-and-
4500 East Pacific Coast Highway
Fourth Floor
Long Beach, CA 90804
Tel: (562) 391-2487
rsg@classcounsel.com

*Counsel for Movant Jansen and*
*Proposed Liaison Counsel for the Class*


William B. Federman
FEDERMAN & SHERWOOD
10205 North Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
Telephone: (405) 235.1560
Facsimile: (405) 239-2112
-and-
212 W. Spring Valley Road
Richardson, TX  75081
wbf@federmanlaw.com

*Counsel for Movant Jansen and*
*Proposed Lead Counsel for the Class*

7

Movant Jansen's Opposition to Amyris Investor
Group's Motion for Lead Plaintiff and Lead Counsel                    CASE NO. 4:19-cv-01765-YGS

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on Monday, June 17, 2019.

/s/ Robert S. Green
Robert S. Green

8

Movant Jansen's Opposition to Amyris Investor
Group's Motion for Lead Plaintiff and Lead Counsel                    CASE NO. 4:19-cv-01765-YGS