Robert S. Green
GREEN & NOBLIN, P.C.
2200 Larkspur Landing Circle, Ste. 101
Larkspur, California 94939
Tel: (415) 477-6700
Fax: (415) 477-6710
-and-
4500 East Pacific Coast Highway
Fourth Floor
Long Beach, California 90804
Tel: (562) 391-2487
rsg@classcounsel.com

*Liaison Counsel for Plaintiffs*

William B. Federman (admitted *pro hac vice*)
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone:  405-235-1560
Facsimile:  405-239-2112
wbf@federmanlaw.com

*Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHANE MULDERRIG and RONY DEVORAH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMYRIS, INC., JOHN G. MELO, and KATHLEEN VALIASEK,<br><br>Defendants. | Case No.:  4:19-cv-01765-YGR<br><br>CLASS ACTION<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

## I.    INTRODUCTION

In citing only select portions of Civil Local Rule 3-12(a), Defendants seek to have the Court relate a securities class action[1] with a shareholder derivative action[2] and transfer the case to the Honorable Yvonne Gonzales Rogers, who is the presiding judge in the Class Action, the first filed case. Plaintiffs in the Class Action oppose relation of the cases since the requirements of Civil Local Rule 3-12(a) are not met.

## II.    DEFENDANTS DO NOT ACCURATELY CITE THE CIVIL LOCAL RULE IN THEIR FAILED OR SUFFICIENTLY SUPPORT THEIR POSITION IN THEIR ATTEMPT TO STRETCH THE LOCAL RULE TO RELATE THESE CASES.

a.    The actions are not related under Civil Local Rule 3-12.

Local Rule 3-12(a) sets forth, in its entirety:

> An action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; ***and*** (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

Civil L.R. 3-12(a) (emphasis added). Courts interpreting Rule 3-12(a) have continuously found that both prongs must be met to order relation. *See, e.g.*, *Hynex Semiconductor Inc. v. Rambus Inc.*, 2008 WL 3916304, at *1-2 (N.D. Cal. Aug. 24, 2008). Under the language of the Rule and as set forth below, Defendants' have failed to show or sufficiently support their position that both prongs have been met and that the cases are, in fact, related. Specifically, Defendants', have failed to persuasively show similarity of parties, unduly burdensome or duplicative expense or a likelihood of conflicting results.

---

[1] *Mulderrig v. Amyris, Inc., et al., Case No.* 4:19-cv-01765-YGR (the "Class Action").
[2] *Bonner v. Doerr, et al.,* Case No. 3-19-cv-03621-EMC (the "Derivative Action").

1

PLAINTIFF'S RESPONSE IN OPPOSITION                                   FILE NO. 4:19-cv-01765-YGR
TO DEFENDANTS' ADMINISTRATIVE
MOTION TO CONSIDER WHETHER
CASES SHOULD BE RELATED

b.  <u>There are more dissimilar parties than there are similar parties.</u>

A review of the Derivative Complaint demonstrates that only two of the fifteen named defendants are defendants in the Class Action. In addition, the Derivative Action is brought on behalf of Amyris, Inc., which is merely a nominal party in the derivative action, while Amyris is the focus of the Class Action. The remaining defendants in the Derivative Action are not named in the Class Action and will likely play an exceedingly small role, if any, in any discovery in the Class Action. Nonetheless, those defendants will be the focus of discovery, if any is conducted, in the Derivative Action.

c.      <u>The plaintiff in the derivative action may, or may not, be included as a member of the Class Action.</u>

Derivative Plaintiff Wayne Bonner ("Bonner"), although alleged to be "a stockholder of Amyris at the time of the wrongdoing complained of … and is a current Amyris stockholder" does not provide the date he first bought stock of Amyris. *See* Derivative Complaint at para. 15. Defendants want to paint with a very broad brush and assume this fact to create an overlap between the class period and the time Bonner may have purchased stock, but such a leap is not sufficient to support this presumption. Without more specificity, the time frame in question can just as easily be assumed to be drastically different.

d.  <u>Transaction(s) in Question.</u>

Although it is true that the later filed Derivative Action appears to have adopted the operative allegations of the Class Action, the causes of action are, in fact, very dissimilar and warrant denial of Defendant's Motion.  There is absolutely no overlap in the causes of action or the relief sought by the parties – particularly since the Derivative Action is seeking relief ***on behalf of Amyris*** and the Class Action is seeking relief ***from Amyris***. In fact, derivative and

2

securities actions are distinct[3] and, under this Court's interpretation of Rule 3-12(a), are not relatable. *Hodges v. Akeena Solar, Inc.*, 2010 WL 2756536, at *1 (N.D. Cal. July 9, 2010) (denying motion for relation where one action was a securities class action and the other action was a shareholders' derivative action because "the legal claims, named defendants, and procedural posture are different"). Here, like in *Hodges*, the analysis of the operative facts, the relief sought, and the discovery required would be very dissimilar, therefore weighing against relation. Moreover, the sole cause of action under the federal securities laws in the Derivative Action appears to be included merely for the ability to bestow jurisdiction upon this Court since Plaintiff Bonner does not disclose any other basis to qualify for federal court jurisdiction.[4]

e.       There is no showing that there will be any "unduly burdensome duplication and expense or conflicting results[5] if the cases are conducted before a different Judge."

f.       Neither Defendants nor the Plaintiff in the Derivative Action have disclosed whether it is their intent to immediately stay the derivative case. If, in fact this is their intent, and the Derivative Action is not actively litigated and remains dormant for some long period in reliance on the Plaintiffs in the Class Action successfully litigating their case, then there is virtually no duplication, let alone an "unduly burdensome duplication of labor and expense or conflicting results" that can exist. *See, e.g.*, *Rezner v. Bayerische Hypo-Und Vereinsbank AG*, 2009 WL 3458704, at *1 (N.D. Cal. Oct. 23, 2009) (finding that where one action has been stayed

---

[3] Nor does Defendant challenge this in their Administrative Motion to Consider Whether Cases Should Be Related.

[4] The Derivative Complaint is silent about diversity of the parties and all other causes of action are grounded in common law.

[5] Interestingly, Defendants deleted the phrase "or conflicting results" from their recitation of Civil Local Rule 3-12(a).

3

PLAINTIFF'S RESPONSE IN OPPOSITION                                    FILE NO. 4:19-cv-01765-YGR
TO DEFENDANTS' ADMINISTRATIVE
MOTION TO CONSIDER WHETHER
CASES SHOULD BE RELATED

"it does not appear . . . that there will be unduly burdensome duplication of labor and expense").[6] If there is no intent to actually litigate the Derivative Action, by either the Defendants, who have not to date filed an Answer or responsive pleading in the Derivative Action, or Plaintiff Bonner, then there is no reason to have the cases relate under the Civil Local Rules. This is, necessarily, because without litigation and an entry of judgment, there cannot, in fact, be a "conflicting result." Such silence is surprising in light of the representation that there could be an undue burden on the Court, or parties, or conflicting results, if it is the intent of the parties in the Derivative Action to merely stay the Derivative Action while the Class Action proceeds.

Dated: July 16, 2019

Respectfully submitted,

/s/William B. Federman
William B. Federman (admitted *pro hac vice*)
FEDERMAN & SHERWOOD
10205 North Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
Tel: (405) 235-1560/Fax: (405) 239-2112
-and-
212 W. Spring Valley Road
Richardson, TX  75081
wbf@federmanlaw.com
*Lead Counsel for Plaintiffs*

Robert S. Green
GREEN & NOBLIN, P.C.
2200 Larkspur Landing Circle, Ste. 101
Larkspur, California 94939
Tel: (415) 477-6700/Fax: (415) 477-6710
-and-
4500 East Pacific Coast Highway
Fourth Floor
Long Beach, CA 90804
rsg@classcounsel.com
*Liaison Counsel for Plaintiffs*

---

[6] It also begs the question of what utility there is to have the action that is stayed relate to a case that is being actively litigated if the stayed action is not progressing and remains dormant as an open case on the Court's docket.

4

PLAINTIFF'S RESPONSE IN OPPOSITION                          FILE NO. 4:19-cv-01765-YGR
TO DEFENDANTS' ADMINISTRATIVE
MOTION TO CONSIDER WHETHER
CASES SHOULD BE RELATED

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on Tuesday, July 16, 2019.

/s/William B. Federman
William B. Federman

PLAINTIFF'S RESPONSE IN OPPOSITION                    FILE NO. 4:19-cv-01765-YGR
TO DEFENDANTS' ADMINISTRATIVE
MOTION TO CONSIDER WHETHER
CASES SHOULD BE RELATED