MICHAEL D. CELIO, SBN 197998
  mcelio@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: 650.849.5300
Facsimile:  650.849.5333

SHIREEN A. BARDAY (admitted *pro hac vice*)
  sbarday@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
Telephone: 212.351.4000
Facsimile:  212.351.4035

ELIZABETH A. DOOLEY, SBN 292358
  edooley@gibsondunn.com
PIPER M. PEHRSON, SBN 324031
  ppehrson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SHANE MULDERRIG and RONY DEVORAH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMYRIS, INC., JOHN G. MELO, and KATHLEEN VALIASEK,<br><br>Defendants. | CASE NO. 4:19-cv-01765-YGR<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>**Hearing:**<br>Date:        January 21, 2020<br>Time:       2:00 p.m.<br>Place:      1301 Clay St., Courtroom 1, Fourth Floor<br>Judge:     Hon. Yvonne Gonzalez Rogers<br><br>Action Filed: April 3, 2019 |

Gibson, Dunn &
Crutcher LLP

REQUEST FOR JUDICIAL NOTICE ISO DEFENDANTS' MOTION TO DISMISS--NO. 4:19-CV-01765-YGR

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Evidence 201(b), Defendants Amyris, Inc., John G. Melo, and Kathleen Valiasek (collectively, "Defendants"), respectfully request that the Court take judicial notice of Exhibits A through I attached to the accompanying Declaration of Michael D. Celio ("Celio Decl.") in support of Defendants' Motion to Dismiss Plaintiffs' Amended Class Action Complaint ("Motion to Dismiss"), filed concurrently herewith.

## I.  DISCUSSION

In ruling on a motion to dismiss, the Court may look beyond the four corners of the complaint to documents incorporated in the complaint by reference and matters subject to judicial notice. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (explaining the "judicially created doctrine" of incorporation by reference); *Lee v. City of L.A.*, 250 F.3d 668, 688–90 (9th Cir. 2001).  Under the incorporation by reference doctrine, the Court may consider on a motion to dismiss not only documents attached to the complaint, but also documents that the complaint "necessarily relies" on, the authenticity and relevance of which are uncontested. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *accord Lee*, 250 F.3d at 688–90.

The Court also may take judicial notice of matters that are either (1) generally known within the trial court's territorial jurisdiction, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).  Proper subjects of judicial notice on a motion to dismiss include "matters of public record," *Khoja*, 899 F.3d at 999, and publicly accessible websites, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010).

**A.     Forms 10-Q from Quarters 1 and 2 of 2018**

Exhibit A (Amyris's Form 10-Q for first quarter 2018 filed with the SEC on May 18, 2018) and Exhibit B (Amyris's Form 10-Q for second quarter 2018 filed with the SEC on August 14, 2018), are documents referenced and necessarily relied on in the operative Complaint in this matter, and thus, the Court may consider them in ruling on Defendants' Motion to Dismiss under the incorporation by reference doctrine.  Specifically:

- Exhibit A (Form 10-Q for first quarter 2018) is referenced and relied on in paragraphs 56, 57, and 58 of the Amended Complaint.

- Exhibit B (Form 10-Q for second quarter 2018) is referenced and relied on in paragraphs 64 and 65 of the Amended Complaint.

Judicial notice of these Exhibits is also appropriate because they are public filings made by Amyris with the U.S. Securities and Exchange Commission ("SEC"), and are matters of public record not subject to reasonable dispute. *See* Fed. R. Evid. 201(b); *see also Weller v. Scout Analytics, Inc.*, 230 F. Supp. 3d 1085, 1094 n.5 (N.D. Cal. 2017) (taking judicial notice of SEC filings); *Voss v. Sutardja*, 2015 WL 349444, at *5 (N.D. Cal. Jan. 26, 2015) (same). Accordingly, Exhibits A and B are proper subjects of judicial notice, and Defendants respectfully request that this Court take judicial notice of them and consider them pursuant to the incorporation by reference doctrine.

**B.     Amyris's 2018 Press Releases, Earnings Call Transcripts, and Presentation Transcript**

Exhibit C (Amyris's March 15, 2018 press release); Exhibit D (Amyris's May 14, 2018 press release); Exhibit E (Amyris's August 6, 2018 press release); Exhibit F (Amyris's March 15, 2018 earning call transcript); Exhibit G (Amyris's May 14, 2018 earning call transcript); Exhibit H (Amyris's August 6, 2018 earning call transcript); and Exhibit I (Amyris's May 22, 2018 presentation transcript), are documents referenced and necessarily relied on in the operative Complaint in this matter, and thus, the Court may consider them in ruling on Defendants' Motion to Dismiss under the incorporation by reference doctrine. Specifically:

- Exhibit C (March 15, 2018 press release) is referenced and relied on in paragraphs 42 and 43 of the Amended Complaint.

- Exhibit D (May 14, 2018 press release) is referenced and relied on in paragraph 50 of the Amended Complaint.

- Exhibit E (August 6, 2018 press release) is referenced and relied on in paragraph 61 of the Amended Complaint.

- Exhibit F (March 15, 2018 earning call transcript) is referenced and relied on in paragraphs 44 and 45 of the Amended Complaint.

- Exhibit G (May 14, 2018 earning call transcript) is referenced and relied on in paragraphs 51, 52, 53, and 54 of the Amended Complaint.
- Exhibit H (August 6, 2018 earning call transcript) is referenced and relied on in paragraphs 62 and 63 of the Amended Complaint.
- Exhibit I (May 22, 2018 presentation transcript) is referenced and relied on in paragraphs 59 and 60 of the Amended Complaint.

Judicial notice of these exhibits is also appropriate because they are publicly available documents, available on publicly accessible websites. *See* Celio Decl. ¶¶ 4-10. Because they are publicly available, they are capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b); *Daniels-Hall*, 629 F.3d at 999; *Diaz v. Intuit, Inc.*, 2018 WL 2215790, at *3 (N.D. Cal. May 15, 2018) ("Publically accessible websites and news articles are proper subjects of judicial notice."). Accordingly, Defendants respectfully request that this Court take judicial notice of Exhibit C through I and consider them pursuant to the incorporation by reference doctrine.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of Exhibits A through I to the Celio Declaration.

Dated: October 25, 2019

MICHAEL D. CELIO
SHIREEN A. BARDAY
ELIZABETH A. DOOLEY
PIPER M. PEHRSON
GIBSON, DUNN & CRUTCHER LLP

By:  /s/       *Michael D. Celio*
                     Michael D. Celio

*Attorneys for Defendants*

Gibson, Dunn & Crutcher LLP