GIBSON, DUNN & CRUTCHER LLP
Michael D. Celio, SBN 197998
mcelio@gibsondunn.com
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: 650.849.5326
Facsimile:  650.849.5026

GIBSON, DUNN & CRUTCHER LLP
Shireen A. Barday (*pro hac vice*)
sbarday@gibsondunn.com
200 Park Avenue
New York, New York 10166-0193
Telephone:  212.351.2621
Facsimile:  212.817.9421

GIBSON, DUNN & CRUTCHER LLP
ELIZABETH A. DOOLEY, SBN 292358
edooley@gibsondunn.com
PIPER M. PEHRSON, SBN 324031
ppehrson@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8342
Facsimile:  415.393.8469

*Attorneys for Defendants Amyris Inc. et al.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| SHANE MULDERRIG and RONY DEVORAH, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMYRIS, INC., JOHN G. MELO, and KATHLEEN VALIASEK,<br><br>Defendants. | Case No. 4:19-cv-01765-YGR (First Filed Case)<br>Related Case No. 3:19-cv-06230-WHO<br><br>**DEFENDANTS' UNOPPOSED ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Date First Action Filed: April 3, 2019<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

Gibson, Dunn &
Crutcher LLP

## I.    Introduction

Pursuant to Civil Local Rules 3-12(b) and 7-11, Defendants Amyris Inc., John G. Melo, and Kathleen Valiasek ("*Mulderrig* Defendants"), hereby move this Court to relate *Carlson v. Doerr, et al.* ("*Carlson*"), Case No. 3:19-cv-06230-WHO, filed in this District on October 1, 2019 and pending before the Honorable William H. Orrick, to the above-captioned action, *Mulderrig v. Amyris, Inc., et al.* ("*Mulderrig*"), filed on April 3, 2019.  *Mulderrig* Defendants further request that *Carlson* be reassigned to the Honorable Yvonne Gonzalez Rogers, who is presiding in the *Mulderrig* action.[1] The *Carlson* action brings almost exactly the same claims against the same Defendants as *Bonner v. Doerr*, a now-dismissed case that this Court previously ordered related to *Mulderrig*.  *See* ECF No. 35 (relating *Bonner* to *Mulderrig* and instructing that *Bonner* be reassigned to Judge Gonzalez Rogers).  Since *Carlson* is on all fours with *Bonner*, relation is similarly appropriate.

Plaintiff in *Carlson* does not oppose the relation of these cases.  *See* Declaration of Michael D. Celio in support of Motion to Consider whether Cases Should be Related, ¶ 4.  Lead Plaintiff in *Mulderrig* takes no position on the relation of these cases.  *Id.* ¶ 5.

## II.    The Cases are Related as that Term is Defined in Local Rule 3-12(a)

### A.    The cases concern substantially the same parties, property, transaction, or event.

*Carlson* and *Mulderrig* meet the definition of Related Cases under Civil Local Rule 3-12(a)(1)  in that they "concern substantially the same parties, property, transaction or event" and  "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  The cases are currently before two different Judges.  Accordingly, pursuant to Civil Local Rule 3-12, the cases should be ordered related.

---

[1]  In accordance with Civil Local Rule 3-12(b), *Mulderrig* Defendants have filed this administrative motion in the lowest-numbered case (*Mulderrig*), served the administrative motion on all known parties to each apparently related action, and provided courtesy copies to the assigned Judge in each apparently related case.

This administrative motion is not intended to operate as an admission of any factual allegation or legal conclusion and is submitted subject to and without waiver of any right, defense, affirmative defense, or objection, including, without limitation, personal jurisdiction, insufficient process and/or insufficient service of process.

*Substantially the same parties.* These actions involve several of the same defendants. Amyris, Inc. is a defendant in both cases as are CEO John G. Melo and former-CFO Kathleen Valiasek. Although the plaintiffs are different, all were stockholders of Amyris securities at some time during the period from March 2018 to March 2019. *See Mulderrig* Amended Complaint ("AC") ¶ 94 ("Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class, consisting of all persons and entities that purchased or otherwise acquired Amyris securities between March 15, 2018 and April 11, 2019, inclusive, and who were damaged thereby (the "Class"); *Carlson* Compl. ¶ 16 ("Plaintiff is a stockholder of Amyris and has been continuously since 2010.").

*Substantially the same transactions or events.* Central to the allegations in both cases are statements made by Amyris, Inc., during the period from March 2018 through April 2019. Plaintiffs in both cases allege that defendants' materially false and/or misleading statements ultimately harmed investors and the company. A brief comparison of the two complaints demonstrates their alignment on this issue. In *Mulderrig*, plaintiffs Amended Complaint alleges that defendants made material misrepresentations or omissions of fact related to reporting royalty revenue—based on application of a new accounting rule, ASC 606—and material weaknesses in the company's internal controls. *Mulderrig* AC ¶ 33. Similarly, in *Carlson*, plaintiff alleges Defendants misapplied ASC 606 to overstate royalty revenue and that they failed to disclose material weaknesses in the Company's internal controls. *Carlson* Compl. ¶ 77. The complaints also have significant overlap in the specific documents they point to as containing allegedly misleading or materially false statements. *Compare Mulderrig* AC ¶¶ 42-76 (referencing, for example, statements in the following documents: March 15, 2018 press release and earnings call transcript; Form 10-K filed April 17, 2018; May 14, 2018 press release and earnings call transcript; May 16, 2018 Form 12b-25 notification of late filing; Form 10-Q filed May 18, 2018; August 6, 2018 press release and earnings call transcript; Form 10-Q filed August 14, 2018; November 13, 2018 press release and earnings call; Form 10-Q filed November 15, 2018), *with Carlson* Compl. (referencing same documents) ¶¶ 78-81 (March 15, 2018 press release and earnings call transcript); ¶¶ 83-88 (Form 10-K filed April 17, 2018); ¶ 82 (Form 12b-25 filed May 16, 2018); ¶¶ 89-91 (May 14, 2018 press release and earnings call transcript) ¶¶ 93-94 (Form

Gibson, Dunn & Crutcher LLP

10-Q filed May 18, 2018); ¶¶ 97-99 (August 6, 2018 press release and earnings call transcript); ¶¶ 100-101 (Form 10-Q filed August 14, 2018); ¶¶ 103-106 (November 13, 2018 press release and earnings call transcript) ¶ 107 (Form 10-Q filed November 15, 2018).

The plaintiffs in *Mulderrig* allege violations of Section 10(b) of the Exchange Act and Rule 10b-5, as well as Section 20(a) of the Exchange Act.  The plaintiff in *Carlson* brings a derivative action, naming Amyris as the nominal defendant, and alleging violation of Section 14(a) of the Exchange Act (director defendants), as well as breach of fiduciary duty, waste of corporate assets, and unjust enrichment (individual defendants), and insider selling and misappropriation of information (selected individual defendants).  Although these causes of action are distinct, the underlying events and transactions upon which these claims are premised are substantially the same.

**B.    It appears likely that there will be an unduly burdensome duplication of labor and expense if the cases are conducted before different Judges.**

Given the substantial similarities noted above, "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. L.R. 3-12(a)(2);  *see McGee v. Ross Stores, Inc.*, 2007 WL 2900507, at *1–2 (N.D. Cal. Oct. 1, 2007) (granting defendant's motion to relate where both cases involved the same defendant and the same "alleged claims and events giving rise to the alleged claims" and noting that "litigating the two cases before different Judges would be burdensome and would result in unnecessary duplication of effort").

## III.    Conclusion

For the foregoing reasons, Defendants respectfully request that this court relate these cases.

Gibson, Dunn & Crutcher LLP

3

DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO. 4:19-CV-01765-YGR

Respectfully submitted,

Dated:  October 31, 2019

GIBSON, DUNN & CRUTCHER LLP

By:   /s/ Michael D. Celio
          Michael D. Celio

MICHAEL D. CELIO, SBN 197998
mcelio@gibsondunn.com
1881 Page Mill Road
Palo Alto, CA 94304
Telephone:  650.849.5326
Facsimile:  650.849.5026

SHIREEN A. BARDAY (admitted *pro hac vice*)
sbarday@gibsondunn.com
200 Park Avenue
New York, New York 10166-0193
Telephone:  212.351.2621
Facsimile:  212.817.9421

ELIZABETH A. DOOLEY, SBN 292358
edooley@gibsondunn.com
PIPER M. PEHRSON, SBN 324031
ppehrson@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8342
Facsimile:  415.393.8469

*Attorneys for Defendants*
*Amyris, Inc., et al.*

4

DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO. 4:19-CV-01765-YGR

<b>PROOF OF SERVICE</b>

I, Elizabeth A. Dooley, declare as follows:

I am employed in the County of San Francisco, State of California, I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite 3000, San Francisco, CA 94105-0921, in said County and State.  On October 31, 2019, I served the following document(s):

**DEFENDANTS' UNOPPOSED ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**

**DECLARATION OF MICHAEL D. CELIO IN SUPPORT**

**[PROPOSED] ORDER GRANTING DEFENDANTS' UNOPPOSED ADMINISTRATIVE MOTION TO RELATE CASES**

on the parties stated below, by the following means of service:

<b><i><u>Attorneys for Plaintiffs</u></i></b>

<u>**VIA ELECTRONIC MAIL**</u>

W. Scott Holleman
Marion C. Passmore
BRAGAR EAGEL & SQUIRE, P.C.
101 California Street, Suite 2710
San Francisco, CA 94111
Telephone: (415) 365-7149
Email: holleman@bespc.com
          passmore@bespc.com

☑   **BY ELECTRONIC SERVICE**:  On the above-mentioned date, the documents were sent to the persons at the electronic notification addresses as shown above.

☑   **(FEDERAL)**          I declare under penalty of perjury that the foregoing is true and correct.

Dated:  October 31, 2019          By:    */s/ Elizabeth A. Dooley*
                                                    Elizabeth A. Dooley

Gibson, Dunn & Crutcher LLP

PROOF OF SERVICE - CASE NO. 4:19-CV-01765-YGR