FEDERMAN & SHERWOOD
William B. Federman (admitted *pro hac vice*)
wbf@federmanlaw.com
A. Brooke Murphy (admitted *pro hac vice*)
abm@federmanlaw.com
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Tel:  (405) 235-1560; Fax:  (405) 239-2112

*Lead Counsel for Plaintiffs*


GREEN & NOBLIN, P.C.
Robert S. Green
2200 Larkspur Landing Circle, Ste. 101
Larkspur, California 94939
Tel: (415) 477-6700
Fax: (415) 477-6710
-and-
4500 East Pacific Coast Highway
Fourth Floor
Long Beach, California 90804
Tel: (562) 391-2487
rsg@classcounsel.com

*Liaison Counsel for Plaintiffs*

GIBSON, DUNN & CRUTCHER LLP
Michael D. Celio, SBN 197998
mcelio@gibsondunn.com
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: 650.849.5326
Facsimile:  650.849.5026

Shireen A. Barday (admitted *pro hac vice*)
sbarday@gibsondunn.com
200 Park Avenue
New York, New York 10166-0193
Telephone:  212.351.2621
Facsimile:  212.817.9421

Elizabeth A. Dooley, SBN 292358
edooley@gibsondunn.com
Piper M. Pehrson, SBN 324031
ppehrson@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8342
Facsimile: 415.393.8469

*Attorneys for Defendants Amyris Inc. et al.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| SHANE MULDERRIG and RONY DEVORAH, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMYRIS, INC., JOHN G. MELO, and KATHLEEN VALIASEK,<br><br>Defendants. | CASE NO. 4:19-cv-01765-YGR<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER TO ESTABLISH SUR-REPLY BRIEFING SCHEDULE**<br><br>**Hearing:**<br>Date:   January 21, 2020<br>Time:   2:00 p.m.<br>Place:   1301 Clay St., Courtroom 1, Fourth Floor<br>Judge:   Hon. Yvonne Gonzalez Rogers<br><br>Action Filed: April 3, 2019 |

## **JOINT STIPULATION**

Pursuant to Civil Local Rule 7-12, and subject to the Court's approval, Lead Plaintiff Rob Jansen and Plaintiff Vincent Carbone ("Plaintiffs") and Defendants Amyris, Inc., John G. Melo, and Kathleen Valiasek ("Defendants"), through their respective attorneys, stipulate as follows:

WHEREAS, on October 25, 2019, Defendants filed their Motion to Dismiss Amended Class Action Complaint, Doc. No. 45;

WHEREAS, on November 22, 2019, Plaintiffs filed their Memorandum in Opposition to Defendants' Motion to Dismiss, Doc. No. 52;

WHEREAS, on December 20, 2019, Defendants filed their Reply to Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss ("Reply"), Doc. No. 53;

WHEREAS, it is Plaintiffs' position that Defendants raised new arguments for the first time in their Reply;

WHEREAS, Plaintiffs believe that they should be permitted to file a sur-reply as Plaintiffs' contend they have not yet had an opportunity to address these arguments by Defendants;

WHEREAS, Defendants disagree with Plaintiffs' position that new issues were raised for the first time in Defendants' Reply;

WHEREAS, Defendants do not believe that additional briefing is warranted;

WHEREAS, despite this disagreement, the Parties have conferred regarding a possible sur-reply to allow Plaintiffs to address what they contend are new arguments in Defendants' Reply;

WHEREAS, the Parties have agreed that, if this Court should decide that additional briefing is warranted, Plaintiffs shall be permitted to file a sur-reply, limited to four (4) pages of text, to be filed no later than January 9, 2020, that addresses only the following three issues, which Plaintiffs contend were raised for the first time in Defendants' Reply:

(1) Defendants' disclosure regarding how royalty revenues were being recognized, *see* Reply at 3-4;

(2) Amyris's contention that it "warned investors that it was making estimates regarding its Vitamin E royalty from Nenter, and that those estimates might turn out to be wrong," *see* Reply at 5-6; and

1

(3) Amyris's use of accrual-based accounting and its relationship to Plaintiffs' allegations of scienter, *see* Reply at 11;

WHEREAS, Defendants believe that if the Court permits Plaintiffs to file a sur-reply, then Defendants should be permitted to file a response to Plaintiffs' sur-reply;

WHEREAS, Plaintiffs do not believe that additional briefing from Defendants is warranted as Defendants have already addressed these arguments in their Reply;

WHEREAS, despite this disagreement, the Parties have agreed that, if the Court should decide that additional briefing from Defendants is warranted, then Defendants shall be permitted to file a response to Plaintiffs' sur-reply, limited to four (4) pages of text, to be filed no later than January 15, 2020, that addresses only those issues raised in Plaintiffs' sur-reply.

IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO APPROVAL OF THE COURT, THAT:

1. Plaintiffs may file a sur-reply, limited to four (4) pages of text, that addresses only the three aforementioned issues, which Plaintiffs contend were raised for the first time in Defendants' Reply, on or before January 9, 2020.

2. Defendants may file a response to Plaintiffs' sur-reply, limited to four (4) pages of text, that addresses only those issues raised in Plaintiff's sur-reply, on or before January 15, 2020.

Dated:  January 6, 2020                         Respectfully submitted,


By:  */s/ William B. Federman*
    William B. Federman

FEDERMAN & SHERWOOD

*Lead Counsel for Plaintiffs*


By:  */s/ Michael D. Celio*
    Michael D. Celio

GIBSON, DUNN & CRUTCHER LLP

*Attorneys for Defendants*

2

**DECLARATION OF FILER PURSUANT TO CIVIL LOCAL RULE 5-1(i)**

Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this document has been obtained from each of the signatories.

Dated: January 6, 2020

FEDERMAN & SHERWOOD

By: *s/ William B. Federman*
    William B. Federman

3

JOINT STIPULATION AND [PROPOSED] ORDER
TO ESTABLISH SUR-REPLY BRIEFING SCHEDULE                    4:19-CV-01765-YGR