GIBSON, DUNN & CRUTCHER LLP
MICHAEL D. CELIO, SBN 197998
mcelio@gibsondunn.com
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone: 650.849.5300
Facsimile: 650.849.5333

SHIREEN A. BARDAY, (*pro hac vice*)
sbarday@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.2621
Facsimile: 212.817.9421

ELIZABETH A. DOOLEY, SBN 292358
edooley@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8342
Facsimile: 415.393.8469

*Attorneys for Defendants Amyris, Inc. and John G. Melo*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| SHANE MULDERRIG and RONY DEVORAH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMYRIS, INC., JOHN G. MELO, and KATHLEEN VALIASEK,<br><br>Defendants. | Case No.: 4:19-cv-01765-YGR<br><br>CLASS ACTION<br><br>**DEFENDANTS AMYRIS, INC. AND JOHN G MELO'S  ANSWER TO AMENDED CLASS ACTION COMPLAINT**<br><br>Action Filed: April 3, 2019 |

Gibson, Dunn &
Crutcher LLP

Defendants Amyris, Inc. ("Amyris") and John G. Melo ("Melo") (collectively, "Defendants"),[1] through their undersigned counsel, hereby answer the Amended Class Action Complaint, ECF No. 43 ("Complaint"), filed by Plaintiffs Shane Mulderrig and Rony Devorah, individually and on behalf of all others similarly situated ("Plaintiffs"), against Defendants.  Any allegation not explicitly admitted is denied.  Defendants do not, by noting or admitting that the Complaint purports to characterize or quote particular documents, admit the truth of any assertion in the referenced document.  Moreover, headings and footnotes contained within the Complaint are not substantive allegations to which an answer is required.  To the extent headings are substantive allegations to which an answer is required, Defendants deny the allegations.  To the extent footnotes in the Complaint are deemed to be substantive allegations, then the response to the paragraph in which the footnote is found is Defendants' response to the footnote as well.  In answer to the Complaint, Defendants state as follows:

**[ALLEGED] NATURE OF THE ACTION**

1.    Defendants need not respond to the allegations in paragraph 1 inasmuch as they constitute legal conclusions.  To the extent the allegations in paragraph 1 are deemed to be factual, Defendants deny them.

2.    Defendants admit that Amyris is an industrial biotechnology company that applies its technology platform to engineer, manufacture and sell high performance, sustainably sourced products in the Health & Wellness, Clean Beauty, and Flavor & Fragrances markets.  Except as expressly admitted, Defendants deny the allegations in paragraph 2.

3.    Defendants admit that Amyris first used Accounting Standard Codification Topic 606, Revenue from Contracts with Customers ("ASC 606") in 2018.  Except as expressly admitted, Defendants deny the allegations in paragraph 3.

4.    Defendants admit that Amyris first used ASC 606 for the reporting period beginning on January 1, 2018.  Except as expressly admitted, Defendants deny the allegations in paragraph 4.

5.    Defendants admit that certain of the words quoted in paragraph 5 are contained in certain of Amyris's public filings but expressly deny that the quoted words have been presented fully; indeed,

---

[1]  Defendant Kathleen Valiasek is represented by separate counsel.  This Answer is made only by Defendants Amyris, Inc. and John G. Melo.

Gibson, Dunn & Crutcher LLP

DEFENDANTS AMYRIS, INC. AND JOHN G. MELO'S  ANSWER TO AMENDED CLASS ACTION COMPLAINT
FILE NO.  4:19-cv-01765-YGR

they have been edited and removed from their proper context. Except as expressly admitted, Defendants deny the allegations in paragraph 5. In particular, Defendants deny that they concealed any material weaknesses in Amyris's internal control over financial reporting.

**6.** Denied.

**7.** Defendants admit that certain of the words and figures set forth in paragraph 7 are contained in Amyris's public statements but expressly deny that those words and figures have been accurately represented. Except as expressly admitted, Defendants deny the allegations in paragraph 7.

**8.** Defendants admit that certain of the words set forth in paragraph 8 are contained in Amyris's public statements but expressly deny that those words and figures have been accurately represented. Except as expressly admitted, Defendants deny the allegations in paragraph 8.

**9.** Defendants admit that certain of the words and figures set forth in paragraph 9 are contained in Amyris's public statements but expressly deny that those words and figures have been accurately represented. Except as expressly admitted, Defendants deny the allegations in paragraph 9.

**10.** Denied.

### [ALLEGED] JURISDICTION AND VENUE

**11.** Defendants need not respond to the allegations in paragraph 11 inasmuch as they constitute legal conclusions. To the extent that certain of these allegations are deemed to be factual, Defendants deny them.

**12.** Defendants admit that this court has subject matter jurisdiction over this action.

**13.** Defendants admit that venue is proper in this judicial district. Except as expressly admitted, Defendants deny the allegations in paragraph 13.

**14.** Denied.

### PARTIES

**15.** Denied.

**16.** Denied.

**17.** Defendants admit that Amyris is incorporated under the laws of Delaware and that its principal offices are located in Emeryville, California. Defendants further admit that Amyris's

Gibson, Dunn & Crutcher LLP

DEFENDANTS AMYRIS, INC. AND JOHN G. MELO'S ANSWER TO AMENDED CLASS ACTION COMPLAINT
FILE NO. 4:19-cv-01765-YGR

common stock is traded on the NASDAQ exchange under the symbol "AMRS."  Except as expressly admitted, Defendants deny the allegations in paragraph 17.

18.    Defendants admit that Melo has served as the Chief Executive Officer ("CEO") and a director of Amyris since January 2007, and as President since 2008.  Defendants further admit that, prior to joining Amyris, Melo was previously employed by BP Plc (formerly British Petroleum) and by Ernst & Young.  Except as expressly admitted, Defendants deny the remainder of the allegations in paragraph 18.

19.    Defendants admit that Valiasek served as Amyris's Chief Financial Officer ("CFO") from January 2017 through June 2019.  Defendants further admit that she currently serves as Amyris's Chief Business Officer.  Except as expressly admitted, Defendants deny the remainder of the allegations in paragraph 19.

20.    Denied.

## SUBSTANTIVE ALLEGATIONS

### A.    Background

21.    Defendants admit that Amyris is a leading industrial biotechnology company that applies its technology platform to engineer, manufacture and sell high performance, sustainably sourced products into the Health & Wellness, Clean Beauty, and Flavor & Fragrances markets.

22.    Defendants admit that Amyris successfully commercialized a brand of renewable farnesene, a long-chain, branched hydrocarbon molecule that Amyris manufactures through fermentation using engineered microbes.  Defendants further admit that farnesene was Amyris's first revenue-generating molecule, and that its derivatives are sold in hundreds of products such as nutraceuticals, skincare products, fragrances, solvents, polymers and lubricant ingredients.  Except as expressly admitted, Defendants deny the remainder of the allegations in paragraph 22.

23.    Defendants admit that, on December 28, 2017, Amyris completed the sale of Amyris Brasil, Ltda. which operated a production facility, to Koninklijke DSM N.V. ("DSM") and that the total fair value of the consideration received by Amyris for that sale was $56.9 million.  Defendants further admit that, concurrent with that sale, Amyris and DSM entered into a series of commercial agreements, including a license agreement to DSM of Amyris's farnesene product for DSM to use in

Gibson, Dunn & Crutcher LLP

DEFENDANTS AMYRIS, INC. AND JOHN G. MELO'S  ANSWER TO AMENDED CLASS ACTION COMPLAINT
FILE NO.  4:19-cv-01765-YGR

the Vitamin E market, and a value share agreement that DSM agreed to pay Amyris specified royalties representing a portion of the profit on the sale of Vitamin E produced from farnesene under a supply agreement with Nenter & Co, Inc. ("Nenter") assigned to DSM, for which DSM paid Amyris, among other payments, a nonrefundable license fee of $27.5 million.  Except as expressly admitted, Defendants deny the remainder of the allegations in paragraph 23.

24.     Defendants admit that Amyris employed ASC 606 in accounting for license and royalty payments beginning on January 1, 2018.  Except as expressly admitted, Defendants deny the remainder of the allegations in paragraph 24.

25.     Defendants admit that Amyris entered into a series of commercial agreements, including a license agreement to DSM of Amyris's farnesene product for DSM to use in the Vitamin E market, and a value share agreement that DSM would pay Amyris specified royalties representing a portion of the profit on the sale of Vitamin E produced from farnesene under a supply agreement with Nenter assigned to DSM.  Defendants further admit that Amyris estimated future royalty payments.  Except as expressly admitted, Defendants deny the remainder of the allegations in paragraph 25.

26.     Defendants admit that certain of the words set forth in paragraph 26 are contained in ASC 606-10-55-65 or on Deloitte & Touche LLP's website but expressly deny that those words have been accurately represented.  Except as expressly admitted, Defendants deny the allegations in paragraph 26.

27.     Defendants admit that certain of the words set forth in paragraph 27 are contained in ASC 606 but expressly deny that those words have been accurately represented.  Except as expressly admitted, Defendants deny the allegations in paragraph 27.

28.     Defendants admit that certain of the words set forth in paragraph 28 are contained in ASC 606 but expressly deny that those words have been accurately represented.  Except as expressly admitted, Defendants deny the allegations in paragraph 28.

29.     Defendants admit that certain of the words set forth in paragraph 29 are contained in ASC 606 but expressly deny that those words have been accurately represented.  Except as expressly admitted, Defendants deny the allegations in paragraph 29.

30.     Denied.

DEFENDANTS AMYRIS, INC. AND JOHN G. MELO'S  ANSWER TO AMENDED CLASS ACTION COMPLAINT
FILE NO.  4:19-cv-01765-YGR

Gibson, Dunn &
Crutcher LLP

31.     Defendants admit that Amyris disclosed in its Form 10-Q for the period ended June 30, 2018 ("Q2 2018 10-Q") that, applying ASC 606, total revenue increased by 19% to approximately $46.2 million for the six months ended June 30, 2018, compared to approximately $38.7 million for the same period in 2017. Defendants further admit that Amyris disclosed in its Q2 2018 10-Q that, without ASC 606, reported revenue would have decreased by 27%, to approximately $28.2 million, in the same period. Except as expressly admitted, Defendants deny the allegations in paragraph 31.

32.     Denied.

33.     Denied.

## B.     [Alleged] Confidential Witnesses

34.     Defendants lack sufficient knowledge of who Confidential Witness 1 ("CW 1") is or what CW 1 allegedly said to respond, and on that basis, deny the allegations.

35.     Defendants lack sufficient knowledge of who CW 1 is or what CW 1 allegedly said to respond, and on that basis, deny the allegations.

36.     Defendants lack sufficient knowledge of who CW 1 is or what CW 1 allegedly said to respond, and on that basis, deny the allegations.

37.     Defendants lack sufficient knowledge of who Confidential Witness 2 ("CW 2") is or what CW 2 allegedly said to respond, and on that basis, deny the allegations.

38.     Defendants lack sufficient knowledge of who CW 2 is or what CW 2 allegedly said to respond, and on that basis, deny the allegations.

39.     Defendants lack sufficient knowledge of who CW 2 is or what CW 2 allegedly said to respond, and on that basis, deny the allegations.

40.     Defendants lack sufficient knowledge of who CW 2 is or what CW 2 allegedly said to respond, and on that basis, deny the allegations.

41.     Defendants lack sufficient knowledge of who CW 2 is or what CW 2 allegedly said to respond, and on that basis, deny the allegations.

Gibson, Dunn & Crutcher LLP

DEFENDANTS AMYRIS, INC. AND JOHN G. MELO'S  ANSWER TO AMENDED CLASS ACTION COMPLAINT
FILE NO.  4:19-cv-01765-YGR

**[ALLEGEDLY] MATERIALLY FALSE OR MISLEADING STATEMENTS**

A.    March 15, 2018 Statements

42.    Defendants admit that Amyris's March 15, 2018 press release contains the quoted words but deny that the allegations in paragraph 42 accurately characterize the press release.  Except as expressly admitted, Defendants deny the allegations in paragraph 42.

43.    Denied.

44.    Defendants admit that certain of the quoted words set forth in paragraph 44 are contained in the transcript of the March 15, 2018 conference call but deny that they have been accurately characterized.  Except as expressly admitted, Defendants deny the allegations in paragraph 44.

45.    Denied.

**B.    April 17, 2018 Statements**

46.    Defendants admit that certain figures set forth in paragraph 46 are contained in Amyris's Form 10-K for the period ended December 31, 2017 ("2017 Form 10-K") but expressly deny that the information and figures have been accurately represented.  Except as expressly admitted, Defendants deny the allegations in paragraph 46.

47.    Defendants admit that certain of the quoted words set forth in paragraph 47 are contained in the 2017 Form 10-K but deny that they have been accurately characterized.  Except as expressly admitted, Defendants deny the allegations in paragraph 47.

48.    Defendants admit that certain of the quoted words set forth in paragraph 48 are contained in the 2017 Form 10-K but deny that they have been accurately characterized.  Except as expressly admitted, Defendants deny the allegations in paragraph 48.

49.    Denied.

**C.    May 2018 Statements**

50.    Defendants admit that certain of the words and figures set forth in paragraph 50 are contained in Amyris's May 14, 2018 press release but expressly deny that those words and figures have been accurately represented.  Except as expressly admitted, Defendants deny the allegations in paragraph 50.

DEFENDANTS AMYRIS, INC. AND JOHN G. MELO'S  ANSWER TO AMENDED CLASS ACTION COMPLAINT
FILE NO.  4:19-cv-01765-YGR

Gibson, Dunn &
Crutcher LLP

51. Defendants admit that certain of the quoted words set forth in paragraph 51 are contained in the transcript of the May 14, 2018 conference call but deny that they have been accurately characterized. Except as expressly admitted, Defendants deny the allegations in paragraph 51.

52. Denied.

53. Defendants admit that certain of the quoted words set forth in paragraph 53 are contained in the transcript of the May 14, 2018 conference call but deny that they have been accurately characterized; indeed, they have been edited and removed from their proper context. Except as expressly admitted, Defendants deny the allegations in paragraph 53.

54. Defendants admit that certain of the quoted words set forth in paragraph 54 are contained in the transcript of the May 14, 2018 conference call or are contained in Amyris's April 11, 2019 Form 8-K ("April 2019 Form 8-K") but deny that they have been accurately characterized; indeed, they have been edited and removed from their proper context. Except as expressly admitted, Defendants deny the allegations in paragraph 54.

55. Defendants admit that certain of the quoted words set forth in paragraph 55 are contained in Amyris's May 16, 2018 Notification of Late Filing on Form 12b-25 but deny that they have been accurately characterized. Except as expressly admitted, Defendants deny the allegations in paragraph 55.

56. Defendants admit that certain of the quoted words and figures set forth in paragraph 56 are contained in Amyris's quarterly report on Form 10-Q for the period ended March 31, 2018 ("Q1 2018 Form 10-Q") but deny that they have been accurately characterized. Except as expressly admitted, Defendants deny the allegations in paragraph 56.

57. Defendants admit that the Q1 2018 Form 10-Q contained certifications signed by Melo and Valiasek. Defendants further admit that certain of the quoted words set forth in paragraph 57 are contained in Amyris's Q1 2018 Form 10-Q but deny that they have been accurately characterized. Except as expressly admitted, Defendants deny the allegations in paragraph 57.

58. Denied.

59. Defendants admit that certain of the quoted words set forth in paragraph 59 are contained in the transcript of the May 22, 2018 presentation but deny that they have been accurately

DEFENDANTS AMYRIS, INC. AND JOHN G. MELO'S  ANSWER TO AMENDED CLASS ACTION COMPLAINT
FILE NO.  4:19-cv-01765-YGR

Gibson, Dunn &
Crutcher LLP

characterized; indeed, they have been edited and removed from their proper context. Except as expressly admitted, Defendants deny the allegations in paragraph 59.

60. Denied.

**D.    August 2018 Statements**

61. Defendants admit that certain of the quoted words and figures set forth in paragraph 61 are contained in Amyris's August 6, 2018 press release but deny that they have been accurately characterized. Except as expressly admitted, Defendants deny the allegations in paragraph 61.

62. Defendants admit that certain of the quoted words set forth in paragraph 62 are contained in the transcript of the August 6, 2018 conference call but deny that they have been accurately characterized; indeed, they have been edited and removed from their proper context. Except as expressly admitted, Defendants deny the allegations in paragraph 62.

63. Denied.

64. Defendants admit that certain of the quoted words and figures set forth in paragraph 64 are contained in Amyris's quarterly report on Q2 2018 Form 10-Q but deny that they have been accurately characterized. Except as expressly admitted, Defendants deny the allegations in paragraph 64.

65. Defendants admit that the Q2 2018 Form 10-Q contained certifications signed by Melo and Valiasek. Defendants further admit that certain of the quoted words set forth in paragraph 65 are contained in Amyris's Q2 2018 Form 10-Q but deny that they have been accurately characterized. Except as expressly admitted, Defendants deny the allegations in paragraph 65. In particular, Defendants deny that the certifications were materially false or misleading.

66. Denied.

### THE [ALLEGED] TRUTH IS SLOWLY REVEALED

**A.    November 13, 2018 and November 15, 2018 Disclosures**

67. Defendants admit that certain of the quoted words and figures set forth in paragraph 67 are contained in Amyris's November 13, 2018 press release but deny that they have been accurately characterized; indeed, they have been edited and removed from their proper context. Except as expressly admitted, Defendants deny the allegations in paragraph 67.

**68.** Defendants admit that certain of the quoted words set forth in paragraph 68 are contained in the transcript of the November 13, 2018 conference call but deny that they have been accurately characterized; indeed, they have been edited and removed from their proper context. Except as expressly admitted, Defendants deny the allegations in paragraph 68.

**69.** Denied.

**70.** Defendants admit that certain of the quoted words and figures set forth in paragraph 70 are contained in Amyris's quarterly report on Form 10-Q for the period ended September 30, 2018 ("Q3 2018 Form 10-Q") but deny that they have been accurately characterized. Except as expressly admitted, Defendants deny the allegations in paragraph 70.

**71.** Defendants admit that the Q3 2018 Form 10-Q contained certifications signed by Melo and Valiasek. Defendants further admit that certain of the quoted words set forth in paragraph 71 are contained in Amyris's Q3 2018 Form 10-Q but deny that they have been accurately characterized. Except as expressly admitted, Defendants deny the allegations in paragraph 71. In particular, Defendants deny that the certifications were materially false or misleading.

**B.    March 18, 2019 and March 19, 2019 Disclosures**

**72.** Defendants admit that certain of the quoted words and figures set forth in paragraph 72 are contained in Amyris's March 18, 2019 press release but deny that they have been accurately characterized. Except as expressly admitted, Defendants deny the allegations in paragraph 72.

**73.** Defendants admit that certain of the quoted words set forth in paragraph 73 are contained in the transcript of the March 18, 2019 conference call but deny that they have been accurately characterized; indeed, they have been edited and removed from their proper context. Except as expressly admitted, Defendants deny the allegations in paragraph 73.

**74.** Defendants admit that certain of the quoted words set forth in paragraph 74 are contained in Amyris's March 19, 2019 Notification of Late Filing on Form 12b-25 but deny that they have been accurately characterized. Except as expressly admitted, Defendants deny the allegations in paragraph 74.

**75.** Denied.

Gibson, Dunn & Crutcher LLP

### C.    April 11, 2019 Disclosures

76.    Defendants admit that certain of the quoted words set forth in paragraph 76 are contained in Amyris's April 2019 Form 8-K but deny that they have been accurately characterized; indeed, they have been edited and removed from their proper context.  Except as expressly admitted, Defendants deny the allegations in paragraph 76.

77.    Defendants admit that, on April 11, 2019, Amyris's stock closed at $2.86 per share compared to the previous trading day's close of $3.75 per share, a 23% decrease.  Defendants further admit that certain of the words set forth in paragraph 77 are contained in Amyris's April 2019 Form 8-K but expressly deny that those words and figures have been accurately represented.  Except as expressly admitted, Defendants deny the allegations in paragraph 77.

**DISCLOSURES FOLLOWING THE END OF THE CLASS PERIOD**

78.    Defendants admit that certain of the quoted words set forth in paragraph 78 are contained in Amyris's May 13, 2019 Notification of Late Filing on Form 12b-25 but deny that they have been accurately characterized.  Except as expressly admitted, Defendants deny the allegations in paragraph 78.

79.    Defendants admit that, on May 15, 2019, Amyris, with the approval of the Audit Committee of its Board of Directors, dismissed KPMG LLP, which served as Amyris's independent registered public accounting firm, upon completion of KPMG's audit of Amyris's consolidated financial statements as of and for the year ended December 31, 2018 and the effectiveness of internal control over financial reporting as of December 31, 2018, and the issuance of their reports thereon as well as the re-audit of the consolidated financial statements as of and for the year ended December 31, 2017.  Defendants admit that certain of the quoted words set forth in paragraph 79 are contained in Amyris's May 16, 2019 Form 8-K ("May 2019 Form 8-K") but deny that they have been accurately characterized; indeed, they have been edited and removed from their proper context.  Except as expressly admitted, Defendants deny the allegations in paragraph 79.

80.    Defendants admit that in June 2019, Valiasek was reassigned from her role as CFO to the role of Chief Business Officer.  Defendants admit that certain of the quoted words set forth in paragraph 80 are contained in Amyris's June 4, 2019 Form 8-K ("June 2019 Form 8-K") but deny that

10

Gibson, Dunn &
Crutcher LLP

they have been accurately characterized.  Except as expressly admitted, Defendants deny the allegations in paragraph 80.

**81.** Defendants admit that, in July 2019, BDO USA, LLP resigned as Amyris's independent registered public accounting firm for the fiscal year ending December 31, 2019.  Defendants admit that certain of the quoted words set forth in paragraph 81 are contained in Amyris's July 10, 2019 Form 8-K ("July 2019 Form 8-K") but deny that they have been accurately characterized.  Except as expressly admitted, Defendants deny the allegations in paragraph 81.

**82.** Defendants admit that, as of September 13, 2019, the date the Complaint was filed, Amyris had not yet restated its 2017 Form 10-K or its 2018 Forms 10-Q, or issued its 2018 Form 10-K or any 2019 financial results.  Except as expressly admitted, Defendants deny the remainder of the allegations in paragraph 82.

## ADDITIONAL ALLEGATIONS OF SCIENTER

**83.** Denied.

**A.    Defendants [Allegedly] Had Access To Information Undermining Their Statements**

**84.** Denied.

**85.** Defendants lack sufficient knowledge of who CW 1 and CW 2 are or what they allegedly said to respond, and on that basis, deny the allegations.

**86.** Defendants lack sufficient knowledge of who CW 1 and CW 2 are or what they allegedly said to respond, and on that basis, deny the allegations.

**87.** Denied.

**88.** Defendants admit that Amyris disclosed in its Q2 2018 10-Q that, applying ASC 606, total revenue increased by 19% to approximately $46.2 million for the six months ended June 30, 2018, compared to approximately $38.7 million for the same period in 2017.  Defendants further admit that Amyris disclosed in its Q2 2018 10-Q  that, without ASC 606, reported revenue would have decreased by 27%, to approximately $28.2 million, in the same period.  Except as expressly admitted, Defendants deny the remainder of the allegations in paragraph 88.

Gibson, Dunn & Crutcher LLP

DEFENDANTS AMYRIS, INC. AND JOHN G. MELO'S  ANSWER TO AMENDED CLASS ACTION COMPLAINT
FILE NO.  4:19-cv-01765-YGR

**89.** Defendants admit that Nenter was Amyris's third-largest customer and that royalty payments from Nenter accounted for approximately 10% of Amyris's revenues in 2017. Except as expressly admitted, Defendants deny the remainder of the allegations in paragraph 89.

**B.    Defendants' History Of [Allegedly] Reckless Reporting**

**90.** Denied.

**C.    [Alleged] Motive**

**91.** Defendants admit that, on August 21, 2018, Defendants conducted a secondary offering through which Amyris sold approximately 8.8 million shares of common stock at the public offering price of $6.25 per share. Defendants admit that certain of the quoted words set forth in paragraph 91 are contained in the associated press release and in Amyris's 2017 Form 10-K but deny that they have been accurately characterized. Except as expressly admitted, Defendants deny the allegations in paragraph 91.

**92.** Denied.

**93.** Denied.

**CLASS ACTION ALLEGATIONS**

**94.** Defendants need not respond to the allegations in paragraph 94 inasmuch as they constitute legal conclusions. To the extent the allegations in paragraph 94 require a response, Defendants deny them.

**95.** Defendants admit that shares of Amyris's common stock were traded on the NASDAQ. Defendants need not respond to the other allegations in paragraph 95 inasmuch as they constitute legal conclusions. Except as expressly admitted, Defendants deny the remainder of the allegations in paragraph 95.

**96.** Defendants need not respond to the allegations in paragraph 96 inasmuch as they constitute legal conclusions. To the extent the allegations in paragraph 96 require a response, Defendants deny them.

**97.** Defendants need not respond to the allegations in paragraph 97 inasmuch as they constitute legal conclusions. To the extent the allegations in paragraph 97 require a response, Defendants deny them.

Gibson, Dunn & Crutcher LLP

DEFENDANTS AMYRIS, INC. AND JOHN G. MELO'S  ANSWER TO AMENDED CLASS ACTION COMPLAINT
FILE NO.  4:19-cv-01765-YGR

**98.** Defendants need not respond to the allegations in paragraph 98 inasmuch as they constitute legal conclusions. To the extent the allegations in paragraph 98 require a response, Defendants deny them.

**99.** Defendants need not respond to the allegations in paragraph 99 inasmuch as they constitute legal conclusions. To the extent the allegations in paragraph 99 require a response, Defendants deny them.

### [ALLEGED] LOSS CAUSATION

**100.** Denied.

### [ALLEGED] APPLICABILITY OF PRESUMPTION OF RELIANCE
### (FRAUD-ON-THE-MARKET DOCTRINE)

**101.** Denied.

**102.** Denied.

**103.** Defendants admit that Amyris shares met the requirements for listing, were listed, and were traded on the NASDAQ; that Amyris filed periodic public reports with the Securities and Exchange Commission ("SEC") and/or NASDAQ; and that Amyris regularly communicated with investors through press releases and other public disclosures. Except as expressly admitted, Defendants deny the remainder of the allegations in paragraph 103 or lack sufficient knowledge to respond, and on that basis, deny them.

**104.** Denied.

**105.** Defendants need not respond to the allegations in paragraph 105 inasmuch as they constitute legal conclusions. To the extent the allegations in paragraph 105 require a response, Defendants deny them.

### [ALLEGEDLY] NO SAFE HARBOR

**106.** Defendants need not respond to the allegations in paragraph 106 inasmuch as they constitute legal conclusions. To the extent the allegations in paragraph 106 require a response, Defendants deny them.

Gibson, Dunn &
Crutcher LLP

DEFENDANTS AMYRIS, INC. AND JOHN G. MELO'S  ANSWER TO AMENDED CLASS ACTION COMPLAINT
FILE NO.  4:19-cv-01765-YGR

## FIRST CLAIM

### [Alleged] Violation of Section 10(b) of The Exchange Act and

### Rule l0b-5 Promulgated Thereunder Against All Defendants

107.    Defendants repeat their responses to each and every allegation contained above as if fully set forth herein.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Defendants admit that Melo and Valiasek were high-level executives at Amyris, that both were members of Amyris's management team, and that Melo served as a director of Amyris. Except as expressly admitted, Defendants deny the remainder of the allegations in paragraph 112.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

## SECOND CLAIM

### [Alleged] Violation of Section 20(a) of The Exchange Act

### Against Defendants Melo and Valiasek

118.    Defendants repeat their responses to each and every allegation contained above as if fully set forth herein.

119.    Denied.

120.    Denied.

121.    Denied.

Gibson, Dunn & Crutcher LLP

DEFENDANTS AMYRIS, INC. AND JOHN G. MELO'S ANSWER TO AMENDED CLASS ACTION COMPLAINT
FILE NO.  4:19-cv-01765-YGR

Defendants need not respond to the allegations in the Prayer for Relief inasmuch as they constitute legal conclusions. To the extent that these allegations are deemed to be factual, Defendants deny them.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Without assuming any burden of proof that they would not otherwise bear, Defendants assert the following separate and additional defenses, all of which are pleaded in the alternative, and none of which constitutes an admission that Defendants are in any way liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. As a defense to the Complaint and each and every allegation contained therein, Defendants allege:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because they have not sufficiently pleaded the elements of each of their claims.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because, to the extent their allegations sound in fraud, they are not pleaded with particularity, as required by statute, including but not limited to the Private Securities Litigation Reform Act of 1995 and the Federal Rules of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because no statement allegedly made by Defendants contains any material misrepresentation or omission, considered either alone or in the context of the total mix of available information.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants did not know of the alleged inaccuracy of any material misrepresentation or omission allegedly made by them, and they could not have become aware of any alleged inaccuracies in those statements through the exercise of reasonable care.

Gibson, Dunn & Crutcher LLP

15

DEFENDANTS AMYRIS, INC. AND JOHN G. MELO'S ANSWER TO AMENDED CLASS ACTION COMPLAINT
FILE NO. 4:19-cv-01765-YGR

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs have not sufficiently alleged, and cannot prove, that Defendants had actual knowledge of any forward-looking statements that are alleged to have constituted material misrepresentations or omissions.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the alleged false and misleading statements are forward looking and therefore protected by the safe harbor provision, 15 U.S.C. § 78u-5(c).

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the materials and other information made available by Amyris in connection with Plaintiffs' alleged investments, and the investments of the class that Plaintiffs purport to represent, sufficiently bespoke caution of the risks and material issues associated with investment in Amyris, and accordingly any statements made by Defendants are not actionable under statutory and common law doctrines, including under 15 U.S.C. § 77z-2.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants, after reasonable investigation, due diligence, and/or consultation with expert(s), had reasonable grounds to believe, and did believe, that statements allegedly made by them were true and contained all material facts necessary to make those statements not misleading.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants have acted at all times in good faith, with reasonable care, and with due diligence in carrying out their responsibilities and did not directly or indirectly control or induce any wrongful acts or omissions.

Gibson, Dunn & Crutcher LLP

16

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Defendants acted at all times in good faith and without knowledge or intent to commit any violations of law, nor did Defendants directly or indirectly participate in, or induce, any unlawful acts.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, that Plaintiffs, or the class that Plaintiffs purport to represent, relied upon any material misrepresentation or omission allegedly made by Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, would have purchased Amyris shares as they did, even with full knowledge of the facts Plaintiffs, and the class that Plaintiffs purport to represent, have now alleged were misrepresented or omitted by Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, that Plaintiffs' alleged injuries, or the injuries of the class that Plaintiffs purport to represent, were directly or proximately caused by any material misrepresentation or omission allegedly made by Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred because they cannot show transaction or loss causation.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because other events or disclosures unrelated to Defendants' alleged material

Gibson, Dunn & Crutcher LLP

DEFENDANTS AMYRIS, INC. AND JOHN G. MELO'S  ANSWER TO AMENDED CLASS ACTION COMPLAINT
FILE NO.  4:19-cv-01765-YGR

misrepresentations or omissions are responsible for any decline in Amyris's share value alleged to form the basis of Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because any alleged damages that Plaintiffs, or the class that Plaintiffs purport to represent, suffered, were caused by independent, intervening, and/or superseding events beyond Defendants' conduct, control, policies, acts, or alleged material misrepresentations or omissions.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, that Plaintiffs, or the class that Plaintiffs purport to represent, suffered any cognizable injury, and further, the damages alleged by Plaintiffs, and the class that Plaintiffs purport to represent, if any, are speculative, uncertain, and/or contingent in violation of applicable law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have failed to take reasonable actions to mitigate damages, if any, allegedly suffered as a result of Defendants' alleged material misstatements and omissions.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part inasmuch as Plaintiffs, or the class that Plaintiffs purport to represent, sold their Amyris shares for a greater price than the price at which they purchased them, and therefore suffered no losses from their purchase of Amyris shares.

### TWENTIETH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs, or the class that Plaintiffs purport to represent, should be offset in the amount of any tax benefits or other benefits received by Plaintiffs, or the class that Plaintiffs purport to represent, in connection with their ownership of Amyris shares.

DEFENDANTS AMYRIS, INC. AND JOHN G. MELO'S  ANSWER TO AMENDED CLASS ACTION COMPLAINT
FILE NO.  4:19-cv-01765-YGR

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, knew or reasonably should have known of the alleged acts and omissions complained of, including but not limited to the investment risks and business factors associated with an investment in Amyris.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, are sophisticated and knowledgeable investors, knew or should have known of the speculative nature and risks associated with an investment in Amyris, and therefore Plaintiffs, and the class that Plaintiffs purport to represent, assumed the risk of any alleged damages proximately caused thereby.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, a lack of awareness of the facts that formed the basis of the alleged material representations and omissions.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the alleged material misrepresentations or omissions were in fact known to and had entered the securities market through credible sources prior to Plaintiffs' purchase, or the purchases by the class that Plaintiffs purport to represent, of Amyris shares.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part to the extent that Defendants' alleged material misrepresentations or omissions would not have been material to a reasonable investor.

Gibson, Dunn & Crutcher LLP

19

**TWENTY-SIXTH  AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, purchased stock pursuant to a pre-existing contract, instruction, or plan under 17 C.F.R. §  240.10b5-1.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Without conceding liability, Defendants are entitled to recover contribution from Plaintiffs, and the class that Plaintiffs purport to represent, for Plaintiffs' own contributory negligence, and the contributory negligence of the class that Plaintiffs purport to represent, for any liability Defendants incur as a result of any material misrepresentations or omissions, or conduct, alleged in the Complaint.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because individual issues including but not limited to those relating to causation, reliance, privity, timing, and knowledge predominate over those common to the putative class.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because this action may not be maintained as a class action under the Federal Rules of Civil Procedure.

**THIRTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs cannot fairly and adequately represent the class he purports to represent.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Class certification fails to provide adequate due process protections and would violate the Rules Enabling Act, 28 U.S.C. § 2072, and the United States Constitution inasmuch as it constitutes trial by formula and would unfairly restrict Defendants' right to litigate affirmative defenses to the individual claims of Plaintiffs, and the class that Plaintiffs purport to represent.

Gibson, Dunn & Crutcher LLP

20

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Without conceding liability, Plaintiffs' requests, and the requests of the class that Plaintiffs purport to represent, for equitable relief are improper because Plaintiffs, and the class that Plaintiffs purport to represent, have an adequate remedy at law.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Without conceding liability, Plaintiffs' requests, and the requests of the class that Plaintiffs purport to represent, for equitable relief are improper because Plaintiffs, and the class that Plaintiffs purport to represent, have not suffered injury or harm and will not suffer imminent and irreparable injury as a result of any action or conduct by Defendants.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Without conceding liability, Plaintiffs' requests, and the requests of the class that Plaintiffs purport to represent, for pre-judgment and post-judgment interest are improper because equity dictates against such an award, and further, any such award would be unjust, arbitrary, oppressive, and confiscatory.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred, in whole or in part, to the extent the damages sought exceed those permitted under the Private Securities Litigation Reform Act, the common law, or any other applicable statute, rule, or regulation.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs, and the class that Plaintiffs purport to represent, are precluded from recovering attorneys' fees, experts' fees, and/or costs under applicable provisions of law.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because other parties are indispensable to this action, including the parties from whom Plaintiffs, and the class that Plaintiffs purport to represent, actually purchased Amyris shares.

Gibson, Dunn & Crutcher LLP

DEFENDANTS AMYRIS, INC. AND JOHN G. MELO'S  ANSWER TO AMENDED CLASS ACTION COMPLAINT
FILE NO.  4:19-cv-01765-YGR

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Without conceding liability, Defendants are entitled to recover contribution from others for any liability Defendants incur as a result of any material misrepresentations or omissions, or conduct, alleged in the Complaint.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part by the equitable doctrines of laches, estoppel, unclean hands, and/or waiver.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs have failed to satisfy the applicable statute of limitations, including under 15 U.S.C. § 77m.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend these affirmative defenses and to assert additional affirmative defenses as the facts of this matter become known through litigation and discovery. Defendants further reserve the right to amend this Answer to raise any additional cross-claims or third-party claims not asserted herein as may be warranted by the revelation of information during discovery and investigation.

## PRAYER FOR RELIEF

Wherefore, Defendants pray as follows:

    (a)    That Plaintiffs take nothing by the Complaint;

    (b)    That the Complaint be dismissed with prejudice;

    (c)    That the Court enter judgment in favor of Defendants and against Plaintiffs with respect to all causes of action in the Complaint;

    (d)    That the Court award Defendants costs to the maximum extent allowable by law; and

    (e)    For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Defendants demand a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, of all issues so triable.

DEFENDANTS AMYRIS, INC. AND JOHN G. MELO'S ANSWER TO AMENDED CLASS ACTION COMPLAINT
FILE NO. 4:19-cv-01765-YGR

Gibson, Dunn & Crutcher LLP

Dated: October 26, 2020          Respectfully submitted,

                                 GIBSON, DUNN & CRUTCHER LLP

                                 By:   */s/ Michael D. Celio*
                                       MICHAEL D. CELIO, SBN 197998
                                       mcelio@gibsondunn.com
                                       1881 Page Mill Road
                                       Palo Alto, CA  94304-1211
                                       Telephone: 650.849.5300
                                       Facsimile: 650.849.5333

                                       SHIREEN A. BARDAY, (*pro hac vice*)
                                       sbarday@gibsondunn.com
                                       200 Park Avenue
                                       New York, NY 10166-0193
                                       Telephone: 212.351.2621
                                       Facsimile: 212.817.9421

                                       ELIZABETH A. DOOLEY, SBN 292358
                                       edooley@gibsondunn.com
                                       555 Mission Street, Suite 3000
                                       San Francisco, CA 94105-0921
                                       Telephone: 415.393.8342
                                       Facsimile: 415.393.8469

                                       *Attorneys for Defendants Amyris, Inc. and John G. Melo*

23

DEFENDANTS AMYRIS, INC. AND JOHN G. MELO'S  ANSWER TO AMENDED CLASS ACTION COMPLAINT
FILE NO.  4:19-cv-01765-YGR