JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
MOLLY MCCAFFERTY (SBN 325439)
mmccafferty@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

*Attorneys for Defendant Kathleen Valiasek*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| SHANE MULDERRIG and RONY DEVORAH, individually and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMYRIS, INC., JOHN G. MELO, and KATHLEEN VALIASEK,<br><br>Defendants. | Case No.: 4:19-cv-01765-YGR<br><br>CLASS ACTION<br><br>**DEFENDANT KATHLEEN VALIASEK'S ANSWER TO AMENDED CLASS ACTION COMPLAINT**<br><br>Action filed: April 3, 2019 |

Defendant Kathleen Valiasek, by and through her undersigned attorneys, hereby answers and otherwise responds to the Amended Class Action Complaint, ECF No. 43 ("Complaint"), filed by Plaintiffs Shane Mulderrig and Rony Devorah, individually and on behalf of all others similarly situated ("Plaintiffs"). Any allegation not explicitly admitted is denied.  Ms. Valiasek does not, by noting or admitting that the Complaint purports to characterize or quote particular documents, admit the truth of any assertion in the referenced document.   Furthermore, headings and footnotes contained within the Complaint are not substantive allegations to which an answer is required.  To the extent headings are deemed substantive allegations to which an answer is required, Ms. Valiasek denies the allegations.  To the extent footnotes in the Complaint are deemed substantive allegations,

the response to the paragraph in which the footnote is found is Ms. Valiasek's response to the footnote as well.  Ms. Valiasek answers the Complaint as follows:

## I.   ALLEGED NATURE OF THE ACTION

1.   Ms. Valiasek need not respond to the allegations in Paragraph 1 to the extent they constitute legal conclusions.  To the extent the allegations in Paragraph 1 are deemed factual, Ms. Valiasek denies them.

2.   Ms. Valiasek admits that Amyris is an industrial biotechnology company that applies its technology platform to engineer, manufacture and sell high performance, sustainably sourced products in the Health & Wellness, Clean Beauty, and Flavor & Fragrances markets. Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 2.

3.   Ms. Valiasek admits that Amyris first used Accounting Standard Codification Topic 606, Revenue from Contracts with Customers ("ASC 606") in 2018.  Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 3.

4.   Ms. Valiasek admits that Amyris first used ASC 606 for the reporting period beginning on January 1, 2018.  Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 4.

5.   Ms. Valiasek admits that certain of the words quotes in Paragraph 5 are contained in certain of Amyris's public filings but expressly denies that the quoted words have been presented fully; indeed, they have been edited and removed from their proper context.  Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 5.  In particular, Ms. Valiasek denies that Defendants concealed any material weaknesses in Amyris's internal control over financial reporting.

6.   Ms. Valiasek admits that on March 15, 2018, Amyris's stock closed at $5.58 per share.  Ms. Valiasek further admits that on October 9, 2018, Amyris's stock closed at $9.20 per share. Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 6.

7.   Ms. Valiasek admits that certain of the words and figures contained in Paragraph 7 are contained in certain of Amyris's public filings but expressly denies that those words and figures

have been accurately represented. Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 7.

8.    Ms. Valiasek admits that certain of the words contained in Paragraph 8 are contained in certain of Amyris's pubic statements but expressly denies that those words and figures have been accurately represented.  Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 8.

9.    Ms. Valiasek admits that certain of the words and figures contained in Paragraph 9 are contained in certain of Amyris's public statements but expressly denies that those words and figures have been accurately represented. Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 9.

10.    Ms. Valiasek denies the allegations in Paragraph 10.

## II.    JURISDICTION AND VENUE

11.     Ms. Valiasek need not respond to the allegations in Paragraph 11 to the extent they constitute legal conclusions.  To the extent that certain of these allegations are deemed factual, Ms. Valiasek denies them.

12.    Ms. Valiasek admits that Plaintiffs premise subject matter jurisdiction on the statutes identified in Paragraph 12.  Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 12.

13.    Ms. Valiasek admits that the Company's headquarters are located in this district. Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 13.

14.    Ms. Valiasek denies the allegations in Paragraph 14.

## III.    THE PARTIES

15.    Ms. Valiasek denies that any violation of the federal securities laws, false and/or misleading statements, and/or material omissions occurred.  Ms. Valiasek further denies that Rob Jansen suffered any damages.  Ms. Valiasek lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and, on that basis, denies them.

16.    Ms. Valiasek denies that any violation of the federal securities laws, false and/or

misleading statements, and/or material omissions occurred. Ms. Valiasek further denies that Vincent Carbone suffered any damages. Ms. Valiasek lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and, on that basis, denies them.

17. Ms. Valiasek admits that Amyris is incorporated under the laws of Delaware and that its principal offices are located in Emeryville, California. Ms. Valiasek further admits that Amyris's common stock is traded on the NASDAQ exchange under the symbol "AMRS." Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 17.

18. Ms. Valiasek admits that John G. Melo ("Melo") has served as the Chief Executive Officer ("CEO") and a director of Amyris since January 2007, and as President since 2008. Ms. Valiasek further admits that, prior to joining Amyris, Melo was previously employed by BP Plc (formerly British Petroleum) and by Ernst & Young. Except as expressly admitted, Ms. Valiasek denies the remainder of the allegations in paragraph 18.

19. Ms. Valiasek admits that she served as Amyris's Chief Financial Officer ("CFO") from January 2017 through June 2019. Ms. Valiasek further admits that she currently serves as Amyris's Chief Business Officer. Ms. Valiasek further admits that she was formerly the Founder and Chief Executive Officer of Lenox Group, Inc. Ms. Valiasek further admits that she holds a degree in accounting from the University of Massachusetts, Amherst. Except as expressly admitted, Ms. Valiasek denies the remainder of the allegations in Paragraph 19.

20. Ms. Valiasek denies the allegations in Paragraph 20.

### IV.    GENERAL ALLEGATIONS

**A. Background**

21. Ms. Valiasek admits that Amyris is a leading industrial biotechnology company that applies its technology platform to engineer, manufacture and sell high performance, sustainably sourced products into the Health & Wellness, Clean Beauty, and Flavor & Fragrances markets.

22. Ms. Valiasek admits that Amyris successfully commercialized a brand of renewable farnesene, a long-chain, branched hydrocarbon molecule that Amyris manufactures through

DEFENDANT KATHLEEN VALIASEK'S
ANSWER TO AMENDED CLASS ACTION
COMPLAINT
4:19-CV-01765-YGR

fermentation using engineered microbes.  Ms. Valiasek further admits that farnesene was Amyris's first revenue-generating molecule, and that its derivatives are sold in hundreds of products as nutraceuticals, skincare products, fragrances, solvents, polymers and lubricant ingredients. Except as expressly admitted, Ms. Valiasek denies the remainder of the allegations in Paragraph 22.

23.     Ms. Valiasek admits that, on December 28, 2017, Amyris completed the sale of Amyris Brasil, Ltda., which operated a production facility, to Koninklijke DSM N.V. ("DSM") and that the total fair value of the consideration received by Amyris for that sale was $56.9 million. Ms. Valiasek further admits that, concurrent with that sale, Amyris and DSM entered into a series of commercial agreements, including a license agreement to DSM of Amyris's farnesene product for DSM to use in the Vitamin E market, and a value share agreement that DSM agreed to pay Amyris specified royalties representing a portion of the profit on the sale of Vitamin E produced from farnesene under a supply agreement with Nenter & Co, Inc. ("Nenter") assigned to DSM, for which DSM paid Amyris, among other payments, a nonrefundable license fee of $27.5 million. Except as expressly admitted, Ms. Valiasek denies the remainder of the allegations in Paragraph 23.

24.     Ms. Valiasek admits that Amyris employed ASC 606 in accounting for license and royalty payments beginning on January 1, 2018.  Except as expressly admitted, Ms. Valiasek denies the remainder of the allegations in Paragraph 24.

25.     Ms. Valiasek admits that Amyris entered into a series of commercial agreements, including a license agreement to DSM of Amyris's farnesene product for DSM to use in the Vitamin E market and a value share agreement that DSM would pay Amyris specified royalties representing a portion of the profit on the sale of Vitamin E produced from farnesene under a supply agreement with Nenter assigned to DSM.  Ms. Valiasek further admits that Amyris estimated future royalty payments.  Except as expressly admitted, Ms. Valiasek denies the remainder of the allegations in Paragraph 25.

26.     Ms. Valiasek admits that certain of the words set forth in Paragraph 26 are contained in ASC 606-10-55-65 or on Deloitte & Touche LLP's website but expressly denies that those words

DEFENDANT KATHLEEN VALIASEK'S
ANSWER TO AMENDED CLASS ACTION
COMPLAINT
4:19-CV-01765-YGR

have been accurately represented. Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 26.

27. Ms. Valiasek admits that certain of the words set forth in Paragraph 27 are contained in ASC 606 but expressly denies that those words have been accurately represented. Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 27.

28. Ms. Valiasek admits that certain of the words set forth in Paragraph 28 are contained in ASC 606 but expressly denies that those words have been accurately represented. Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 28.

29. Ms. Valiasek admits that certain of the words set forth in Paragraph 29 are contained in ASC 606 but expressly denies that those words have been accurately represented. Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 29.

30. Ms. Valiasek denies the allegations in Paragraph 30.

31. Ms. Valiasek admits that Amyris disclosed in its Q2 2018 10-Q that, applying ASC 606, total revenue increased by 19% to approximately $46.2 million for the six months ended June 30, 2018, compared to approximately $38.7 million for the same period in 2017. Ms. Valiasek further admits that Amyris disclosed in its Q2 2018 10-Q that, without ASC 606, reported revenue would have decreased by 27%, to approximately $28.2 million, in the same period. Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 31.

32. Ms. Valiasek denies the allegations in Paragraph 32.

33. Ms. Valiasek denies the allegations in Paragraph 33.

**B.    Alleged Confidential Witnesses**

34. Ms. Valiasek lacks sufficient knowledge of who Confidential Witness 1 ("CW 1") is or what CW 1 allegedly said to respond, and on that basis, denies the allegations in Paragraph 34.

35. Ms. Valiasek lacks sufficient knowledge of who CW 1 is or what CW 1 allegedly said to respond, and on that basis, denies the allegations in Paragraph 35.

36. Ms. Valiasek lacks sufficient knowledge of who CW 1 is or what CW 1 allegedly

DEFENDANT KATHLEEN VALIASEK'S
ANSWER TO AMENDED CLASS ACTION
COMPLAINT
4:19-cv-01765-YGR

said to respond, and on that basis, denies the allegations in Paragraph 36.

37.     Ms. Valiasek lacks sufficient knowledge of who Confidential Witness 2 ("CW 2") is or what CW 2 allegedly said to respond, and on that basis, denies the allegations in Paragraph 37.

38.     Ms. Valiasek lacks sufficient knowledge of who CW 2 is or what CW 2 allegedly said to respond, and on that basis, denies the allegations in Paragraph 38.

39.     Ms. Valiasek lacks sufficient knowledge of who CW 2 is or what CW 2 allegedly said to respond, and on that basis, denies the allegations in Paragraph 39.

40.     Ms. Valiasek lacks sufficient knowledge of who CW 2 is or what CW 2 allegedly said to respond, and on that basis, denies the allegations in Paragraph 40.

41.     Ms. Valiasek lacks sufficient knowledge of who Confidential Witness 2 ("CW 2") is or what CW 2 allegedly said to respond, and on that basis, denies the allegations in Paragraph 41.

## V.     ALLEGED MATERIALLY FALSE OR MISLEADING STATEMENTS

### A.     March 15, 2018 Statements

42.     Ms. Valiasek admits that Amyris's March 15, 2018 press release contains the quoted words but denies that the allegations in Paragraph 42 accurately characterize the press release. Except as expressly admitted, Ms. Valiasek denies the allegation of Paragraph 42.

43.     Ms. Valiasek denies the allegations in Paragraph 43.

44.     Ms. Valiasek admits that Amyris held a conference call on March 15, 2018.  Ms. Valiasek further admits that certain of the quoted words set forth in Paragraph 44 are contained in the transcript of the March 15, 2018 conference call but denies that they have been accurately characterized.  Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 44.

45.     Ms. Valiasek denies the allegations in Paragraph 45.

### B.     April 17, 2018 Statements

46.     Ms. Valiasek admits that certain figures set forth in Paragraph 46 are contained in Amyris's Form 10-K for the period ended December 31, 2017 ("2017 Form 10-K") but expressly

DEFENDANT KATHLEEN VALIASEK'S
ANSWER TO AMENDED CLASS ACTION
COMPLAINT
4:19-cv-01765-YGR

denies that the information and figures have been accurately represented.  Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 46.

47.    Ms. Valiasek admits that certain of the quoted words set forth in Paragraph 47 are contained in the 2017 Form 10-K but denies that they have been accurately characterized.  Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 47.

48.    Ms. Valiasek admits that certain of the quoted words set forth in Paragraph 48 are contained in the 2017 Form 10-K but denies that they have been accurately characterized.  Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 48.

49.    Ms. Valiasek denies the allegations in Paragraph 49.

**C.    May 2018 Statements**

50.    Ms. Valiasek admits that certain of the words and figures set forth in Paragraph 50 are contained in Amyris's May 14, 2018 press release but expressly denies that those words and figures have been accurately represented.  Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 50.

51.    Ms. Valiasek admits that Amyris held a conference call on May 14, 2018.  Ms. Valiasek further admits that certain of the quoted words set forth in Paragraph 51 are contained in the transcript of the May 14, 2018 conference call but denies that they have been accurately characterized.  Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 51.

52.    Ms. Valiasek denies the allegations in Paragraph 52.

53.    Ms. Valiasek admits that certain of the quoted words set forth in Paragraph 53 are contained in the transcript of the May 14, 2018 conference call but denies that they have been accurately characterized; indeed, they have been edited and removed from their proper context.  Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 53.

54.    Ms. Valiasek admits that certain of the quoted words set forth in Paragraph 54 are contained in the transcript of the May 14, 2018 conference call or are contained in Amyris's April 11, 2019 Form 8-K but denies that they have been accurately characterized; indeed, they have been edited and removed from their proper context.  Except as expressly admitted, Ms. Valiasek denies

DEFENDANT KATHLEEN VALIASEK'S
ANSWER TO AMENDED CLASS ACTION
COMPLAINT
4:19-CV-01765-YGR

the allegations in Paragraph 54.

55.     Ms. Valiasek admits that certain of the quoted words set forth in Paragraph 55 are contained in Amyris's May 16, 2018 Notification of Late Filing on Form 12b-25 but denies that they have been accurately characterized.  Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 55.

56.     Ms. Valiasek admits that certain of the quoted words and figures set forth in Paragraph 56 are contained in Amyris's quarterly report on Form 10-Q for the period ended March 31, 2018 ("Q1 2018 Form 10-Q") but denies that they have been accurately characterized.  Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 56.

57.     Ms. Valiasek admits that the Q1 2018 Form 10-Q contained certifications signed by her and Melo.  Ms. Valiasek further admits that certain of the quoted words set forth in Paragraph 57 are contained in Amyris's Q1 2018 Form 10-Q but denies that they have been accurately characterized.  Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 57.

58.     Ms. Valiasek denies the allegations in Paragraph 58.

59.     Ms. Valiasek admits that on May 22, 2018, Amyris hosted "Amryis BioDisrupt 2018."  Ms. Valiasek further admits that certain of the quoted words set forth in Paragraph 59 are contained in the transcript of the May 22, 2018 presentation but denies that they have been accurately characterized; indeed, they have been edited and removed from their proper context.  Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 59.

60.     Ms. Valiasek denies the allegations in Paragraph 60.

**D.     August 2018 Statements**

61.     Ms. Valiasek admits that certain of the quoted words and figures set forth in Paragraph 61 are contained in Amyris's August 6, 2018 press release but denies that they have been accurately characterized.  Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 61.

62.     Ms. Valiasek admits that Amyris held a conference call on August 6, 2018.  Ms. Valiasek further admits that certain of the quoted words set forth in Paragraph 62 are contained in

DEFENDANT KATHLEEN VALIASEK'S
ANSWER TO AMENDED CLASS ACTION
COMPLAINT
4:19-cv-01765-YGR

the transcript of the August 6, 2018 conference call but denies that they have been accurately characterized; indeed, they have been edited and removed from their proper context. Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 62.

63.    Ms. Valiasek denies the allegations in Paragraph 63.

64.    Ms. Valiasek admits that certain of the quoted words and figures set forth in Paragraph 64 are contained in Amyris's quarterly report on Form 10-Q for the period ended June 30, 2018 ("Q2 2018 Form 10-Q") but denies that they have been accurately characterized. Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 64.

65.    Ms. Valiasek admits that the Q2 2018 Form 10-Q contained certifications signed by her and Melo. Ms. Valiasek further admits that certain of the quoted words set forth in Paragraph 65 are contained in Amyris's Q2 2018 Form 10-Q but denies that they have been accurately characterized. Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 65. In particular, Ms. Valiasek denies that the certifications were materially false or misleading.

66.    Ms. Valiasek denies the allegations in Paragraph 66.

VI.    DISCLOSURES MADE FROM NOVEMBER 2018 THROUGH APRIL 2019

A.    November 13, 2018 and November 15, 2018 Disclosures

67.    Ms. Valiasek admits that certain of the quoted words and figures set forth in Paragraph 67 are contained in Amyris's November 13, 2018 press release but denies that they have been accurately characterized; indeed, they have been edited and removed from their proper context. Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 67.

68.    Ms. Valiasek admits that Amyris held a conference call on November 13, 2018. Ms. Valiasek further admits that certain of the quoted words set forth in Paragraph 68 are contained in the transcript of the November 13, 2018 conference call but denies that they have been accurately characterized; indeed, they have been edited and removed from their proper context. Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 68.

69.    Ms. Valiasek admits that on November 13, 2018, Amyris's stock closed at $5.90 per share. Ms. Valiasek further admits that on November 14, 2018, Amyris's stock closed at $4.14 per

DEFENDANT KATHLEEN VALIASEK'S
ANSWER TO AMENDED CLASS ACTION
COMPLAINT
4:19-CV-01765-YGR

share.  Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 69.

70.     Ms. Valiasek admits that certain of the quoted words and figures set forth in Paragraph 70 are contained in Amyris's quarterly report on Form 10-Q for the period ended September 30, 2018 ("Q3 2018 Form 10-Q") but denies that they have been accurately characterized.  Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 70.

71.     Ms. Valiasek admits that the Q3 2018 Form 10-Q contained certifications signed by her and Melo.  Ms. Valiasek further admits that certain of the quoted words set forth in Paragraph 71 are contained in Amyris's Q3 2018 Form 10-Q but denies that they have been accurately characterized.  Except as expressly admitted, Ms. Valiasek denies the allegations in paragraph 71. In particular, Ms. Valiasek denies that the certifications were materially false or misleading.

**B.      March 18, 2019 and March 19, 2019 Disclosures**

72.     Ms. Valiasek admits that certain of the quoted words and figures set forth in Paragraph 72 are contained in Amyris's March 18, 2019 press release but denies that they have been accurately characterized.  Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 72.

73.     Ms. Valiasek admits that certain of the quoted words set forth in Paragraph 73 are contained in the transcript of the March 18, 2019 conference call but denies that they have been accurately characterized; indeed, they have been edited and removed from their proper context. Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 73.

74.     Ms. Valiasek admits that certain of the quoted words set forth in Paragraph 74 are contained in Amyris's March 19, 2019 Notification of Late Filing on Form 12b-25 but denies that they have been accurately characterized.  Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 74.

75.     Ms. Valiasek denies the allegations in Paragraph 75.

**C.      April 11, 2019 Disclosures**

76.     Ms. Valiasek admits that certain of the quoted words set forth in Paragraph 76 are contained in Amyris's April 11, 2019 Form 8-K ("April 2019 Form 8-K") but denies that they have

DEFENDANT KATHLEEN VALIASEK'S
ANSWER TO AMENDED CLASS ACTION
COMPLAINT
4:19-cv-01765-YGR

been accurately characterized; indeed, they have been edited and removed from their proper context. Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 76.

77.     Ms. Valiasek admits that, on April 11, 2019, Amyris's stock closed at $2.86 per share compared to the previous trading day's close of $3.75 per share, a 23% decrease. Ms. Valiasek further admits that certain of the words set forth in Paragraph 77 are contained in Amyris's April 2019 Form 8-K but expressly denies that those words and figures have been accurately represented. Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 77.

## VII.   DISCLOSURES FOLLOWING THE END OF THE CLASS PERIOD

78.     Ms. Valiasek admits that certain of the quoted words set forth in Paragraph 78 are contained in Amyris's May 13, 2019 Notification of Late Filing on Form 12b-25 but denies that they have been accurately characterized. Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 78.

79.     Ms. Valiasek admits that, on May 15, 2019, Amyris, with the approval of the Audit Committee of its Board of Directors, dismissed KPMG LLP, which served as Amyris's independent registered public accounting firm, upon completion of KPMG's audit of Amyris's consolidated financial statements as of and for the year ended December 31, 2018 and the effectiveness of internal control over financial reporting as of December 31, 2018, and the issuance of their reports thereon as well as the re-audit of the consolidated financial statements as of and for the year ended December 31, 2017. Ms. Valiasek admits that certain of the quoted words set forth in Paragraph 79 are contained in Amyris's May 16, 2019 Form 8-K ("May 2019 Form 8-K") but denies that they have been accurately characterized; indeed, they have been edited and removed from their proper context. Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 79.

80.     Ms. Valiasek admits that on June 4, 2019, the Company filed a report on Form 8-K with the SEC. Ms. Valiasek admits that in June 2019, she was appointed to the role of Chief Business Officer. Ms. Valiasek admits that certain of the quoted words set forth in Paragraph 80 are contained in Amyris's June 4, 2019 Form 8-K ("June 2019 Form 8-K") but denies that they have been accurately characterized. Except as expressly admitted, Ms. Valiasek denies the

allegations in Paragraph 80.

81.    Ms. Valiasek admits that, in July 2019, BDO USA, LLP resigned as Amyris's independent registered public accounting firm for the fiscal year ending December 31, 2019.  Ms. Valiasek admits that certain of the quoted words set forth in Paragraph 81 are contained in Amyris's July 10, 2019 Form 8-K ("July 2019 Form 8-K") but denies that they have been accurately characterized.  Except as expressly admitted, MS. Valiasek denies the allegations in Paragraph 81.

82.    Ms. Valiasek admits that, as of September 13, 2019, the date the Complaint was filed, Amyris had not yet restated its 2017 Form 10-K, its 2018 Forms 10-Q, or issued its 2018 Form 10-K or any 2019 financial results.  Except as expressly admitted, Ms. Valiasek denies the remainder of the allegations in Paragraph 82.

## VIII.    ADDITIONAL ALLEGATIONS OF SCIENTER

83.    Ms. Valiasek denies the allegations in Paragraph 83.

84.    Ms. Valiasek denies the allegations in Paragraph 84.

85.    Ms. Valiasek lacks sufficient knowledge of who CW 1 and CW 2 are or what they allegedly said to respond, and on that basis, denies the allegations in Paragraph 85.

86.    Ms. Valiasek lacks sufficient knowledge of who CW 1 and CW 2 are or what they allegedly said to respond, and on that basis, denies the allegations in Paragraph 86.

87.    Ms. Valiasek denies the allegations in Paragraph 87.

88.    Ms. Valiasek admits that Amyris disclosed in its Q2 2018 10-Q that, applying ASC 606, total revenue increased by 19% to approximately $46.2 million for the six months ended June 30, 2018, compared to approximately $38.7 million for the same period in 2017.  Ms. Valiasek further admits that Amyris disclosed in its Q2 2018 10-Q that, without ASC 606, reported revenue would have decreased by 27%, to approximately $28.2 million, in the same period.  Except as expressly admitted, Ms. Valiasek denies the remainder of the allegations in Paragraph 88.

89.    Ms. Valiasek admits that Nenter was Amyris's third-largest customer and that royalty payments from Nenter accounted for approximately 10% of Amyris's revenues in 2017.  Except as expressly admitted, Ms. Valiasek denies the remainder of the allegations in Paragraph

DEFENDANT KATHLEEN VALIASEK'S
ANSWER TO AMENDED CLASS ACTION
COMPLAINT
4:19-cv-01765-YGR

89.

90.    Ms. Valiasek denies the allegations in Paragraph 90.

91.    Ms. Valiasek admits that, on August 21, 2018, Amyris conducted a secondary offering through which Amyris sold approximately 8.8 million shares of common stock at the public offering price of $6.25 per share.  Ms. Valiasek admits that certain of the quoted words set forth in Paragraph 91 are contained in the associated press release and in Amyris's 2017 Form 10-K but denies that they have been accurately characterized.  Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 91.

92.    Ms. Valiasek admits that she received a bonus of $163,085 in 2017.  Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 92.

93.    Ms. Valiasek lacks sufficient knowledge of the allegations in Paragraph 93 on that basis denies them.

## IX.    CLASS ACTION ALLEGATIONS

94.    Ms. Valiasek need not respond to the allegations in Paragraph 94 to the extent they constitute legal conclusions.  To the extent the allegations in paragraph 94 require a response, Ms. Valiasek denies them.

95.    Ms. Valiasek admits that shares of Amyris's common stock were traded on the NASDAQ.  Ms. Valiasek need not respond to the other allegations in Paragraph 95 to the extent they constitute legal conclusions.  Except as expressly admitted, Ms. Valiasek denies the remainder of the allegations in Paragraph 95.

96.    Ms. Valiasek need not respond to the allegations in Paragraph 96 to the extent they constitute legal conclusions.  To the extent the allegations in Paragraph 96 require a response, Ms. Valiasek denies them.

97.    Ms. Valiasek need not respond to the allegations in Paragraph 97 to the extent they constitute legal conclusions.  To the extent the allegations in Paragraph 97 require a response, Ms. Valiasek denies them.

98.    Ms. Valiasek need not respond to the allegations in Paragraph 98 to the extent they

constitute legal conclusions.  To the extent the allegations in Paragraph 98 require a response, Ms. Valiasek denies them.

99.    Ms. Valiasek need not respond to the allegations in Paragraph 99 to the extent they constitute legal conclusions.  To the extent the allegations in Paragraph 99 require a response, Ms. Valiasek denies them.

## X.    ALLEGED LOSS CAUSATION

100.    Ms. Valiasek denies the allegations in Paragraph 100.

## XI.    ALLEGED APPLICABILITY OF PRESUMPTION OF RELIANCE

101.    Ms. Valiasek admits that on October 9, 2018, Amyris's stock closed at $9.20 per share.  Except as expressly admitted, Ms. Valiasek denies the allegations in Paragraph 101.

102.    Ms. Valiasek denies the allegations in Paragraph 102.

103.    Ms. Valiasek admits that Amyris shares met the requirements for listing, were listed, and were traded on the NASDAQ; that Amyris filed periodic public reports with the Securities and Exchange Commission ("SEC") and/or NASDAQ; and that Amyris regularly communicated with investors through press releases and other public disclosures.  Except as expressly admitted, Ms. Valiasek denies the remainder of the allegations in Paragraph 103 or lacks sufficient knowledge to respond, and on that basis, denies them.

104.    Ms. Valiasek denies the allegations in Paragraph 104.

105.    Ms. Valiasek need not respond to the allegations in Paragraph 105 to the extent they constitute legal conclusions. To the extent the allegations in Paragraph 105 require a response, Ms. Valiasek denies them.

## XII.    ALLEGED NO SAFE HARBOR

106.    Ms. Valiasek need not respond to the allegations in Paragraph 106 to the extent they constitute legal conclusions. To the extent the allegations in Paragraph 106 require a response, Ms. Valiasek denies them.

## XIII.    FIRST CLAIM
**Alleged Violation of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants**

DEFENDANT KATHLEEN VALIASEK'S
ANSWER TO AMENDED CLASS ACTION
COMPLAINT
4:19-CV-01765-YGR

107. Ms. Valiasek repeats her responses to each and every allegation contained above as if fully set forth herein.

108. Ms. Valiasek denies the allegations in Paragraph 108.

109. Ms. Valiasek denies the allegations in Paragraph 109.

110. Ms. Valiasek denies the allegations in Paragraph 110.

111. Ms. Valiasek denies the allegations in Paragraph 111.

112. Ms. Valiasek admits that she and Melo were executives at Amyris, that both were members of Amyris's management team, and that Melo served as a director of Amyris. Except as expressly admitted, Ms. Valiasek denies the remainder of the allegations in Paragraph 112.

113. Ms. Valiasek denies the allegations in Paragraph 113.

114. Ms. Valiasek denies the allegations in Paragraph 114.

115. Ms. Valiasek denies the allegations in Paragraph 115.

116. Ms. Valiasek denies the allegations in Paragraph 116.

117. Ms. Valiasek denies the allegations in Paragraph 117.

## XIV.   SECOND CLAIM
### Alleged Violation of Section 20(a) of the Exchange Act Against Defendants Melo and Valiasek

118. Ms. Valiasek repeats her responses to each and every allegation contained above as if fully set forth herein.

119. Ms. Valiasek denies the allegations in Paragraph 119.

120. Ms. Valiasek denies the allegations in Paragraph 120.

121. Ms. Valiasek denies the allegations in Paragraph 121.

## MS. VALIASEK'S AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to them as to any element of Plaintiffs' claims, Ms. Valiasek asserts the following affirmative and other defenses, all of which are pleaded in the alternative, and none of which constitutes an admission that Ms. Valiasek is in any way liable to Plaintiffs, that Plaintiffs have

- 16 -

been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. As a defense to the Complaint and each and every allegation contained therein, Ms. Valiasek alleges:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because they have not sufficiently pleaded the elements of each of their claims.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because, to the extent their allegations sound in fraud, they are not pleaded with particularity, as required by statute, including but not limited to the Private Securities Litigation Reform Act of 1995, and the Federal Rules of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because no statement allegedly made by Ms. Valiasek contains any material misrepresentation or omission, considered either alone or in the context of the total mix of available information.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Ms. Valiasek did not know of the alleged inaccuracy of any material misrepresentation or omission allegedly made by her, and she could not have become aware of any alleged inaccuracies in those statements through the exercise of reasonable care.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs have not sufficiently alleged, and cannot prove, that Ms. Valiasek had actual knowledge of any forward-looking statements that are alleged to have constituted material misrepresentations or omissions.

## SIXTH AFFIRMATIVE DEFENSE

DEFENDANT KATHLEEN VALIASEK'S
ANSWER TO AMENDED CLASS ACTION
COMPLAINT
4:19-cv-01765-YGR

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the alleged false and misleading statements are forward looking and therefore protected by the safe harbor provision, 15 U.S.C. § 78u-5(c).

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the materials and other information made available by Amyris in connection with Plaintiffs' alleged investments, and the investments of the class that Plaintiffs purport to represent, sufficiently bespoke caution of the risks and material issues associated with investment in Amyris, and accordingly any statements made by Ms. Valiasek are not actionable under statutory and common law doctrines, including under 15 U.S.C. § 77z-2.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Ms. Valiasek, after reasonable investigation, due diligence, and/or consultation with expert(s), had reasonable grounds to believe, and did believe, that statements allegedly made by her were true and contained all material facts necessary to make those statements not misleading.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Ms. Valiasek acted at all times in good faith, with reasonable care, and with due diligence in carrying out her responsibilities and did not directly or indirectly control or induce any wrongful acts or omissions.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Ms. Valiasek acted at all times in good faith and without knowledge or intent to commit any violations of law, nor did Ms. Valiasek directly or indirectly participate in, or induce, any unlawful acts.

DEFENDANT KATHLEEN VALIASEK'S
ANSWER TO AMENDED CLASS ACTION
COMPLAINT
4:19-CV-01765-YGR

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, that Plaintiffs, or the class that Plaintiffs purport to represent, relied upon any material misrepresentation or omission allegedly made by Ms. Valiasek.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, would have purchased Amyris shares as they did, even with full knowledge of the facts Plaintiffs, and the class that Plaintiffs purport to represent, have now alleged were misrepresented or omitted by Ms. Valiasek.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, that Plaintiffs' alleged injuries, or the injuries of the class that Plaintiffs purport to represent, were directly or proximately caused by any material misrepresentation or omission allegedly made by Ms. Valiasek.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred because they cannot show transaction or loss causation.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because other events or disclosures unrelated to Ms. Valiasek's alleged material misrepresentations or omissions are responsible for any decline in Amyris's share value alleged to form the basis of Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because any alleged damages that Plaintiffs, or the class that Plaintiffs purport to represent, suffered, were caused by independent, intervening, and/or superseding events beyond Ms. Valiasek's conduct, control, policies, acts, or alleged material misrepresentations or omissions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, that Plaintiffs, or the class that Plaintiffs purport to represent, suffered any cognizable injury, and further, the damages alleged by Plaintiffs, and the class that Plaintiffs purport to represent, if any, are speculative, uncertain, and/or contingent in violation of applicable law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have failed to take reasonable actions to mitigate damages, if any, allegedly suffered as a result of Ms. Valiasek's alleged material misstatements and omissions.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part inasmuch as Plaintiffs, or the class that Plaintiffs purport to represent, sold their Amyris shares for a greater price than the price at which they purchased them, and therefore suffered no losses from their purchase of Amyris shares.

## TWENTIETH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiffs, or the class that Plaintiffs purport to represent, should be offset in the amount of any tax benefits or other benefits received by Plaintiffs, or the class that Plaintiffs purport to represent, in connection with their ownership of Amyris shares.

DEFENDANT KATHLEEN VALIASEK'S
ANSWER TO AMENDED CLASS ACTION
COMPLAINT
4:19-CV-01765-YGR

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, knew or reasonably should have known of the alleged acts and omissions complained of, including but not limited to the investment risks and business factors associated with an investment in Amyris.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, are sophisticated and knowledgeable investors, knew or should have known of the speculative nature and risks associated with an investment in Amyris, and therefore Plaintiffs, and the class that Plaintiffs purport to represent, assumed the risk of any alleged damages proximately caused thereby.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, have not sufficiently alleged, and cannot prove, a lack of awareness of the facts that formed the basis of the alleged material representations and omissions.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because the alleged material misrepresentations or omissions were in fact known to and had entered the securities market through credible sources prior to Plaintiffs' purchase, or the purchases by the class that Plaintiffs purport to represent, of Amyris shares.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part to the extent that Ms. Valiasek's alleged material misrepresentations or omissions would not have been material to a reasonable investor.

DEFENDANT KATHLEEN VALIASEK'S
ANSWER TO AMENDED CLASS ACTION
COMPLAINT
4:19-CV-01765-YGR

## TWENTY-SIXTH  AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs, and the class that Plaintiffs purport to represent, purchased stock pursuant to a pre-existing contract, instruction, or plan under 17 C.F.R. § 240.10b5-1.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Without conceding liability, Ms. Valiasek is entitled to recover contribution from Plaintiffs, and the class that Plaintiffs purport to represent, for Plaintiffs' own contributory negligence, and the contributory negligence of the class that Plaintiffs purport to represent, for any liability Ms. Valiasek incurs as a result of any material misrepresentations or omissions, or conduct, alleged in the Complaint.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because individual issues including but not limited to those relating to causation, reliance, privity, timing, and knowledge predominate over those common to the putative class.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because this action may not be maintained as a class action under the Federal Rules of Civil Procedure.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs cannot fairly and adequately represent the class they purport to represent.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Class certification fails to provide adequate due process protections and would violate the Rules Enabling Act, 28 U.S.C. § 2072, and the United States Constitution inasmuch as it constitutes trial by formula and would unfairly restrict Ms. Valiasek's right to litigate affirmative defenses to the individual claims of Plaintiffs, and the class that Plaintiffs purport to represent.

DEFENDANT KATHLEEN VALIASEK'S
ANSWER TO AMENDED CLASS ACTION
COMPLAINT
4:19-CV-01765-YGR

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Without conceding liability, Plaintiffs' requests, and the requests of the class that Plaintiffs purport to represent, for equitable relief are improper because Plaintiffs, and the class that Plaintiffs purport to represent, have an adequate remedy at law.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Without conceding liability, Plaintiffs' requests, and the requests of the class that Plaintiffs purport to represent, for equitable relief are improper because Plaintiffs, and the class that Plaintiffs purport to represent, have not suffered injury or harm and will not suffer imminent and irreparable injury as a result of any action or conduct by Ms. Valiasek.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Without conceding liability, Plaintiffs' requests, and the requests of the class that Plaintiffs purport to represent, for pre-judgment and post-judgment interest are improper because equity dictates against such an award, and further, any such award would be unjust, arbitrary, oppressive, and confiscatory.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred, in whole or in part, to the extent the damages sought exceed those permitted under the Private Securities Litigation Reform Act, the common law, or any other applicable statute, rule, or regulation.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs, and the class that Plaintiffs purport to represent, are precluded from recovering attorneys' fees, experts' fees, and/or costs under applicable provisions of law.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because other parties are indispensable to this action, including the parties from whom Plaintiffs, and the class that Plaintiffs purport to represent, actually purchased Amyris shares.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

DEFENDANT KATHLEEN VALIASEK'S
ANSWER TO AMENDED CLASS ACTION
COMPLAINT
4:19-CV-01765-YGR

Without conceding liability, Ms. Valiasek is entitled to recover contribution from others for any liability she incurs as a result of any material misrepresentations or omissions, or conduct, alleged in the Complaint.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part by the equitable doctrines of laches, estoppel, unclean hands, and/or waiver.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and the claims of the class that Plaintiffs purport to represent, are barred in whole or in part because Plaintiffs have failed to satisfy the applicable statute of limitations, including under 15 U.S.C. § 77m.

## PRAYER FOR RELIEF

Wherefore, Ms. Valiasek prays as follows:

(a) That Plaintiffs take nothing by the Complaint;

(b) That the Complaint be dismissed with prejudice;

(c) That the Court enter judgment in favor of Ms. Valiasek and against Plaintiffs with respect to all causes of action in the Complaint;

(d) That the Court award Ms. Valiasek costs to the maximum extent allowable by law; and

(e) For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Ms. Valiasek demands a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, of all issues so triable.

DEFENDANT KATHLEEN VALIASEK'S
ANSWER TO AMENDED CLASS ACTION
COMPLAINT
4:19-CV-01765-YGR

Dated:  October 26, 2020

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

JAMES N. KRAMER
MOLLY MCCAFFERTY
Orrick, Herrington & Sutcliffe LLP


By*:* _____ */s/ James N. Kramer*_____
JAMES N. KRAMER, SBN 154709
jkramer@orrick.com
MOLLY MCCAFFERTY, SBN 325439
mmccafferty@orrick.com
405 Howard Street
San Francisco, CA  94105
Telephone: 415.773.5700
Facsimile: 415.773.5759


*Attorneys for Defendant Kathleen Valiasek*

- 25 -

DEFENDANT KATHLEEN VALIASEK'S
ANSWER TO AMENDED CLASS ACTION
COMPLAINT
4:19-CV-01765-YGR