# EXHIBIT I

Page 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

------------------------------------x

SHANE MULDERRIG and RONY DEVORAH,

Individually and on Behalf of

All Others Similarly Situated,

                    Plaintiffs,

                                        CASE NO.

        vs.                        4:19-cv-01765-YGR


AMYRIS, INC., JOHN G. MELO,

and KATHLEEN VALIASEK,

                    Defendants.

------------------------------------x



            CONFIDENTIAL VIDEOTAPED

        DEPOSITION OF CYNTHIA L. JONES

            Conducted Virtually

        Tuesday, September 14, 2021






Reported by:
Frank J. Bas, RPR
JOB NO. 199152

Confidential

a net short position at the end of the class period.  And I'm saying that doesn't tell you a lot.

Q.   Looking at paragraph 87 of your report, it says (as read):

"Artificially inflated stock prices may occur when Defendants affirmatively disseminate false or misleading information to investors or when material information is omitted or withheld from the investing public. The amount of artificial inflation can be measured as the residual increase in the price of the stock when affirmative false or misleading statements are made or the residual decrease in the price of the stock when corrective information enters the market, dissipating the inflation in the stock price."

Do you see that?

A.   I do.

Q.   Can the amounts of artificial inflation, if any, in the price of Amyris's stock during the class period be measured solely based on any residual decrease in the price of the Amyris's stock when corrective information enters the market?

Confidential

Page 94

A.   Can it be?

Q.   Yes.

A.   It could be.

Q.   Are you aware of how many corrective disclosures are alleged in this case?

A.   I believe so.  According to the complaint.

Q.   How many?

A.   Okay.  Let me back up.  So I am aware that the complaint alleges, I believe, three or four corrective disclosures, and that the motion for class certification eliminated one of those alleged corrective disclosures.

Q.   So how many corrective disclosures continue to be alleged by plaintiffs in this case at this time?

MS. MURPHY:  Objection; vague.

A.   The original complaint alleged that there were corrective disclosures on November 13, 2018; I believe November 15, 2018; March 18, 2018; and March 19, 20 -- I'm sorry. March 18, 2019 and March 19, 2019.  As well as April 11, 2019.

Q.   And which are alleged in the motion

there for me.  The audio was choppy, too.

A.   I have not -- I'm getting a message on my screen saying internet is unstable.

MR. ROSENBERG:  Why don't we wait for just a minute until the internet sorts out.  Because it was going in and out there and sort of dopplering for me.

THE WITNESS:  Sure.

(Pause in proceedings.)

Q.   Let me ask the question again just because I want to make sure we have it cleanly on the record.

Can you draw a conclusion as to whether there is any confounding information that should be taken into account concerning whether Amyris's stock price decline following the -- let me try that again.

Have you drawn a conclusion as to whether there is any confounding information that should be taken into account when analyzing Amyris's stock price decline following the alleged corrective disclosures?

A.   I have not.

Q.   Thank you.

Have you been asked to identify the

Confidential

Page 120

confounding factors, if any, that should be taken into account when analyzing Amyris's stock price decline following the alleged corrective disclosures?

A.    I have not.

Q.    Can you identify the confounding factors, if any, that should be taken into account when analyzing Amyris's stock price decline following the alleged corrective disclosures?

MS. MURPHY:  Objection; vague.

A.    As I sit here today, no.  But if I'm tasked with providing an opinion on damages, I believe that I would be able to.

Q.    But you have not attempted to do so, correct?

A.    Correct.

Q.    Give me just one moment.

MR. ROSENBERG:  Thank you, Ms. Jones.  I don't have any other questions for you today.

THE WITNESS:  Thank you.

MS. MURPHY:  We will be designating this as confidential.

THE COURT REPORTER:  Thank you.  Do