Robert S. Green
GREEN & NOBLIN, P.C.
2200 Larkspur Landing Circle, Ste. 101
Larkspur, California 94939
Tel: (415) 477-6700
Fax: (415) 477-6710
-and-
4500 East Pacific Coast Highway
Fourth Floor
Long Beach, California 90804
Tel: (562) 391-2487
rsg@classcounsel.com

*Liaison Counsel for Plaintiffs*

William B. Federman (admitted *pro hac vice*)
A. Brooke Murphy (admitted *pro hac vice*)
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone:  405-235-1560
Facsimile:  405-239-2112
wbf@federmanlaw.com
abm@federmanlaw.com

*Lead Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE MULDERRIG and RONY DEVORAH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMYRIS, INC., JOHN G. MELO, and KATHLEEN VALIASEK,<br><br>Defendants. | Case No.:  4:19-cv-01765-YGR<br><br>CLASS ACTION<br><br>**DECLARATION OF WILLIAM B. FEDERMAN IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL** |

Declaration of William B. Federman in Support
of Administrative Motion to Seal

FILE NO. 4:19-cv-01765-YGR

I, William B. Federman, declare as follows:

1.    I am an attorney duly licensed to practice law in several states including Oklahoma, Texas, and New York, and I am admitted *pro hac vice* in this case.  I am a member of the law firm Federman & Sherwood, Lead Counsel in the above referenced action.  I submit this Declaration in Support of Defendants' Administrative Motion to File Documents Under Seal (ECF No. 90), pursuant to Civil Local Rule 79-5(d)-(e).  In making this Declaration, it is not my intention, nor the intention of Plaintiffs, to waive the attorney-client privilege, the attorney work-product immunity, or any other applicable privilege.

2.    The Ninth Circuit has established that for discovery documents attached to non-dispositive motions, "the usual presumption of the public's right of access *is rebutted*." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (emphasis added).  This is because "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often 'unrelated, or only tangentially related, to the underlying cause of action.'" *Id.*  Accordingly, in circumstances such as this one, where discovery documents are filed with a non-dispositive motion, courts will consider whether a request to seal meets the "'good cause' standard of Rule 26(c)." *Id.* at 1180 (citation omitted).

3.    I have reviewed Exhibits C, D, F, and G of the Declaration of Alexander Mircheff (ECF No. 91-2).  Upon review of the exhibits, it appears that the documents attached as Exhibits D and G are sufficiently redacted such that they may be publicly filed.  However, upon my review of the exhibits, I also confirm that the documents attached as Exhibits C and F contain information that is of a confidential or sensitive nature, providing good cause for those documents to remain under seal.  Specifically, Exhibit C provides excerpts of Plaintiff Jansen's deposition transcript, which includes, *inter alia*, a discussion of a non-public and potentially confidential business agreement.  *See* Jansen Dep. at 31:9-33:23.  Exhibit F is an account statement that contains personal financial information, including the name of Plaintiff Jansen's

investment account and the name and telephone number of his account representative. *See G&C Auto Body Inc v. Geico Gen. Ins. Co.*, No. C06-04898 MJJ, 2008 WL 687372, at *3 (N.D. Cal. Mar. 11, 2008) ("G & C's request to seal the financial information meets the 'good cause' standard.").

4.     The public filing of the information in Exhibits C and F could disclose a confidential business deal and place Plaintiff Jansen at higher risk of identity theft or other forms of harm. Because the information at issue is not directly relevant to the merits of the case, Plaintiff Jansen's privacy concerns provide sufficient good cause to keep these materials under seal. *See G&C Auto Body Inc.*, 2008 WL 687372, at *3 (holding that good cause standard was "adequately established" where the parties considered the document non-public and where the court found "no reason related to this litigation to place the document in the public record."); *Finjan LLC v. SonicWall, Inc.*, No. 17-CV-04467-BLF, 2021 WL 1112708, at *1 (N.D. Cal. Mar. 8, 2021) ("Records attached to motions that are 'not related, or only tangentially related, to the merits of a case' therefore are not subject to the strong presumption of access.") (citation omitted).

5.     Accordingly, Plaintiff Jansen seeks to seal: (i) Exhibit C, at least from page 31 line 9 through page 33 line 23; and (ii) Exhibit F, at least at JANSEN000005.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: September 28, 2021

/s/William B. Federman
William B. Federman
FEDERMAN & SHERWOOD
10205 North Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
Telephone: (405) 235.1560
Facsimile: (405) 239-2112
wbf@federmanlaw.com

*Lead Counsel for Plaintiffs*

Declaration of William B. Federman in Support
of Administrative Motion to Seal                                          FILE NO. 4:19-cv-01765-YGR

## **CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on Tuesday, September 28, 2021.

*/s/William B. Federman*
William B. Federman

Declaration of William B. Federman in Support
of Administrative Motion to Seal                                      FILE NO. 4:19-cv-01765-YGR