William B. Federman (admitted *pro hac vice*)
A. Brooke Murphy (admitted *pro hac vice*)
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone:  405-235-1560
Facsimile:  405-239-2112
wbf@federmanlaw.com
abm@federmanlaw.com

*Class Counsel for Plaintiffs*

Robert S. Green
GREEN & NOBLIN, P.C.
2200 Larkspur Landing Circle, Ste. 101
Larkspur, California 94939
Tel: (415) 477-6700
Fax: (415) 477-6710
-and-
4500 East Pacific Coast Highway
Fourth Floor
Long Beach, California 90804
Tel: (562) 391-2487
rsg@classcounsel.com

*Liaison Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| VINCENT CARBONE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMYRIS, INC., JOHN G. MELO, and KATHLEEN VALIASEK,<br><br>Defendants. | Case No.:  4:19-cv-01765-YGR<br><br>**DECLARATION OF WILLIAM B. FEDERMAN IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:  May 3, 2022<br>Time:  2:00 p.m.<br>Location: Courtroom 1 (via Zoom)<br>Judge:  Hon. Yvonne Gonzalez Rogers |

Declaration of William B. Federman
In Support of Motion for Preliminary Approval

Case No. 4:19-cv-01765-YGR

I, William B. Federman, declare under penalty of perjury as follows:

1.    I am an attorney duly admitted to the Bars of several states, including Oklahoma, Texas, and New York, and I am admitted *pro hac vice* in this case. I am a founder and member of the law firm Federman & Sherwood, Class Counsel in this Action. I submit this declaration in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement.

1.    Plaintiff, on behalf of himself and all other members of the certified Class (collectively "Plaintiffs"), and Defendants (the "Parties") have reached an agreement to settle this Action for $13,500,000.00 in cash, plus interest thereon, (the "Settlement"). The Settlement resolves all claims in the Action pursuant to the terms of the Stipulation and Agreement of Settlement, attached hereto as **Exhibit 1**.[1]

2.    The proposed $13.5 million Settlement was agreed to by the Parties following extensive arm's-length settlement discussions between the Parties, including two full-day mediation sessions conducted by experienced and highly respected JAMS mediator Robert A. Meyer, Esq., as well as multiple subsequent phone calls and emails facilitated by Mr. Meyer. After months of discussions and negotiations facilitated by and conducted through the mediator, Mr. Meyer proposed the $13.5 million Settlement, which was accepted by the Parties.

3.    At the time the Settlement was reached, Class Representative and Class Counsel were well informed about the strengths and weaknesses of the Action. Indeed, the Settlement was achieved only after a thorough pre-complaint investigation that culminated in a detailed Amended Complaint, hard-fought briefings and a hearing on Defendants' motion to dismiss, intensive discovery (including the review and analysis of more than 800,000 pages of documents produced by Defendants and relevant third parties), the review and challenge of Defendants' lengthy privilege log which contained thousands of entries, numerous letters and meet and confers relating to discovery issues including disputes over Defendants' privilege claims, depositions of plaintiffs and their financial expert, motion and briefing on Class certification which resulted in the Class

---

[1] All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement.

being certified, briefing on Defendants' petition to appeal the Court's order to certify the Class, consultation and discussions with the Class's financial expert regarding damages and loss causation, and consideration of all arguments presented.

4.        The Settlement is fair considering the sizeable recovery to the Class and the risks and costs attendant to further protracted litigation. The proposed Settlement will recover approximately 18.4% of the Class's damages expert's most aggressive estimate of aggregate damages ($73.17 million). The recovery achieved under the proposed Settlement is notably higher than historical median settlement recoveries as a percentage of estimated damages in securities class actions. For example, the median recovery in securities class actions in 2020 and 2021 was approximately 1.8% of estimated damages. *See NERA Economic Consulting, Recent Trends in Securities Class Action Litigation: 2021 Full-Year Review*, at 24, attached hereto as **Exhibit 2**.

5.        The $73.17 million aggregate damage is an estimate of the very best outcome the Class could hope to achieve. Among other things, the $73.17 million potential recovery would be contingent on the jury finding: (1) that Defendants issued materially false or misleading statements throughout the Class Period; (2) that Defendants issued such statements with the intent to defraud investors; and (3) that the entire amount of the dollar drops following November 13, 2018 and March 19, 2019 were caused by these alleged false and misleading statements. Defendants have vehemently denied liability, scienter, and loss causation. Defendants and their financial expert have also stanchly maintained that any recoverable damages would be far less than Plaintiffs' expert's estimate. Further, the $73.17 million estimate is based on a class period ending on March 19, 2019. Defendants aggressively argued in their opposition to Plaintiffs' motion for class certification that the only viable class period ends on November 13, 2018. *See* Dkt. No. 91 at 14-16. Were Defendants successful in convincing the Court or a jury that the class period must end on November 13, 2018, the maximum potential damages, as determined by Plaintiffs' expert, would be reduced to $52.86 million and this still assumes that the entire stock drop following the November 13, 2018 disclosure was caused by Defendants' alleged

misrepresentations. The Settlement represents a 25.54% recovery of maximum possible damages under this potentially shorter class period.

6.    Another driving motivation behind the Settlement is the legitimate concern that Defendants may not be able to pay a greater judgment or recovery in this Action. Amyris has reported in its filings with the SEC that there is substantial doubt about its ability to continue as a going concern. Defendants also have very limited insurance available to fund a recovery or potential judgment in this Action. Because Defendants' attorneys' fees and costs are paid by the applicable insurance policies, the insurance remaining from these wasting policies would be further reduced were the litigation to continue. In fact, based on discussions with the mediator, it is my understanding that payment of the Settlement will effectively deplete the remaining available insurance.

7.    For the foregoing reasons and for the reasons further discussed in Plaintiff's Motion for Preliminary Approval of Class Action Settlement and Memorandum of Law in Support Thereto, filed contemporaneously herewith, I believe that the proposed Settlement is fair and reasonable and satisfies all of the relevant legal standards for preliminary approval under Rule 23(e) of the Federal Rules of Civil Procedure.

8.    Class Representative and Class Counsel propose that the Court appoint KCC Class Action Services ("KCC") as the Claims Administrator for this Settlement. Class Representative and Class Counsel selected KCC over other administrators based on KCC's track-record and its competitive proposal. KCC has extensive experience in class action notice and settlement administration, having administered thousands of class action settlements. *See* KCC Resume, attached hereto as **Exhibit 3**. KCC submitted a very competitive bid for the notice and claims administration of this Settlement, which was lower than bids received by other claims administrators. KCC estimates that full notice and administration of this Settlement will cost less than $125,000 but has advised that the ultimate cost may be higher, depending on currently unknown factors such as the number of claims submitted, including by brokers and other nominees of Class Members. Based on prior experience in securities class action settlements, the

Claims Administrator has estimated that approximately 4,000 claims will be submitted as part of this Settlement. In estimating the potential number of Class Members expected to submit claims, the Claims Administrator considered several other recent administrations, including settlements in this District, similarly sized and involving actions with similar alleged claims and/or company profiles (*i.e.*, trading volume, market capitalization of the relevant stock, etc.). These settlements included: *Banerjee, et al. v Avinger, Inc., et al.*, No. 4:17-cv-3400-CW (N.D. Cal.) ($5 million settlement), *DeVry Education Group, Inc. Securities Settlement*, No. 1:16-cv-05198 (N.D. Ill.) ($27.5 million settlement), *EZCorp, Inc. Securities Litigation*, No. 1:15-CV-00608-SS (W.D. Tex) ($4.8 million settlement), *In re Extreme Networks, Inc. Securities Litigation*, No. 3:15-cv-04883-BLF (N.D. Cal.) ($7 million settlement).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 24, 2022                          Respectfully submitted,


                                               */s/William B. Federman*
                                               William B. Federman (admitted *pro hac vice*)
                                               A. Brooke Murphy (admitted *pro hac vice*)
                                               FEDERMAN & SHERWOOD
                                               10205 North Pennsylvania Avenue
                                               Oklahoma City, Oklahoma 73120
                                               Tel: (405) 235-1560/Fax: (405) 239-2112
                                               -and-
                                               212 W. Spring Valley Road
                                               Richardson, TX  75081
                                               wbf@federmanlaw.com
                                               abm@federmanlaw.com

                                               *Class Counsel for Plaintiffs*


                                               Robert S. Green
                                               GREEN & NOBLIN, P.C.
                                               2200 Larkspur Landing Circle, Ste. 101
                                               Larkspur, California 94939
                                               Tel: (415) 477-6700/Fax: (415) 477-6710
                                               rsg@classcounsel.com

                                               *Liaison Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on Thursday, March 24, 2022.

*/s/William B. Federman*
William B. Federman