# EXHIBIT 1

FEDERMAN & SHERWOOD
William B. Federman (admitted *pro hac vice*)
wbf@federmanlaw.com
A. Brooke Murphy (admitted *pro hac vice*)
abm@federmanlaw.com
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone:  405.235.1560
Facsimile:  405.239.2112

*Class Counsel for Plaintiffs*

GIBSON, DUNN & CRUTCHER LLP
Michael D. Celio, SBN 197998
mcelio@gibsondunn.com
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone:  650.849.5326
Facsimile:  650.849.5026

Shireen A. Barday (admitted *pro hac vice*)
sbarday@gibsondunn.com
200 Park Avenue
New York, New York 10166-0193
Telephone:  212.351.2621
Facsimile:  212.817.9421

Elizabeth A. Dooley, SBN 292358
edooley@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8342
Facsimile: 415.393.8469

*Attorneys for Defendants Amyris Inc. and John G. Melo*

[List of counsel continued on next page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| VINCENT CARBONE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMYRIS, INC., JOHN G. MELO, and KATHLEEN VALIASEK,<br><br>Defendants. | Case No.:  4:19-cv-01765-YGR<br><br>**STIPULATION AND AGREEMENT OF SETTLEMENT**<br><br>Action filed: April 3, 2019 |

GREEN & NOBLIN, P.C.
Robert S. Green, SBN 136183
2200 Larkspur Landing Circle, Ste. 101
Larkspur, California 94939
Telephone: 415.477.6700
Facsimile: 415.477.6710
-and-
4500 East Pacific Coast Highway
Fourth Floor
Long Beach, California 90804
Telephone: 562.391.2487
rsg@classcounsel.com

*Liaison Counsel for Plaintiffs*

ORRICK, HERRINGTON & SUTCLIFFE LLP
James N. Kramer, SBN 154709
jkramer@orrick.com
Molly McCafferty, SBN 325439
mmccafferty@orrick.com
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:  415.773.5700
Facsimile:   415.773.5759

*Attorneys for Defendant Kathleen Valiasek*

STIPULATION AND AGREEMENT
OF SETTLEMENT

CASE NO. 4:19-cv-01765-YGR

This stipulation and agreement of settlement (the "Stipulation") is made and entered into by and between (a) Vincent Carbone ("Carbone," "Class Representative," or "Plaintiff"), on behalf of himself and the other members of the Class as defined below and in the Court's December 8, 2021 Order (collectively, "Plaintiffs"), on the one hand, and (b) defendants Amyris, Inc. ("Amyris" or the "Company"), John G. Melo, and Kathleen Valiasek (collectively, the "Individual Defendants," and, together with Amyris, the "Defendants"), on the other hand, by and through their counsel of record in the above-captioned litigation pending in the United States District Court for the Northern District of California (the "Court"). This Stipulation is intended by the parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (defined below), upon and subject to the terms and conditions hereof and subject to the Court's approval.

**WHEREAS:**

A.      All words or terms used herein that are capitalized shall have the meaning ascribed to those words or terms as set forth herein and in ¶ 1 hereof entitled "Definitions."

B.      On April 3, 2019, a class action complaint was filed in the United States District Court for the Northern District of California (the "Court"), styled *Mulderrig v. Amyris, Inc.*, et al., Case No. 4:19-cv-01765-YGR (the "Action").

C.      On June 3, 2019, movant Rob Jansen ("Jansen") filed a motion to be appointed as lead plaintiff and to appoint Federman & Sherwood as lead counsel.  On June 28, 2019, the Court issued an order, pursuant to the Private Securities Litigation Reform Act of 1995, appointing Rob Jansen ("Jansen") as lead plaintiff and appointing Federman & Sherwood as lead counsel ("Lead Counsel" or "Class Counsel").

D.      On September 13, 2019, Plaintiffs filed the Amended Class Action Complaint ("Amended Complaint"), naming Jansen and Carbone as plaintiffs.  The Amended Complaint asserted claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.  Among other things, the Complaint

1

STIPULATION AND AGREEMENT                                    CASE NO. 4:19-cv-01765-YGR
OF SETTLEMENT

alleged that Defendants made materially false and misleading statements and omissions concerning the recognition of revenue by Amyris under FASB Accounting Standards Codification No. 606 ("ASC 606") and the effectiveness of Amyris's internal control over financial reporting. The Amended Complaint further alleged that the price of Amyris's publicly traded common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and that the stock price declined when the truth was revealed.

E.      On October 25, 2019, Defendants filed a motion to dismiss the Amended Complaint. On November 22, 2019, Plaintiffs filed their opposition to Defendants' motion to dismiss. Both parties filed additional briefing, and on February 18, 2020, the Court held a hearing on Defendants' motion. On October 5, 2020, the Court entered its Order denying Defendants' motion to dismiss.

F.      On October 26, 2020, Defendants filed their Answers to the Amended Complaint.

G.      Discovery in the Action commenced promptly thereafter. Pursuant to detailed document requests and substantial negotiations, Defendants produced more than 300,000 pages of documents to Plaintiffs and a lengthy privilege log. Pursuant to multiple sets of document request and substantial negotiations thereon, Jansen and Carbone produced 484 pages of documents to Defendants. In addition, the parties served and responded to numerous sets of interrogatories. The parties also exchanged numerous letters regarding disputes between the parties over discovery issues.

H.      As part of the discovery process, Plaintiffs prepared and served nine subpoenas *duces tecum* on third party witnesses, including Amyris's current and former financial auditors, analysts, and collaborators. Plaintiffs also prepared and served a Freedom of Information Act request on the Securities and Exchange Commission. As a result of these document requests, Plaintiffs received more than 500,000 pages of document production from third parties.

I.      Depositions of Jansen, Carbone, and Plaintiffs' market efficiency expert were also conducted as part of the discovery process. The depositions of Amyris's auditors and

2

STIPULATION AND AGREEMENT
OF SETTLEMENT

CASE NO. 4:19-cv-01765-YGR

relevant Amyris employees were scheduled and upcoming at the time the parties reached the agreement to settle in principle.

J.     On July 30, 2021, Plaintiffs filed their motion to certify the Action as a class action.  Following full briefing, on December 8, 2021, the Court issued an Order granting in part and denying in-part Plaintiffs' motion for class certification.  Through the Order, the Court certified a Class consisting of "[a]ll persons and entities who purchased shares of Amyris, Inc., common stock during the period from March 15, 2018 through March 19, 2019 (inclusive) and were damaged thereby; excluded from the Class are the Defendants, officers and directors of Amyris, members of the immediate families of the individual Defendants, and affiliates of the corporate Defendant."  In its Order, the Court appointed Carbone as Class Representative but declined to appoint Jansen as a class representative.

K.     On December 22, 2021, Defendants petitioned the United States Court of Appeals for the Ninth Circuit for permission to appeal the Order certifying the Class, pursuant to Fed. R. Civ. P. 23(f).  On January 7, 2022, Plaintiff filed his answer to the Rule 23(f) petition, and on January 14, 2022, Defendants filed a motion for leave to file a reply in support of the Rule 23(f) petition.  This motion and the Rule 23(f) petition remained pending when the parties agreed to resolve the Action.

L.     On February 23, 2021, the parties attended a full-day mediation with JAMS mediator Robert A. Meyer, Esq.  The parties negotiated in good faith but did not reach an agreement.  On March 18, 2021, the parties participated in a second full-day mediation with JAMS mediator Robert A. Meyer, Esq.  Again, the parties negotiated in good faith but did not reach an agreement, and litigation continued. The parties continued their negotiation efforts while litigating the Action.  On February 4, 2022, as a result of a mediator's proposal presented by Mr. Meyer, the parties reached an agreement in principle to settle the Action for $13,500,000.00, subject to the execution of formal settlement documents. This Stipulation (together with the exhibits hereto) constitutes the final and binding agreement between the parties.

3

STIPULATION AND AGREEMENT
OF SETTLEMENT

CASE NO. 4:19-cv-01765-YGR

M.    By Order dated February 11, 2022, the Court ordered that the case be recaptioned as *Vincent Carbone v. Amyris, Inc., John G. Melo, and Kathleen Valiasek*, Case No. 4:19-cv-01765-YGR.

N.    Class Representative and Class Counsel believe that the claims asserted in the Action, as reflected in the evidence developed to date, have substantial merit. Nonetheless, Class Representative recognizes that the expense and length of continued prosecution of the Action against Defendants through potential appeal of completion of discovery, potential appeal of Order certifying the Class, trial, and any subsequent appeals, would be significant. Class Representative has also taken into account the uncertain outcome and risks of any litigation, especially in complex actions such as this one. Based upon its investigation, considerable evidence gathered through discovery, consultation with experts, and the assistance of the mediator as set forth above, Class Counsel represents that it concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Class Representative and the Class, and in their best interests, and have agreed to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering (i) the substantial benefits that the members of the Class will receive from settlement of the Action as against Defendants, (ii) the attendant risks of litigation, and (iii) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation

O.    Defendants have denied and continue to deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws. Defendants have denied and continue to deny each and every one of the claims alleged by Class Representative in the Action on behalf of the Class, including all claims in the complaints filed in the Action. Defendants also have denied and continue to deny, inter alia, the allegations that Class Representative or Class Members have suffered damage or were otherwise harmed by the conduct alleged in the Action. Defendants have asserted and continue to assert that their public statements during the Class Period contained no material misstatements or omissions. Defendants have asserted and continue to assert that, at all times, they acted in good

4

faith and in a manner they reasonably believed to be in accordance with all applicable rules, regulations, and laws.  Nonetheless, Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation to avoid the further expense, inconvenience, and burden of this Action, the distraction and diversion of personnel and resources, and to obtain the conclusive and complete dismissal and/or release of this Action and Released Claims.

P.    The Stipulation, whether or not consummated, any proceedings relating to any settlement, or any of the terms of any settlement, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of the Defendants, or any of them individually, with respect to any fact or matter alleged in the Action, or any claim of fault or liability or wrongdoing or damage whatsoever, or any infirmity in any claim or defense that has been or could have been asserted.

**NOW THEREFORE**, without any concession by Class Representative that the Action lacks merit, and without any concession by the Defendants of any liability, wrongdoing, fault, or lack of merit in the defenses asserted, it is hereby **STIPULATED AND AGREED**, by and among the parties to this Stipulation ("Parties"), through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties hereto, all Released Claims and all Released Defendants' Claims, as against all Released Parties, shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, and without costs (except as provided in the Stipulation), upon and subject to the following terms and conditions:

## **DEFINITIONS**

1.    As used in this Stipulation, the following terms shall have the meanings set forth below.  In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

5

STIPULATION AND AGREEMENT
OF SETTLEMENT

CASE NO. 4:19-cv-01765-YGR

(a)      "Action" means the civil action captioned *Carbone v. Amyris, Inc., et al.*, Case No. 4:19-cv-01765-YGR, pending in the United States District Court for the Northern District of California before the Honorable Yvonne Gonzalez Rogers.

(b)      "Authorized Claimant" means a Class Member whose claim for recovery from the Settlement has been allowed pursuant to the terms of the Stipulation and the Court-approved Plan of Allocation.

(c)      "Claims Administrator" means the firm KCC Class Action Services, retained subject to Court approval to administer the Settlement, including providing all notices approved by the Court to Class Members, and processing proofs of claim.

(d)      "Class" or "Class Member" means all persons or entities who purchased or acquired the publicly traded common stock of Amyris, Inc. during the period from March 15, 2018 through March 19, 2019, inclusive, and who were damaged thereby. Excluded from the Class are: (i) all Defendants; (ii) members of the immediate families of Individual Defendants Melo and Valiasek; (iii) any subsidiaries and affiliates of Defendants; (iv) any person who is or was an officer or director of Amyris or any of Amyris's subsidiaries or affiliates; (v) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; (vi) Amyris's employee retirement and benefit plan(s); and (vii) the legal representatives, heirs, successors and assigns of any such excluded person or entity.  Also excluded from the Class shall be any person or entity that timely submits a valid request for exclusion from the Class, which is accepted by the Court.

(e)      "Class Counsel" means the law firm of Federman & Sherwood.

(f)      "Class Period" means the period from March 15, 2018 through March 19, 2019, inclusive.

(g)      "Court" means the United States District Court for the Northern District of California.

(h)      "Defendants" means Amyris, Inc., John G. Melo, and Kathleen Valiasek.

6

STIPULATION AND AGREEMENT                                          CASE NO. 4:19-cv-01765-YGR
OF SETTLEMENT

(i)    "Defendants' Counsel" means the law firms of Gibson Dunn & Crutcher LLP and Orrick Herrington & Sutcliffe LLP

(j)    "Effective Date" means the date upon which the Settlement shall have become effective, as set forth in ¶ 37 below.

(k)    "Escrow Account" means the separate escrow account maintained at Huntington Bank, into which the Settlement Amount will be deposited for the benefit of the Class.

(l)    "Escrow Agent" means KCC Class Action Services.

(m)    "Fee and Expense Application" means Class Counsel's application, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees and payment of litigation expenses incurred in prosecuting the case, including any award to Class Representative or award to Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(4) of the Private Securities Litigation Reform Act of 1995 ("PSLRA").

(n)    "Final" shall mean, with respect to the Court's Judgment, the occurrence of either of the following (whichever is earlier): (i) if an appeal or review is not sought by any Person from the Judgment, the day following the expiration of the time to appeal or petition from the Judgment ; or (ii) if an appeal or review is sought from the Judgment, the day after such Judgment is no longer subject to further judicial review, including upon appeal or review by writ of certiorari.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of Allocation, or to the Court's award of attorneys' fees or expenses, shall not in any way delay or affect the time set forth above for the Judgment to become Final or otherwise preclude the Judgment from becoming Final.

(o)    "Individual Defendants" means John G. Melo and Kathleen Valiasek.

(p)    "Judgment" means the proposed judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B, or in such other form as is entered by the Court that does not prompt either Party to terminate the Settlement, terminating pursuant to Federal Rule of Civil Procedure 54(b) all proceedings of any kind in this

7

Action as between Plaintiffs (including the Class) and Defendants and dismissing the Action and all claims therein against Defendants with prejudice.

(q)     "Liaison Counsel" means Green & Noblin, P.C.

(r)     "Long Notice" means the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing Thereon, which is to be posted to the settlement website and which shall be substantially in the form attached as Exhibit 1 to Exhibit A hereto.

(s)     "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and expenses; (ii) Notice and Administration Expenses; (iii) Taxes; and (iv) any other fees or expenses approved by the Court.

(t)     "Notice," "Notices" or "Settlement Notice" refers to the notice to be provided to the Class in the form of the Long Notice, Postcard Notice, and Summary Notice, collectively.

(u)     "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice to the Class and the administration of the Settlement, including but not limited to: (i) providing notice of the pendency of the Action and the Settlement by mail, publication, and other means to Class Members; (ii) receiving and reviewing claims; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

(v)     "Person(s)" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity, and, as applicable, their respective spouses, heirs, predecessors, successors-in-interest, representatives, and assigns.

(w)     "Plaintiff" or "Class Representative" means Vincent Carbone.

8

STIPULATION AND AGREEMENT                          CASE NO. 4:19-cv-01765-YGR
OF SETTLEMENT

(x)      "Plaintiffs" means Vincent Carbone and all other members of the Class, collectively.

(y)      "Plaintiffs' Counsel" means Class Counsel and Liaison Counsel.

(z)      "Plan of Allocation" means the Plan of Allocation for the Net Settlement Fund, which shall be substantially in the form described in the Long Notice or any other plan of distributing the Net Settlement Fund as shall be approved by the Court.

(aa)      "Postcard Notice" means the postcard notice to be mailed to Class Members substantially in the form attached hereto as Exhibit 4 to Exhibit A, and which shall contain information relating to, among other things, how to access the Long Notice, Stipulation, and file a Proof of Claim.

(bb)      "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, substantially in the form attached hereto as Exhibit A.

(cc)      "Proof of Claim" or "Claim Form" means the Proof of Claim and Release form for submitting a claim, which shall be substantially in the form attached as Exhibit 2 to Exhibit A hereto.

(dd)      "Released Claims" means all actions, suits, claims, demands, rights, liabilities, damages, costs, restitution, rescission, interest, attorneys' fees, expert or consulting fees, expenses, matters and issues known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, whether concealed or hidden, and causes of action of every nature and description, including both known claims and Unknown Claims, whether based on federal, state, local, foreign, statutory or common law or any other law, rule or regulation that have been or that might have been asserted by any Releasing Plaintiff Party against any of the Released Defendant Parties, arising out of, relating to, based upon, or in connection with: (a) any purchase, acquisition, sale, or holding of Amyris publicly traded

9

STIPULATION AND AGREEMENT                    CASE NO. 4:19-cv-01765-YGR
OF SETTLEMENT

common stock during the Class Period and (b) any facts, claims, matters, allegations, activities, transactions, events, disclosures, representations, statements, acts, or omissions or failures to act that were alleged, set forth, referred to, or that could have been alleged in the Action, in the Amended Complaint, or in any complaint filed in this Action, against the Released Defendant Parties. Released Claims does not include claims relating to the enforcement of the Settlement.

(ee)   "Released Defendant Party" or "Released Defendant Parties" means Defendants, and each of their respective past or present parents, subsidiaries, divisions, affiliates, stockholders, officers, directors, insurers, employees, agents, attorneys, general or limited partners, partnerships, limited liability companies, predecessors, successors, assigns, heirs, trustees, administrators, and any of their legal representatives (and the predecessors, heirs, executors, administrators, trustees, successors, immediate family members, purchasers, and assigns of each of the foregoing), in their capacities as such.

(ff)   "Released Defendants' Claims" means all claims, demands, rights, remedies, liabilities, costs, attorneys' fees, expenses, and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, whether arising under federal, state, local, statutory, common or foreign law, or any other law, rule, or regulation, that the Releasing Defendant Parties could have asserted against any of the Released Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement.

(gg)   "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

(hh)   "Released Plaintiff Party" or "Released Plaintiff Parties" means the Class Representative, the Class, Class Counsel, Liaison Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, limited liability companies, heirs, trustees, administrators, and any of their legal representatives (and the predecessors, heirs, executors, administrators, trustees,

10

successors, immediate family members, purchasers, and assigns of each of the foregoing), in their capacities as such.

(ii)      "Releasing Defendant Party" or "Releasing Defendant Parties" means each and every Defendant, and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such.

(jj)      "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means each and every Class Representative and Class Member (who is not otherwise properly excluded from the Class), and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such.

(kk)      "Settlement" means the resolution of the Action in accordance with the terms and provisions of the Stipulation.

(ll)      "Settlement Amount" means the total principal amount of thirteen million and five hundred thousand U.S. dollars ($13,500,000.00) in cash.

(mm)      "Settlement Fund" means the Settlement Amount and any interest earned thereon.

(nn)      "Settlement Hearing" means the hearing to be held by the Court to determine whether (i) the Settlement is fair, reasonable, and adequate and should be approved, (ii) the Plan of Allocation is fair, reasonable and adequate and should be approved, and (iii) Class Counsel's request for an award of attorneys' fees and expenses should be approved.

(oo)      "Stipulation" means this Stipulation and Agreement of Settlement.

(pp)      "Summary Notice" means the Summary Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing Thereon for publication, which shall be substantially in the form attached as Exhibit 3 to Exhibit A hereto.

(qq)      "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and the expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants).

11

STIPULATION AND AGREEMENT                                    CASE NO. 4:19-cv-01765-YGR
OF SETTLEMENT

(rr)    "Unknown Claims" means any and all Released Claims that Class Representative or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Class. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Class Representative and Defendants shall expressly, and each other Class Member shall be deemed to have, and by operation of the Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Class Representative, other Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims and the Released Defendants' Claims, but Class Representative and Defendants shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, known or unknown, suspected or

12

unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Class Representative and Defendants acknowledge, and other Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

## SCOPE AND EFFECT OF THE SETTLEMENT

2.    The obligations incurred pursuant to the Stipulation are (a) subject to approval by the Court and the Judgment, reflecting such approval, becoming Final; and (b) in full and final disposition of the Action with respect to the Released Parties and any and all Released Claims and Released Defendants' Claims.

3.    Upon the Effective Date of the Settlement, the Class Representative and each Class Member (who is not otherwise properly excluded from the Class), on behalf of themselves and each of the Releasing Plaintiff Parties, shall be deemed to have fully, finally, and forever waived, released, discharged, covenanted not to bring, and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties.

4.    Upon the Effective Date of the Settlement, Defendants, on behalf of themselves and each of the Releasing Defendant Parties, shall be deemed to have fully, finally, and forever waived, released, discharged, covenanted not to bring, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

## THE SETTLEMENT CONSIDERATION

13

STIPULATION AND AGREEMENT                                    CASE NO. 4:19-cv-01765-YGR
OF SETTLEMENT

5.       In full settlement of the claims asserted in the Action against Defendants and in consideration of the releases specified in ¶¶ 3-4, above, all of which the Parties agree are good and valuable consideration, within thirty (30) calendar days after the later of (i) entry of an order preliminarily approving the Settlement or (ii) receipt of complete and accurate payment instructions and W-9 for the Settlement Fund from Class Counsel, Defendants shall deposit or cause to be deposited by wire transfer $13,500,000.00 into the Escrow Account. Defendants shall have no obligation to pay any sum of any kind or for any purpose other than the Settlement Amount.

6.       With the sole exception of Defendants' obligation to secure payment of the Settlement Amount into the Escrow Account as provided for in ¶ 5, Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Class Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund to eligible Class Members; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

7.       Other than the obligation to cause the payment of the Settlement Amount pursuant to ¶ 5, Defendants shall have no obligation to make any other payments of any kind whatsoever, including but not limited to into the Escrow Account or to any Class Member pursuant to this Stipulation.

### USE AND TAX TREATMENT OF SETTLEMENT FUND

8.       The Settlement Fund shall be used: (i) to pay any Taxes; (ii) to pay Notice and Administration Expenses, as authorized by this Stipulation; (iii) to pay any attorneys' fees and

14

STIPULATION AND AGREEMENT
OF SETTLEMENT

CASE NO. 4:19-cv-01765-YGR

expenses awarded by the Court pursuant to Class Counsel's Fee and Expense Application; (iv) to pay any other fees and expenses ordered by the Court; and (v) to pay the claims of Authorized Claimants.

9.    The Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶¶ 21 - 33 hereof. The Net Settlement Fund shall remain in the Escrow Account before the Effective Date. All funds held in the Escrow Account, and all earnings thereon, shall be deemed to be in the custody of the Court (in custodia legis), and shall remain subject to the jurisdiction of the Court until such time as the funds shall have been disbursed or returned, pursuant to the terms of this Stipulation, and/or further order of the Court.  The Escrow Agent shall invest the Settlement Fund exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government.  Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent. All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund and its Escrow Agent.

10.    After the Settlement Amount has been paid into the Escrow Account, the Parties agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.  In addition, Class Counsel shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this paragraph 10, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of Class Counsel to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for

15

signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to occur. Consistent with the foregoing:

(a) For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be Class Counsel or their successors, who shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and information returns (together, "Tax Returns") necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)). Such Tax Returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided in subparagraph (c) of this paragraph 10.

(b) All Taxes shall be paid out of the Settlement Fund. In all events, Defendants and Defendants' Counsel shall have no liability or responsibility whatsoever for the Taxes or the filing of any tax return or other document with the Internal Revenue Service or any other state or local taxing authority. In the event any Taxes are owed by any of the Defendants on any earnings on the funds on deposit in the Escrow Account, such amounts shall also be paid out of the Settlement Fund.

(c) Taxes shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by Class Counsel out of the Settlement Fund without prior order from the Court, and Class Counsel shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)). The Parties agree to cooperate with Class Counsel, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph 10.

STIPULATION AND AGREEMENT
OF SETTLEMENT

CASE NO. 4:19-cv-01765-YGR

11.     This is not a claims-made settlement. After the Effective Date, Defendants, and/or any other Person funding the Settlement on their behalf, shall have no interest in the Settlement Fund or in the Net Settlement Fund, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason, and shall not have liability should claims made exceed the amount available in the Settlement Fund for payment of such claims.

**ATTORNEYS' FEES AND EXPENSES**

12.     Class Counsel, on behalf of Plaintiffs' Counsel, will file with the Court a Fee and Expense Application. The Fee and Expense Application will seek the award of attorneys' fees and the payment of litigation expenses incurred in prosecuting the Action, including any award to Class Representative or Lead Plaintiff.   Any award of attorneys' fees or litigation expenses shall be paid solely from the Settlement Fund.

13.     Defendants take no position with respect to Class Counsel's Fee and Expense Application.  The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court.  Any attorneys' fees and expenses awarded by the Court shall be payable from the Settlement Fund to Class Counsel immediately upon entry of the Court's order awarding such fees and expenses, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof. Class Counsel shall allocate any Court-awarded attorneys' fees and expenses among Plaintiffs' Counsel.

14.     Any payment of attorneys' fees and expenses pursuant to ¶¶ 12-13 above shall be subject to Class Counsel's obligation to make refunds or repayments to the Settlement Fund of any paid amounts, plus accrued earnings at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or fails to become effective for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the award of attorneys' fees and/or expenses is reduced or reversed by final non-appealable court order.  Class Counsel shall make the appropriate refund or repayment in full no later than fifteen (15) business days after receiving notice of the

17

termination of the Settlement pursuant to this Stipulation, notice from a court of appropriate jurisdiction of the disapproval of the Settlement by final non-appealable court order, or notice of any reduction or reversal of the award of attorneys' fees and/or expenses by final non-appealable court order.

15.    With the sole exception of Defendants' obligation to pay the Settlement Amount into the Escrow Account as provided for in ¶ 5, Defendants shall have no responsibility for, and no liability whatsoever with respect to, any payment whatsoever to Class Counsel or Plaintiffs' Counsel in the Action that may occur at any time.

16.    Defendants shall have no responsibility for, and no liability whatsoever with respect to, any allocation of any attorneys' fees or expenses among Class Counsel or Plaintiffs' Counsel in the Action, or to any other Person who may assert some claim thereto, or any fee or expense awards the Court may make in the Action.

17.    Defendants shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses incurred by or on behalf of Class Members, whether or not paid from the Escrow Account. The Settlement Fund will be the sole source of payment from Defendants for any award of attorneys' fees and expenses ordered by the Court.

18.    The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, and are separate from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and shall have no effect on the terms of this Stipulation or on the validity or enforceability of this Settlement.  The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Class Representative or Lead Plaintiff, nor any appeals to such awards. Class Representative and Class Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶¶ 38 - 42 or otherwise based on the Court's or any appellate court's ruling with respect to fees and expenses in the Action.

18

STIPULATION AND AGREEMENT                                    CASE NO. 4:19-cv-01765-YGR
OF SETTLEMENT

## ADMINISTRATION EXPENSES

19.    Except as otherwise provided herein, the Net Settlement Fund shall be held in the Escrow Account until the Effective Date.

20.    Before the Effective Date of the Settlement, without further order of the Court, Class Counsel may expend up to $250,000.00 from the Settlement Fund to pay Notice and Administration Expenses actually incurred. Additional sums for this purpose before the Effective Date may be paid from the Settlement Fund upon approval of Defendants or order of the Court. Taxes and fees related to the Escrow Account and investment of the Settlement Fund may be paid as incurred, without further order of the Court.  Before the Effective Date of the Settlement, no funds shall be released from the Escrow Account without the joint approval of Class Counsel and Defendants' Counsel. After the Effective Date, Taxes and Notice and Administration Expenses may be paid as incurred, without approval of Defendants or further order of the Court.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

21.    The Claims Administrator, subject to such supervision and direction of Class Counsel and/or the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members subject to the jurisdiction of the Court and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.  Defendants and Defendants' Counsel shall have no responsibility for (except as stated in ¶ 5 hereof), interest in, or liability whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability to the Class in connection with such administration, including with respect to: (i) any act, omission, or determination by Class Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management or investment of the Settlement Fund or the Net Settlement Fund, or the distribution of the Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination,

19

STIPULATION AND AGREEMENT                                    CASE NO. 4:19-cv-01765-YGR
OF SETTLEMENT

administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; (vi) the payment or withholding of any taxes, expenses, and/or costs incurred with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

22.    The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as defined in the Plan of Allocation included in the Long Notice, or in such other plan of allocation as the Court may approve.

23.    Defendants have no role in the development of the Plan of Allocation. The Plan of Allocation is a matter separate and apart from the Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Plan of Allocation is not a necessary term of the Stipulation and it is not a condition of the Stipulation that any particular plan of allocation be approved by the Court. Class Representative and Class Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶ 38 or otherwise based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in the Action. Defendants and Defendants' Counsel shall have no responsibility or liability for reviewing or challenging claims, the allocation of the Net Settlement Fund, or the distribution of the Net Settlement Fund.

24.    Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants.

25.    If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion and who would receive at least $10.00 form such

20

redistribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this redistribution. Redistributions shall be repeated until the balance in the Net Settlement Fund is no longer feasible or economical to distribute to Class Members. Any balance that still remains in the Net Settlement Fund after redistribution(s), which is not feasible or economical to reallocate, after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, shall be contributed to Public Justice Foundation, a §501(c)(3) non-profit, non-sectarian organization devoted to litigation and education in issues of public interest.  This is not a claims-made settlement and, if all conditions of the Stipulation are satisfied and the Settlement becomes Final, no portion of the Settlement Fund will be returned to the Defendants or their insurance carriers.

## ADMINISTRATION OF THE SETTLEMENT

26.     Any Class Member who fails timely to submit a valid Proof of Claim (substantially in the form of Exhibit 2 to Exhibit A) will not be entitled to receive any of the proceeds from the Net Settlement Fund, except as otherwise ordered by the Court, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and all releases provided for herein, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.

27.     Class Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator. Class Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Class Counsel deem to be de minimis formal or technical defects in any Proof of Claim submitted. Defendants and Defendants' Counsel shall have no liability, obligation or responsibility for the administration of the Settlement, the allocation of the Net Settlement Fund, or the reviewing or challenging of claims of Class Members.

28.     For purposes of determining the extent, if any, to which a claimant shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

21

(a)      Each claimant shall be required to submit a Proof of Claim, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the claimant's status as a Class Member, proof of the claimant's loss, or such other documents or proof as the Claims Administrator or Class Counsel, in their discretion, may deem acceptable;

(b)      All Proofs of Claim must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless such deadline is extended by Class Counsel in their discretion or by Order of the Court. Any Class Member who fails to submit a Proof of Claim by such date shall be barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court or the discretion of Class Counsel, late-filed Proofs of Claim are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and all releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Defendant Party. A Proof of Claim shall be deemed to be submitted when completed online or when mailed, if received with a postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator. Notwithstanding the foregoing, Class Counsel shall have the discretion (but not the obligation) to accept for processing late-submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed. Class Counsel shall have no liability for their discretion in accepting late claims;

(c)      Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under such supervision of Class Counsel as necessary, who shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed;

(d)      Proofs of Claim that do not meet the submission requirements may be rejected. Before rejecting a Proof of Claim in whole or in part, the Claims Administrator shall

22

communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim submitted. The Claims Administrator, under such supervision of Class Counsel, as necessary, shall notify, in a timely fashion and in writing, all claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph (e) below;

(e)    If any claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

29.    Each claimant who submits a Proof of Claim shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, including but not limited to, all releases provided for herein and in the Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Class Member and the validity and amount of the claimant's claim. In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Action or the Settlement.

30.    Payment pursuant to the Stipulation and Plan of Allocation shall be deemed final and conclusive against any and all Class Members. All Class Members whose claims are not approved shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein and

23

STIPULATION AND AGREEMENT
OF SETTLEMENT

CASE NO. 4:19-cv-01765-YGR

therein, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.

31. All proceedings with respect to the administration, processing and determination of claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment.

32. No Person shall have any claim of any kind against the Released Defendant Parties or Defendants' Counsel with respect to the matters set forth in this section (i.e., ¶¶ 26-32) or any of its subsections, or otherwise related in any way to the administration of the Settlement, including without limitation the processing of claims and distributions.

33. No Person shall have any claim against Class Representative, Class Counsel, or the Claims Administrator, or other Person designated by Class Counsel, based on the distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

### **TERMS OF THE PRELIMINARY APPROVAL ORDER**

34. Concurrently with their application for preliminary approval by the Court of the Settlement contemplated by this Stipulation and promptly upon execution of this Stipulation, and no later than five (5) business days after the execution of the Stipulation, Class Counsel shall apply to the Court for entry of the Preliminary Approval Order, which shall be substantially in the form annexed hereto as Exhibit A. The Preliminary Approval Order will, *inter alia*, preliminarily approve the Settlement, set the date for the Settlement Hearing, approve the form of notice, and prescribe the method for giving notice of the Settlement to the Class.

35. No later than twenty (20) calendar days after entry of the Preliminary Approval Order, Amyris will provide transfer records in electronic searchable form to Class Counsel, if such records have not already been provided, and the Claims Administrator.

24

STIPULATION AND AGREEMENT                                    CASE NO. 4:19-cv-01765-YGR
OF SETTLEMENT

## TERMS OF THE JUDGMENT

36.     If the Settlement contemplated by this Stipulation is approved by the Court, Class Counsel shall request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.  The Parties recognize that this Action was filed by Class Representative and defended by Defendants in good faith, and neither Class Representative, Defendants, nor their respective counsel shall make any applications for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure or other court rule or statute with respect to any claims or defenses asserted in this Action.  As required by the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(c)(1), the proposed Judgment will contain the following finding, in order to fully conclude the Action:

> The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

The Settlement is in no way contingent upon the Court's ultimate findings regarding the Parties' compliance with Rule 11.

## EFFECTIVE DATE OF SETTLEMENT

37.     The Effective Date of this Settlement shall be the first business day on which all of the following shall have occurred or been waived:

(a)     entry of the Preliminary Approval Order, which shall be in all material respects substantially in the form set forth in Exhibit A annexed hereto;

(b)     payment of the Settlement Amount into the Escrow Account pursuant to ¶ 5;

(c)     approval by the Court of the Settlement, following notice to the Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

25

STIPULATION AND AGREEMENT                                        CASE NO. 4:19-cv-01765-YGR
OF SETTLEMENT

(d) a Judgment, which shall be in all material respects substantially in the form set forth in Exhibit B annexed hereto, will have been entered by the Court and will have become Final.

## **WAIVER OR TERMINATION**

38. Defendants and Class Representative shall have the right to terminate the Settlement and the Stipulation by providing written notice of their election to do so ("Termination Notice"), through counsel, to all other Parties hereto within fourteen (14) calendar days of: (i) the Court's final non-appealable refusal to enter the Preliminary Approval Order in any material respect; (ii) the Court's final non-appealable refusal to approve this Stipulation or any material part of it; (iii) the Court's final non-appealable refusal to enter the Judgment in any material respect; or (iv) the date upon which the Judgment is modified or reversed in any material respect by a Final order of the Court, the United States Court of Appeals, or the Supreme Court of the United States. For the avoidance of doubt, Class Representative shall not have the right to terminate the Settlement due to any decision, ruling, or order relating to the Fee and Expense Application or any plan of allocation, or relating to the Court's findings pursuant to 15 U.S.C. § 78u-4(c)(1).

39. In addition to the foregoing, Defendants shall also have the right to withdraw from the Settlement in the event the Termination Threshold (defined below) has been reached.

(a) Simultaneously herewith, Defendants' Counsel and Class Counsel are executing a confidential Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement"). The Supplemental Agreement sets forth certain conditions under which Defendants shall have the option to terminate the Settlement and render the Stipulation null and void in the event that requests for exclusion from the Class exceed certain agreed-upon criteria (the "Termination Threshold"). The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court. If submission of the Supplemental Agreement is required

26

for resolution of a dispute or is otherwise ordered by the Court, the Parties will use their best reasonable efforts to have the Supplemental Agreement submitted to the Court in camera or under seal.

(b)      In the event of a termination of the Settlement pursuant to the Supplemental Agreement, the Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶ 44 – 45, which shall continue to apply.

40.     The Preliminary Approval Order, attached hereto as Exhibit A, shall provide that requests for exclusion shall be received no later than twenty-one (21) calendar days before the Settlement Hearing. Upon receiving any request for exclusion from the Class, Class Counsel shall promptly, and no later than ten (10) calendar days before the Settlement Hearing, notify Defendants' Counsel of such request for exclusion and provide copies of such request for exclusion and any documentation accompanying it by email.

41.     In addition to all of the rights and remedies that Class Representative have under the terms of this Stipulation, Class Representative shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid in the time period provided for in ¶ 5 above, by providing written notice of the election to terminate to all other Parties' counsel and, thereafter, there is a failure to pay the Settlement Amount within fourteen (14) calendar days of such written notice.

42.     If an option to withdraw from and terminate this Stipulation and Settlement arises under any of ¶¶ 38 - 42 above: (i) neither Defendants nor Class Representative (as the case may be) will be required for any reason or under any circumstance to exercise that option; and (ii) any exercise of that option shall be made in good faith, but in the sole and unfettered discretion of Defendants or Class Representative, as applicable, but in a manner consistent with the Settlement.

43.     With the exception of the provisions of ¶¶ 44 - 45 which shall continue to apply, in the event the Settlement is terminated as set forth herein or cannot become effective for any reason, then the Settlement shall be without prejudice, and none of its terms shall be effective or

27

STIPULATION AND AGREEMENT                          CASE NO. 4:19-cv-01765-YGR
OF SETTLEMENT

enforceable except as specifically provided herein; the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of February 4, 2022; and, except as specifically provided herein, the Parties shall proceed in all respects as if this Stipulation and any related order had not been entered. In such event, this Stipulation, and any aspect of the discussions or negotiations leading to this Stipulation shall not be admissible in this Action and shall not be used against or to the prejudice of Defendants or against or to the prejudice of Class Representative, in any court filing, deposition, at trial, or otherwise.

44.    In the event the Settlement is terminated or fails to become effective for any reason, any portion of the Settlement Amount previously paid, together with any earnings thereon, less any Taxes paid or due, less Notice and Administration Expenses actually incurred and paid or payable from the Settlement Amount, shall be returned to the Person(s) that made the deposit(s) within fifteen (15) business days after written notification of such event and the provision of appropriate payments instructions to Class Counsel. At the request of Defendants' Counsel, the Escrow Agent or their designees shall apply for any tax refund owed on the amounts in the Escrow Account and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), of such refund to the Person(s) that made the deposits or as otherwise directed.

## NO ADMISSION

45.    Except as set forth in ¶ 46 below, this Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)    do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation

28

STIPULATION AND AGREEMENT
OF SETTLEMENT

CASE NO. 4:19-cv-01765-YGR

by Class Representative and the Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever;

(b)   do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Class Representative, or any other member of the Class as evidence of any infirmity in the claims of Class Representative, or the other members of the Class;

(c)   do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Class Representative, any other member of the Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Class Representative, other members of the Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)   do not constitute, and shall not be construed against Defendants, Class Representatives, or any other member of the Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)   do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Class Representative, or any other member of the Class that any of their claims are without merit or infirm or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount.

29

STIPULATION AND AGREEMENT
OF SETTLEMENT

CASE NO. 4:19-cv-01765-YGR

46.     Notwithstanding ¶ 45 above, the Parties, and their respective counsel, may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy. The Parties may file this Stipulation and/or the Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment. All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

## MISCELLANEOUS PROVISIONS

47.     All of the exhibits to the Stipulation, and the Supplemental Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

48.     The Parties intend the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Parties with respect to the Released Claims and Released Defendants' Claims. The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties and their respective counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

49.     The Parties shall, in good faith, endeavor to communicate the terms of the Settlement, if at all, in a manner that is respectful of the fact that no final adjudication was determined by a court or a jury.

50.     This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among the Parties concerning the Settlement as against the Defendants, and no representation, warranty, or inducement has been made by any Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents. This Stipulation, along with its exhibits and the Supplemental Agreement may not be modified or

30

amended, nor may any of its provisions be waived, except by a writing signed by counsel for the Parties hereto.

51.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

52.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and any expenses, and implementing and enforcing the terms of this Stipulation.

53.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

54.     Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

55.     Unless otherwise provided, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

56.     All designations and agreements made, or orders entered during the course of the Action relating to the confidentiality of documents or information shall survive this Stipulation.

57.     This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signatures sent by facsimile or via e-mail in pdf format shall be deemed originals.

58.     This Stipulation shall be binding when signed, subject to the Settlement reaching its Effective Date pursuant to ¶ 37 and the provisions for termination set forth in ¶¶ 38-44.

59.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties. The replacement of counsel for any Party shall in no way impact this Stipulation and replacement counsel shall carry out any and all obligations as if they had been counsel at all times.

STIPULATION AND AGREEMENT                                          CASE NO. 4:19-cv-01765-YGR
OF SETTLEMENT

60. The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

61. This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

62. All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement document, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms, without requiring additional consent, approval, or authorization of any other Person, board, entity, tribunal, or other regulatory or governmental authority.

63. The parties and their respective counsel agree to cooperate fully with one another in promptly applying for preliminary approval by the Court of the Settlement and for the scheduling of a hearing for consideration of final approval of the Settlement, the Plan of Allocation and Class Counsel's Fee and Expense Application, and to agree promptly upon and execute all such other documentation as reasonably may be required to obtain final approval by the Court of the Settlement.

64. Except as otherwise provided herein, each Party shall bear its own costs.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of March 24, 2022.

32

STIPULATION AND AGREEMENT
OF SETTLEMENT

CASE NO. 4:19-cv-01765-YGR

By: _____

   William B. Federman

FEDERMAN & SHERWOOD

*Class Counsel for Plaintiffs*

By: _____

   Michael D. Celio

GIBSON, DUNN & CRUTCHER LLP

*Attorneys for Amyris, Inc. and John G. Melo*

By: _____

   James N. Kramer

ORRICK, HERRINGTON & SUTCLIFFE LLP

*Attorneys for Kathleen Valiasek*

33

STIPULATION AND AGREEMENT
OF SETTLEMENT

CASE NO. 4:19-cv-01765-YGR

# EXHIBIT A

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| VINCENT CARBONE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMYRIS, INC., JOHN G. MELO, and KATHLEEN VALIASEK,<br><br>Defendants. | Case No.:  4:19-cv-01765-YGR<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT** |

WHEREAS, an action is pending before this Court entitled *Carbone v. Amyris, Inc., et al.*, Case No. 4:19-cv-01765-YGR (the "Action");

WHEREAS, by Order dated December 8, 2021, the Court certified a class consisting of: all persons and entities who purchased shares of Amyris, Inc. ("Amyris") common stock during the period from March 15, 2018 through March 19, 2019, inclusive, (the "Class Period") and who were damaged thereby (the "Class").  Excluded from the Class are (i) all Defendants; (ii) members of the immediate families of Individual Defendants Melo and Valiasek; (iii) any subsidiaries and affiliates of Defendants; (iv) any person who is or was an officer or director of Amyris or any of Amyris's subsidiaries or affiliates; (v) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; (vi) Amyris's employee retirement and benefit plan(s); and (vii) the legal representatives, heirs, successors and assigns of any such excluded person or entity.  Also

United States District Court
Northern District of California

excluded from the Class is any person or entity that timely submits a valid request for exclusion in connection with the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing Thereon, which is accepted by the Court.

WHEREAS, as of March 24, 2022, Class Representative Vincent Carbone ("Plaintiff" or "Class Representative"), on behalf of himself and each of the members of the certified Class, on the one hand, and Defendants Amyris, John G. Melo, and Kathleen Valiasek ("Defendants" and, together with Plaintiff, the "Parties"), on the other hand, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the Action, which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the Settlement of this Action;

WHEREAS, the Parties have made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Action, in accordance with the Stipulation;

WHEREAS, the Court has reviewed and considered the Stipulation and the accompanying exhibits;

WHEREAS, the Parties have consented to the entry of this order; and

WHEREAS, all capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2022, that:

1.	The Court has reviewed the Stipulation and preliminarily finds the Settlement set forth therein to be fair, reasonable and adequate.  The Settlement: (a) resulted from arm's-length negotiations overseen by an experienced mediator; and (b) is sufficient to warrant (i) notice thereof, as set forth below, and (ii) a full hearing on the Settlement. Accordingly, the Court does hereby preliminarily approve the Stipulation and Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

CASE NO. 4:19-CV-01765-YGR	2	[PROPOSED] ORDER GRANTING PRELIMINARY
	APPROVAL OF CLASS ACTION SETTLEMENT

2. A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on _____, 2022, at __:____ a.m./p.m. for the following purposes:

(a) to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b) to determine whether the Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered;

(c) to determine whether the Plan of Allocation is fair, reasonable and adequate, and should be approved by the Court;

(d) to consider Class Counsel's motion for an award of attorneys' fees and expenses; and

(e) to rule upon such other matters as the Court may deem appropriate

3. The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Class of any kind. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice to members of the Class.

4. The Court approves the form, substance and requirements of the Settlement Notice and Proof of Claim, substantially in the forms annexed hereto as Exhibits 1, 2, 3, and 4.

5. The Court approves the retention of KCC Class Action Services as the Claims Administrator.

6. Amyris shall provide, or cause to be provided, to Class Counsel or the Claims Administrator, the Settlement Fund, Class Counsel, or the Claims Administrator, within twenty (20) calendar days after the Court enters this Order, documentation or data in the possession of Amyris or its present or former stock transfer agents sufficient to identify to the extent available the record holders of Amyris common stock during the period from March 15, 2018 through March 19, 2019,

CASE NO. 4:19-CV-01765-YGR                3        [PROPOSED] ORDER GRANTING PRELIMINARY
                                                    APPROVAL OF CLASS ACTION SETTLEMENT

inclusive, and their last known addresses or other similar information ("Stockholder Records"). The Parties shall determine an appropriate electronic format for provision of this information.

7.    The Claims Administrator shall cause notice of the Settlement and Settlement Hearing to be given as follows:

(a)    within thirty (30) calendar days after the Court enters this Order ("Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form annexed hereto as Exhibit 4, to be mailed by first-class mail, postage prepaid, to all Class Members who can be identified with reasonable effort, including by using the Stockholder Records.

(b)    contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the (i) Stipulation, (ii) Summary Notice, substantially in the form attached hereto as Exhibit 3, (iii) the Claim Form, substantially in the form attached hereto as Exhibit 2, and (iv) the Long Notice, substantially in the form attached hereto as Exhibit 1, to be posted on a website (the "Settlement Website") from which copies of the Long Notice and Claim Form can be downloaded; and

(c)    not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall publish the Summary Notice, substantially in the form attached hereto as Exhibit 3, once over *PR Newswire,* a national newswire service.

8.    Class Counsel shall, at least seven (7) calendar days before the Settlement Hearing, file with the Court proof of such mailing and publication.

9.    Securities brokers and other nominees ("Nominees") who purchased or acquired Amyris common stock for the beneficial ownership of Class Members during the Class Period shall (a) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Postcard Notice to such beneficial owners.

(a) Nominees who elect to send the Postcard Notice to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action;

(b) Upon full and timely compliance with this Order, Nominees who mail the Postcard Notice to beneficial owners, or who provide additional names and addresses of beneficial owners to the Claims Administrator, may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses subject to review by the Court.

10. The form and content of the notice program described herein, and the methods set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

11. In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is affected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator and postmarked or electronically submitted no later than fourteen (14) calendar days before the Settlement Hearing. Such deadline may be further extended by Court order or by Class Counsel in their discretion. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid) or when submitted electronically on the Settlement

CASE NO. 4:19-CV-01765-YGR          5     [PROPOSED] ORDER GRANTING PRELIMINARY
                                           APPROVAL OF CLASS ACTION SETTLEMENT

Website. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by Class Counsel, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 13 of this order. Notwithstanding the foregoing, Class Counsel shall have the discretion (but not the obligation) to accept for processing late-submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed. Class Counsel shall have no liability for their discretion in accepting late claims.

(b)        The Proof of Claim submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator with such supervision by Class Counsel as necessary; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of her current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)        As part of the Proof of Claim, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

12.    Any Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If any Class Member does not enter an appearance, he, she or it will be represented by Class Counsel.

CASE NO. 4:19-CV-01765-YGR                6    [PROPOSED] ORDER GRANTING PRELIMINARY
                                               APPROVAL OF CLASS ACTION SETTLEMENT

13.    Class Members shall be bound by all orders, determinations and judgments in this Action, whether favorable or unfavorable, unless such Persons or request exclusion from the Class in a timely and proper manner, as hereinafter provided, or as otherwise allowed by the Court.

(a)    A Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Settlement Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days before the Settlement Hearing. Such request for exclusion must state the name, address and telephone number of the Person seeking exclusion, must state that the sender requests to be excluded from the Class in *Carbone v. Amyris, Inc., et al.*, Case No. 4:19-cv-01765-YGR (N.D. Cal.) and must be signed by such Person. Such Persons requesting exclusion are also directed to provide the information requested in the Settlement Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases and acquisitions and sales of Amyris publicly traded common stock during the Class Period along with documented proof of such purchases and sales. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court or the Parties.

14.    Class Members who submit a timely and effective request for exclusion shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Settlement Notice.

15.    The Court will consider any Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Class Member has (a) served by hand or by mail his, her or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, and mailed to Class Counsel, William B. Federman, Federman & Sherwood, 10205 N. Pennsylvania Avenue, Oklahoma City, OK 73120, and Defendants' Counsel Representative, Michael D. Celio, Gibson Dunn & Crutcher LLP, 1881 Page Mill Road, Palo Alto, CA 94304; and (b) filed said objections and supporting papers with the Clerk of the Court, United States District Court for the Northern District of California, Ronald V. Dellums Federal Building & United States

Courthouse, 1301 Clay Street, Suite 400 S, Oakland, CA 94612. Any Class Member who does not make his, her, or its objection in the manner provided for in the Settlement Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given. The Court will consider all proper objections even if a Class Member does not attend the Settlement Hearing. However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the Settlement Hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

16.    Pending final determination of whether the Settlement should be approved, Class Representative, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against the Released Defendant Parties.

17.    As provided in the Stipulation, before the Effective Date, Class Counsel may pay the Claims Administrator fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement in an amount up to $250,000.00 (two hundred five thousand dollars and zero cents) out of the Settlement Fund without further approval from the Court.

18.    All papers in support of the Settlement, Plan of Allocation, and Class Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days before the Settlement Hearing. Any reply papers are to be filed with the Court and served no later than seven (7) calendar days before the Settlement Hearing.

CASE NO. 4:19-CV-01765-YGR          8    [PROPOSED] ORDER GRANTING PRELIMINARY
                                         APPROVAL OF CLASS ACTION SETTLEMENT

19.     The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved.  No person who is not a Class Member or Class Counsel shall have any right to any portion of, or to any distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation. Should the Settlement not reach its Effective Date, including by termination, the ownership of the Settlement Fund shall immediately revert to the funders in accordance with the provisions of the Stipulation without any further action by the Court.

20.     All funds held in escrow shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

21.     Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorney's fees or expenses submitted by Class Counsel or Class Representative, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

22.     Defendants shall, if they have not already, provide notice of the proposed Settlement to the appropriate state and federal officials as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

23.     If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of February 4, 2022.

24.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

CASE NO. 4:19-CV-01765-YGR          9      [PROPOSED] ORDER GRANTING PRELIMINARY
                                              APPROVAL OF CLASS ACTION SETTLEMENT

25.    The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.


DATED: _____                    _____

Hon. Yvonne Gonzalez Rogers
United States District Court Judge

**EXHIBIT A-1**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT CARBONE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMYRIS, INC., et al.,<br><br>Defendants. | Case No. 4:19-cv-01765-YGR |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION
AND SETTLEMENT HEARING THEREON**

TO:   ALL PERSONS OR ENTITIES WHO PURCHASED THE COMMON STOCK OF AMYRIS, INC. ("AMYRIS") DURING THE PERIOD MARCH 15, 2018 THROUGH MARCH 19, 2019, INCLUSIVE.

*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.  IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE PROPOSED SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM POSTMARKED ON OR BEFORE DECEMBER 18, 2018.

- **Security and Time Period**: Amyris common stock purchased during the period March 15, 2018 through March 19, 2019, inclusive.

- **Settlement Fund**: $13,500,000.00 in cash, plus all interest or income earned thereon.  Your recovery will depend on the amount of Amyris common stock you purchased, the timing of your purchases and sales, if any, the number of eligible shares that participate in the Settlement, and when those shares were purchased and sold, if at all.[1]  Plaintiffs and Defendants disagree on liability and damages.   Based on the information currently available to the Class Representative and the analysis performed by its damages consultant, it is estimated that if Class Members submit claims for 100% of the common stock estimated to be eligible for a distribution under the proposed Plan of Allocation (described in Question 8 below), the estimated average distribution will be approximately $0.23 per eligible share of stock, before deduction of Court-approved fees and expenses, including the cost of settlement administration, any attorneys' fees and expenses awarded by the Court to Plaintiffs' Counsel, and any

---

[1] All otherwise undefined terms have the definitions set forth in the Stipulation and Agreement of Settlement (the "Stipulation"), executed by the Parties on March 24, 2022.

2

reimbursement awarded by the Court to the Class Representative for his representation of the Class.  Historically, actual claim rates are less than 100%, which results in higher distributions per share.  The payment you get will reflect the percentage of the Net Settlement Fund that your Recognized Loss bears to the total of the Recognized Losses of all Authorized Claimants.

- **Reasons for Settlement**: The Settlement resolves claims against Defendants for alleged violations of the federal securities laws that have been pending since 2019.  Defendants deny all allegations of wrongdoing.  The Settlement provides the Class with a substantial benefit now (namely $13.5 million, plus interest), as compared to the risk that a smaller or no recovery would be achieved after engaging in years of further litigation – including contested motions, trial, and likely appeals, in which Defendants would have the opportunity to challenge and assert defenses to Plaintiffs' claims.  In light of the amount of the Settlement and the immediacy of recovery to the Class Members, the Class Representative and Plaintiffs' Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.

- **Fees and Expenses**:  Plaintiffs' Counsel have been prosecuting this litigation on a wholly contingent basis since its inception and have not received any payment for attorneys' fees, or reimbursement of out-of-pocket expenses advanced, in connection with their representation of the Class (including, but not limited to, investigating the facts, drafting and filing the complaints, responding to Defendants' motions to dismiss, successfully appealing the district court's dismissal of Plaintiffs' claims, issuing numerous subpoenas to third-parties with relevant information, reviewing millions of pages of documents produced by Defendants and third parties during discovery, seeking and obtaining an order certifying the action as a class action, and negotiating the Settlement).  Plaintiffs' Counsel will ask the Court for attorneys' fees not to exceed 25% of the Settlement Fund and reimbursement of out-of-pocket expenses not to exceed $400,000 to be paid from the Settlement Fund.  Additionally, Plaintiffs' Counsel intend to ask the Court for discretionary awards not to exceed $7,500, each, to reimburse the Class Representative and Lead Plaintiff for costs and expenses related to their direct representation of the Class.  If the above amounts are requested and approved by the Court, the average cost will be approximately $0.06 per eligible share of Amyris common stock.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A CLAIM FORM NO LATER THAN _____ __, _____** | The only way to get a payment. |
| **EXCLUDE YOURSELF NO LATER THAN _____ __, _____** | Get no payment.  This is the only option that potentially allows you to be part of any other lawsuit against Defendants about the legal claims in this case. |
| **OBJECT NO LATER THAN _____ __, _____** | Write to the Court about why you do not like the Settlement. |
| **GO TO THE SETTLEMENT HEARING ON _____ __, _____** | Speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment.  Give up rights. |

3

**WHAT THIS NOTICE CONTAINS**

Why Did I Get This Notice?                                                      Page _
What Is The Lawsuit About?                                                      Page _
Why Is This A Class Action?                                                     Page _
Why Is There A Settlement?                                                      Page _
How Do I Know If I Am Part of The Settlement?                                   Page _
Are There Exceptions To Being Included In the Settlement?                       Page _
What Does The Settlement Provide?                                              Page _
How Much Will My Payment Be? What Is The Plan Of Allocation?                    Page _
How Do I Participate In The Settlement?                                         Page _
When Will I Receive My Payment?                                                 Page _
What Rights Am I Giving Up By Remaining In The Class?                           Page _
What If A Class Member Is Deceased?                                             Page _
What If I Bought Shares of Amyris Common Stock On Someone Else's Behalf         Page _
How Do I Exclude Myself From The Settlement?                                    Page _
If I Do Not Exclude Myself, Can I Sue Defendants For The Same Thing Later?      Page _
If I Exclude Myself, Can I Get Money From This Settlement?                      Page _
Do I Have A Lawyer In This Case?                                                Page _
How Will The Lawyers Be Paid?                                                   Page _
How Do I Tell The Court That I Do Not Like The Settlement?                      Page _
What Is The Difference Between Objecting and Excluding?                         Page _
When And Where Will the Court Decide Whether To Approve The Settlement?         Page _
Do I Have To Come To The Hearing?                                               Page _
May I Speak At The Settlement Hearing                                           Page _
What Happens If I Do Nothing At All?                                            Page _
How Can I Get More Information?                                                 Page _

**1.      Why Did I Get This Notice Package?**

You or someone in your family may have purchased Amyris common stock during the period March 15, 2018 through March 19, 2019, inclusive (the "Class Period").

The Court directed us to send this Notice because, as a potential Class Member, you have a right to know about the proposed Settlement, and about all of your options. Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights. *See* Question 3 below. If the Court approves the Settlement, the Claims Administrator appointed by the Court will issue payments to those persons who timely submit valid claims in the manner described herein.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, the Honorable Yvonne Gonzalez Rogers presiding, and the case is known as *Carbone v. Amyris, Inc., et al.* Case No. 4:19-cv-01765-YGR (N.D. Cal).

4

**2.      What Is This Lawsuit About?**

Plaintiffs allege that Amyris, John G. Melo (CEO), and Kathleen Valiasek (former CFO) (collectively "Defendants"), violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by materially misrepresenting Amyris's financial results, its royalty revenues, and the effectiveness of its internal control over financial reporting.  Plaintiffs allege that these materially false or misleading statements created artificial inflation in the price of Amyris common stock during the period March 15, 2018 through March 19, 2019, inclusive.  Plaintiffs allege that the true facts began to reveal themselves on November 13, 2018, when Defendants announced disappointing third quarter royalty revenues that missed previous projections by $15 million. Plaintiffs allege that the truth was further revealed on March 19, 2019, when Amyris disclosed that it would be unable to timely file its annual report due to Defendants' continued evaluation of Amyris's internal control over financial reporting, which could result in material deficiencies being reported.  Following these disclosures, the price of Amyris's stock fell nearly 30% and 20%, respectively.

Defendants, individually and collectively, have denied and continue to deny all of the claims and contentions of any wrongdoing.  Defendants contend that they did not make any materially false or misleading statements and that they disclosed all material information required to be disclosed by the federal securities laws.  Defendants also contend that any losses suffered by members of the Class were not caused by any allegedly false or misleading statements by Defendants.

Plaintiffs and Defendants disagree on liability and damages.  Plaintiffs believe that, if the Class prevailed on all of their claims for the entire Class Period and if the Court fully accepted their theory of damages, the Class could have potentially received a jury award of up to $73.17 million, before deductions for fees and expenses.  Defendants deny that they are liable to the Class and deny that the Class has suffered any damages.  Defendants assert that even if Plaintiffs were to prove the other elements of their claims, the Class Period presented by Plaintiffs is unsupportable and should end months earlier, that Plaintiffs have overestimated the number of eligible shares, and that only a fraction of the losses claimed by Plaintiffs were actually caused by the alleged misrepresentations as opposed to other factors.  The Settlement resolves all certified claims against Defendants.

**3.      Why Is This a Class Action?**

A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  Once the class is certified, the court must resolve all issues on behalf of the class members, except for any Persons who choose to exclude themselves from the class.  Here, all class members, together, are called the Class or Class Members.

In a class action, a person called a class representative sues on behalf of people who have similar claims.  The Court has certified this Action to proceed as a class action, has appointed plaintiff Vincent Carbone to serve as the class representative ("Class Representative"), and has approved Federman & Sherwood to serve as class counsel on behalf of the Plaintiffs ("Class Counsel").

**4.      Why Is There a Settlement?**

The Court did not decide in favor of Plaintiffs or Defendants.  Instead, the Parties have negotiated a settlement that they believe is in the best interests of their respective clients.  The Settlement allows both sides to avoid the risks and cost of lengthy and uncertain litigation and the uncertainty of a trial and appeals, and permits eligible Class Members to be compensated without further delay.

The proposed Settlement was arrived at through lengthy, arms'-length negotiations (including two full-day mediation sessions) and was the result of a proposal by a neutral mediator who had considered the various legal, evidentiary, and economic aspects of the Action.  Class Representative and Class Counsel agreed to the terms of the proposed Settlement after considering the results of their factual and legal investigation, and the strengths and weaknesses of the claims and defenses asserted in the Action.  Based upon that evaluation, among other things, Class Representative and Class Counsel concluded that the terms and conditions of the proposed Settlement are fair, reasonable and adequate to the Class, and that it is in the best interests of the Class to settle the claims alleged in the Action pursuant to the terms and provisions of the Stipulation.

**5.      How Do I Know If I Am Part of the Settlement?**

The Class includes all persons or entities who purchased shares of Amyris common stock during the period from March 15, 2018 through March 19, 2019, inclusive, and were damaged as a result.  The Class excludes the Defendants, officers and directors of Amyris, members of the immediate families of the individual Defendants, and affiliates of the corporate Defendant.

**6.      Are There Exceptions to Being Included in the Settlement?**

Yes.  Excluded from the Settlement are Defendants, officers and directors of Amyris, members of the immediate families of the Individual Defendants, and affiliates of Amyris.  Also excluded from the Settlement are those Persons who timely and validly request exclusion from the Settlement pursuant to this Notice.

**7.      What Does the Settlement Provide?**

Defendants have agreed to cause their insurers to pay $13,500,000.00 in cash in settlement of the Action (the "Settlement Amount").  The Settlement Amount, plus interest or income earned thereon from the date it is established (the "Settlement Fund"), less costs, fees, and expenses (the "Net Settlement Fund"), will be divided among all eligible Class Members who submit valid Proofs of Claim and whose claim for recovery has been allowed pursuant to the terms of the Stipulation ("Authorized Claimants").  Costs, fees, and expenses include Court-approved attorneys' fees and expenses, the costs of notifying Class Members, including the costs of printing and mailing this Notice and the cost of publishing the Publication Notice, the costs of claims administration, and Taxes on the Settlement Fund.

**8.      How Much Will My Payment Be?  What is the Plan of Allocation?**

The Net Settlement Fund will be distributed to Class Members who submit valid, timely Proof of Claim and Release forms ("Claimants") under the Plan of Allocation described below.

The Plan of Allocation set forth herein is the plan that is being proposed by Class Representative and Class Counsel (in consultation with Plaintiffs' damages expert) to the Court for approval.  The Plan of Allocation reflects an assessment of the damages that Plaintiffs' damages expert estimates could have been recovered had the Plaintiffs prevailed at trial.  The Court may approve this Plan of Allocation as proposed or it may modify the Plan of Allocation without further notice to the Class.  Any orders regarding a modification of the Plan of Allocation will be posted on the settlement website, www.AmyrisSecuritiesLitigation.com.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Class Members who suffered economic losses as a result of the alleged misrepresentations and omissions of the Defendants, as opposed to losses caused by market or industry factors or other company-specific factors.  In developing the Plan of Allocation, Plaintiffs' damages expert calculated the potential amount of estimated artificial inflation per share of Amyris's common stock, based on closing prices, that was proximately caused by Defendants' alleged material misrepresentations and omissions.  The Plan of Allocation takes into account the growing inflation in the price of Amyris common stock during the Class Period.

Under the Plan of Allocation, a "Recognized Loss" will be calculated as set forth below for each purchase or acquisition of an eligible share of Amyris common stock during the Class Period. The calculation of a Recognized Loss will depend upon several factors, including (i) when the shares were purchased or otherwise acquired, in what amount, and the price paid; and (ii) whether the shares were sold, and if so, when, and for what price and in what amount.

Based on the foregoing, and for purposes of this Settlement only, the Plan of Allocation for distributing the Net Settlement Fund is as follows:

1. For each share of Amyris, Inc. ("AMRS") common stock purchased during the period March 15, 2018 through November 13, 2018, inclusive and:

   a) Sold prior to the close of trading on November 13, 2018, the Recognized Loss is $0.00.

   b) Sold during the period November 14, 2018 through March 19, 2019, inclusive the Recognized Loss shall be the lesser of a) the difference between the inflation per share on the date of purchase and the inflation per share on the date of sale, as set forth on Table A (below); or b) the difference between the purchase price per share and the sale price per share.

   c) Sold during the period March 20, 2019 through June 18, 2019, inclusive the Recognized Loss shall be the least of a) the inflation per share on the date of purchase, as set forth on Table A (below); b) the difference between the purchase price per share and the sale price per share; or c) the difference between the

7

purchase price per share and the mean trading price per share beginning March 20, 2019 through the date of sale, as set forth on Table B (below).

d) Held as of the close of trading on June 18, 2019, the Recognized Loss shall be the lesser of a) the inflation per share on the date of purchase, as set forth on Table A (below); or b) the difference between the purchase price per share and $3.27 per share.[2]

2. For each share of Amyris, Inc. ("AMRS") common stock purchased during the period November 14, 2018 through March 19, 2019, inclusive and:

a) Sold prior to the close of trading on March 19, 2019, the Recognized Loss is $0.00.

b) Sold during the period March 20, 2019 through June 18, 2019, inclusive the Recognized Loss shall be the least of a) the inflation per share on the date of purchase, as set forth on Table A (below); b) the difference between the purchase price per share and the sale price per share; or c) the difference between the purchase price per share and the mean trading price per share beginning March 20, 2019 through the date of sale, as set forth on Table B (below).

c) Held as of the close of trading on June 18, 2019, the Recognized Loss shall be the lesser of a) the inflation per share on the date of purchase, as set forth on Table A (below); or b) the difference between the purchase price per share and $3.27 per share.

---

[2] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." The mean closing price of AMRS common stock during the 90-day period, beginning on March 20, 2019 and ending on June 18, 2019, was $3.27.

| TABLE A INFLATION PER SHARE | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 3/15/2018 | $2.44 | 6/4/2018 | $2.44 | 8/21/2018 | $2.44 | 11/7/2018 | $2.44 | 1/30/2019 | $0.73 |
| 3/16/2018 | $2.44 | 6/5/2018 | $2.44 | 8/22/2018 | $2.44 | 11/8/2018 | $2.44 | 1/31/2019 | $0.73 |
| 3/19/2018 | $2.44 | 6/6/2018 | $2.44 | 8/23/2018 | $2.44 | 11/9/2018 | $2.44 | 2/1/2019 | $0.73 |
| 3/20/2018 | $2.44 | 6/7/2018 | $2.44 | 8/24/2018 | $2.44 | 11/12/2018 | $2.44 | 2/4/2019 | $0.73 |
| 3/21/2018 | $2.44 | 6/8/2018 | $2.44 | 8/27/2018 | $2.44 | 11/13/2018 | $2.44 | 2/5/2019 | $0.73 |
| 3/22/2018 | $2.44 | 6/11/2018 | $2.44 | 8/28/2018 | $2.44 | 11/14/2018 | $0.73 | 2/6/2019 | $0.73 |
| 3/23/2018 | $2.44 | 6/12/2018 | $2.44 | 8/29/2018 | $2.44 | 11/15/2018 | $0.73 | 2/7/2019 | $0.73 |
| 3/26/2018 | $2.44 | 6/13/2018 | $2.44 | 8/30/2018 | $2.44 | 11/16/2018 | $0.73 | 2/8/2019 | $0.73 |
| 3/27/2018 | $2.44 | 6/14/2018 | $2.44 | 8/31/2018 | $2.44 | 11/19/2018 | $0.73 | 2/11/2019 | $0.73 |
| 3/28/2018 | $2.44 | 6/15/2018 | $2.44 | 9/4/2018 | $2.44 | 11/20/2018 | $0.73 | 2/12/2019 | $0.73 |
| 3/29/2018 | $2.44 | 6/18/2018 | $2.44 | 9/5/2018 | $2.44 | 11/21/2018 | $0.73 | 2/13/2019 | $0.73 |
| 4/2/2018 | $2.44 | 6/19/2018 | $2.44 | 9/6/2018 | $2.44 | 11/23/2018 | $0.73 | 2/14/2019 | $0.73 |
| 4/3/2018 | $2.44 | 6/20/2018 | $2.44 | 9/7/2018 | $2.44 | 11/26/2018 | $0.73 | 2/15/2019 | $0.73 |
| 4/4/2018 | $2.44 | 6/21/2018 | $2.44 | 9/10/2018 | $2.44 | 11/27/2018 | $0.73 | 2/19/2019 | $0.73 |
| 4/5/2018 | $2.44 | 6/22/2018 | $2.44 | 9/11/2018 | $2.44 | 11/28/2018 | $0.73 | 2/20/2019 | $0.73 |
| 4/6/2018 | $2.44 | 6/25/2018 | $2.44 | 9/12/2018 | $2.44 | 11/29/2018 | $0.73 | 2/21/2019 | $0.73 |
| 4/9/2018 | $2.44 | 6/26/2018 | $2.44 | 9/13/2018 | $2.44 | 11/30/2018 | $0.73 | 2/22/2019 | $0.73 |
| 4/10/2018 | $2.44 | 6/27/2018 | $2.44 | 9/14/2018 | $2.44 | 12/3/2018 | $0.73 | 2/25/2019 | $0.73 |
| 4/11/2018 | $2.44 | 6/28/2018 | $2.44 | 9/17/2018 | $2.44 | 12/4/2018 | $0.73 | 2/26/2019 | $0.73 |
| 4/12/2018 | $2.44 | 6/29/2018 | $2.44 | 9/18/2018 | $2.44 | 12/6/2018 | $0.73 | 2/27/2019 | $0.73 |
| 4/13/2018 | $2.44 | 7/2/2018 | $2.44 | 9/19/2018 | $2.44 | 12/7/2018 | $0.73 | 2/28/2019 | $0.73 |
| 4/16/2018 | $2.44 | 7/3/2018 | $2.44 | 9/20/2018 | $2.44 | 12/10/2018 | $0.73 | 3/1/2019 | $0.73 |
| 4/17/2018 | $2.44 | 7/5/2018 | $2.44 | 9/21/2018 | $2.44 | 12/11/2018 | $0.73 | 3/4/2019 | $0.73 |
| 4/18/2018 | $2.44 | 7/6/2018 | $2.44 | 9/24/2018 | $2.44 | 12/12/2018 | $0.73 | 3/5/2019 | $0.73 |
| 4/19/2018 | $2.44 | 7/9/2018 | $2.44 | 9/25/2018 | $2.44 | 12/13/2018 | $0.73 | 3/6/2019 | $0.73 |
| 4/20/2018 | $2.44 | 7/10/2018 | $2.44 | 9/26/2018 | $2.44 | 12/14/2018 | $0.73 | 3/7/2019 | $0.73 |
| 4/23/2018 | $2.44 | 7/11/2018 | $2.44 | 9/27/2018 | $2.44 | 12/17/2018 | $0.73 | 3/8/2019 | $0.73 |
| 4/24/2018 | $2.44 | 7/12/2018 | $2.44 | 9/28/2018 | $2.44 | 12/18/2018 | $0.73 | 3/11/2019 | $0.73 |
| 4/25/2018 | $2.44 | 7/13/2018 | $2.44 | 10/1/2018 | $2.44 | 12/19/2018 | $0.73 | 3/12/2019 | $0.73 |
| 4/26/2018 | $2.44 | 7/16/2018 | $2.44 | 10/2/2018 | $2.44 | 12/20/2018 | $0.73 | 3/13/2019 | $0.73 |
| 4/27/2018 | $2.44 | 7/17/2018 | $2.44 | 10/3/2018 | $2.44 | 12/21/2018 | $0.73 | 3/14/2019 | $0.73 |
| 4/30/2018 | $2.44 | 7/18/2018 | $2.44 | 10/4/2018 | $2.44 | 12/24/2018 | $0.73 | 3/15/2019 | $0.73 |
| 5/1/2018 | $2.44 | 7/19/2018 | $2.44 | 10/5/2018 | $2.44 | 12/26/2018 | $0.73 | 3/18/2019 | $0.73 |
| 5/2/2018 | $2.44 | 7/20/2018 | $2.44 | 10/8/2018 | $2.44 | 12/27/2018 | $0.73 | 3/19/2019 | $0.73 |
| 5/3/2018 | $2.44 | 7/23/2018 | $2.44 | 10/9/2018 | $2.44 | 12/28/2018 | $0.73 | | |
| 5/4/2018 | $2.44 | 7/24/2018 | $2.44 | 10/10/2018 | $2.44 | 12/31/2018 | $0.73 | | |
| 5/7/2018 | $2.44 | 7/25/2018 | $2.44 | 10/11/2018 | $2.44 | 1/2/2019 | $0.73 | | |
| 5/8/2018 | $2.44 | 7/26/2018 | $2.44 | 10/12/2018 | $2.44 | 1/3/2019 | $0.73 | | |
| 5/9/2018 | $2.44 | 7/27/2018 | $2.44 | 10/15/2018 | $2.44 | 1/4/2019 | $0.73 | | |
| 5/10/2018 | $2.44 | 7/30/2018 | $2.44 | 10/16/2018 | $2.44 | 1/7/2019 | $0.73 | | |
| 5/11/2018 | $2.44 | 7/31/2018 | $2.44 | 10/17/2018 | $2.44 | 1/8/2019 | $0.73 | | |
| 5/14/2018 | $2.44 | 8/1/2018 | $2.44 | 10/18/2018 | $2.44 | 1/9/2019 | $0.73 | | |
| 5/15/2018 | $2.44 | 8/2/2018 | $2.44 | 10/19/2018 | $2.44 | 1/10/2019 | $0.73 | | |
| 5/16/2018 | $2.44 | 8/3/2018 | $2.44 | 10/22/2018 | $2.44 | 1/11/2019 | $0.73 | | |
| 5/17/2018 | $2.44 | 8/6/2018 | $2.44 | 10/23/2018 | $2.44 | 1/14/2019 | $0.73 | | |
| 5/18/2018 | $2.44 | 8/7/2018 | $2.44 | 10/24/2018 | $2.44 | 1/15/2019 | $0.73 | | |
| 5/21/2018 | $2.44 | 8/8/2018 | $2.44 | 10/25/2018 | $2.44 | 1/16/2019 | $0.73 | | |
| 5/22/2018 | $2.44 | 8/9/2018 | $2.44 | 10/26/2018 | $2.44 | 1/17/2019 | $0.73 | | |
| 5/23/2018 | $2.44 | 8/10/2018 | $2.44 | 10/29/2018 | $2.44 | 1/18/2019 | $0.73 | | |
| 5/24/2018 | $2.44 | 8/13/2018 | $2.44 | 10/30/2018 | $2.44 | 1/22/2019 | $0.73 | | |
| 5/25/2018 | $2.44 | 8/14/2018 | $2.44 | 10/31/2018 | $2.44 | 1/23/2019 | $0.73 | | |
| 5/29/2018 | $2.44 | 8/15/2018 | $2.44 | 11/1/2018 | $2.44 | 1/24/2019 | $0.73 | | |
| 5/30/2018 | $2.44 | 8/16/2018 | $2.44 | 11/2/2018 | $2.44 | 1/25/2019 | $0.73 | | |
| 5/31/2018 | $2.44 | 8/17/2018 | $2.44 | 11/5/2018 | $2.44 | 1/28/2019 | $0.73 | | |
| 6/1/2018 | $2.44 | 8/20/2018 | $2.44 | 11/6/2018 | $2.44 | 1/29/2019 | $0.73 | | |

9

| TABLE B<br>MEAN TRADING PRICE | | | | | |
|---|---|---|---|---|---|
| 3/20/2019 | $3.10 | 4/25/2019 | $2.64 | 5/31/2019 | $3.12 |
| 3/21/2019 | $3.02 | 4/26/2019 | $2.66 | 6/3/2019 | $3.13 |
| 3/22/2019 | $2.92 | 4/29/2019 | $2.69 | 6/4/2019 | $3.14 |
| 3/25/2019 | $2.83 | 4/30/2019 | $2.71 | 6/5/2019 | $3.15 |
| 3/26/2019 | $2.75 | 5/1/2019 | $2.73 | 6/6/2019 | $3.16 |
| 3/27/2019 | $2.69 | 5/2/2019 | $2.76 | 6/7/2019 | $3.17 |
| 3/28/2019 | $2.64 | 5/3/2019 | $2.78 | 6/10/2019 | $3.19 |
| 3/29/2019 | $2.60 | 5/6/2019 | $2.80 | 6/11/2019 | $3.20 |
| 4/1/2019 | $2.57 | 5/7/2019 | $2.82 | 6/12/2019 | $3.21 |
| 4/2/2019 | $2.54 | 5/8/2019 | $2.85 | 6/13/2019 | $3.23 |
| 4/3/2019 | $2.52 | 5/9/2019 | $2.87 | 6/14/2019 | $3.24 |
| 4/4/2019 | $2.51 | 5/10/2019 | $2.89 | 6/17/2019 | $3.25 |
| 4/5/2019 | $2.50 | 5/13/2019 | $2.91 | 6/18/2019 | $3.27 |
| 4/8/2019 | $2.49 | 5/14/2019 | $2.93 | | |
| 4/9/2019 | $2.49 | 5/15/2019 | $2.95 | | |
| 4/10/2019 | $2.50 | 5/16/2019 | $2.97 | | |
| 4/11/2019 | $2.50 | 5/17/2019 | $2.98 | | |
| 4/12/2019 | $2.51 | 5/20/2019 | $3.00 | | |
| 4/15/2019 | $2.52 | 5/21/2019 | $3.02 | | |
| 4/16/2019 | $2.53 | 5/22/2019 | $3.03 | | |
| 4/17/2019 | $2.54 | 5/23/2019 | $3.05 | | |
| 4/18/2019 | $2.56 | 5/24/2019 | $3.06 | | |
| 4/22/2019 | $2.58 | 5/28/2019 | $3.08 | | |
| 4/23/2019 | $2.60 | 5/29/2019 | $3.09 | | |
| 4/24/2019 | $2.62 | 5/30/2019 | $3.11 | | |

## ADDITIONAL PROVISIONS

For all purposes, the transaction date and not the settlement date shall be used as the date for determining the eligibility to file a claim, and the calculation of Recognized Losses. All purchases and sales of shares of Amyris, Inc. stock shall be accounted for and matched using the first-in-first-out (FIFO) method of accounting. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero ($0.00).

To the extent that a Claimant suffered an overall actual market loss on his, her, or its overall transactions in Amyris common stock during the Class Period, but that actual market loss is less than the total Recognized Loss calculated above, then the Claimant's Recognized Loss shall be limited to the amount of the actual market loss.

Each Authorized Claimant shall recover his, her, or its pro rata share of the Net Settlement Fund. If the prorated share calculates to less than $10.00, it will be removed from the calculation and it will not be paid.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.

10

Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Northern District of California with respect to his, her, or its Proof of Claim form.

**9.      How Do I Participate in the Settlement?**

Each Person wishing to participate in the distribution of the Net Settlement Fund must timely submit a valid Proof of Claim establishing membership in the Class, and include all required documentation.  The Proof of Claim must be submitted or postmarked (if mailed) on or before [_____ ___], 2022.  The Proof of Claim may be electronically submitted online at www.AmyrisSecuritiesLitigation.com or mailed to the address set forth in the Proof of Claim. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and submit it on or before [_____ ___], 2022.

Unless the Court otherwise orders, any Class Member who fails to submit a Proof of Claim on or before [_____ ___], 2022, shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation that is approved, including the terms of any judgment entered and releases given.

Persons that are excluded from the Class by definition or that exclude themselves from the Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit a Proof of Claim.

**10.     When Will I Receive My Payment?**

The Court will hold a hearing on [_____ ___], 2022 to decide whether to approve the Settlement, the proposed Plan of Allocation, and Fee and Expense Application.  If the Settlement is approved by the Court, and upon satisfaction of the other conditions to the Settlement, including the expiration of the time for the filing of any appeals, the Net Settlement Fund will be distributed to Authorized Claimants in accordance with the Plan of Allocation approved by the Court.

The claims administration process takes time.  Please be patient.

**11.     What Rights Am I Giving Up by Remaining in the Class?**

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants or the "Releasees" about the "Settled Claims", including "Unknown Claims".  It also means that all of the Court's orders will apply to you and legally bind you and, in return for your participation in the Settlement, you will release your claims in this case against the Defendants and the Releasees.  The terms of the release are included in the Proof of Claim that is enclosed.

11

**12.    What If A Class Member Is Deceased?**

Under the Settlement, the authorized legal representative(s) of a Class Member may receive a recovery on behalf of the deceased Class Member.

**13.    What If I Bought Shares of Amyris Common Stock On Someone Else's Behalf?**

If you purchased shares of Amyris common stock during the Class Period for the beneficial interest of a Class Member, you must either (a) send a copy of the Notice Postcard to the beneficial owner(s) of the common stock within seven (7) days from the receipt of the Notice, and provide written confirmation to the Claims Administrator of such transmittal, or (b) provide the Claims Administrator with the names and addresses of such beneficial owner(s) within seven (7) days from the receipt of the Notice Postcard, in which event the Claims Administrator will promptly mail the Notice Postcard to such beneficial owner(s). The Claims Administrator will provide nominees with additional copies of the Notice Postcard upon request.  Nominees may seek reimbursement of their reasonable administrative costs and expenses actually incurred in searching their records to find the names and addresses of beneficial owners and for mailing the Notice Postcard by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

Copies of the Notice Postcard and the Proof of Claim can be obtained from the website maintained by the Claims Administrator, www.AmyrisSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 1-855-917-0546.

If you do not want a payment from the Settlement, but you want to keep the right to sue or continue to sue one or more of the Defendants on your own for the Settled Claims in this case, then you must take steps to get out of the Class.  This is called excluding yourself from, or is sometimes referred to as opting out of, the Class.

**14.    How Do I Exclude Myself from the Class?**

If you do not want a payment from the Settlement, but you want to keep the right to sue or continue to sue one or more of the Defendants on your own for the Settled Claims in this case, then you must take steps to get out of the Class.  This is called excluding yourself from the Class. If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in the Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitations or repose.

To exclude yourself from the Class, you must send a letter by first-class mail to the Claims Administrator by [_____ ___], 2022, stating that you want to be excluded from *Carbone v. Amyris, Inc., et al.*, No. 4:19-cv-01765-YGR (N.D. Cal.).  You must include (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases and sales of Amyris common stock, including the dates, the number of shares, and price paid or received per share of stock for each such purchase or sale; (c) documented proof of the Person's purchases and sales such as account statements or stock certificates, and (d) a signed statement

12

that the Person wishes to be excluded from the Class.  No request for exclusion will be considered valid unless all of the information described above is included in any such request.

Any Person who wishes to exclude him/her/itself from the Class must submit a valid and timely Request for Exclusion to:

Amyris Securities Litigation
c/o KCC Class Action Services
EXCLUSIONS
150 Royall Street, Suite 101
Canton, MA 02021

You cannot exclude yourself on the phone, by fax, or by e-mail.  If you ask to be excluded, you are not eligible to receive any Settlement payment, and you cannot object to the Settlement, or any part of it.

## 15.     If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?

No.  Unless you exclude yourself, you give up any right to sue the Defendants and the Releasees for all the Settled Claims in the Settlement.  If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately.  Remember, the exclusion deadline is [_____ ____], 2022.

## 16.     If I Exclude Myself, Can I Get Money from this Settlement?

No.  If you exclude yourself, do not send in a Proof of Claim.  However, you may sue, continue to sue, or be part of a different lawsuit, involving the Settled Claims against the Defendants.  Once you exclude yourself, you will receive no cash payment even if you also submit a Proof of Claim.

## THE LAWYERS REPRESENTING YOU

## 17.     Do I Have a Lawyer in this Case?

The Court appointed Federman & Sherwood (Class Counsel) to represent you and other Class Members.  If you want to be represented by your own lawyer, you may hire one at your own expense.

## 18.     How Will the Lawyers Be Paid?

To date, Plaintiffs' Counsel have not received any payment for their services in conducting this litigation on behalf of the Class and have not been paid for their substantial out-of-pocket expenses.  Plaintiffs' Counsel, including Class Counsel, will ask the Court for an award of attorneys' fees not to exceed 25% of the Settlement Fund and for the reimbursement of out-of-pocket expenses not to exceed $400,000, which were incurred in connection with the Action. Such sums as may be approved by the Court will be paid from the Settlement Fund.

13

The attorneys' fees and expenses requested, to the extent they are awarded by the Court, will be the only payment to Plaintiffs' Counsel for their efforts in achieving the Settlement and for their risk in undertaking this representation on a wholly contingent basis. The fees requested, if awarded, will compensate Plaintiffs' Counsel for their work and risk in achieving the Settlement. Plaintiffs' Counsel believe that these fees are well within the range of fees awarded to class counsel under similar circumstances in other cases of this type.

**19.    How Do I Tell the Court that I Do Not Like the Settlement?**

If you are a Class Member, you can object to the Settlement if you do not like any part of it, including the proposed Plan of Allocation, request for attorneys' fees and reimbursement of out-of-pocket expenses, and request for a reimbursement award to the Class Representative. You can state why you think the Court should not approve it. The Court will consider your views. To object, you must send a written objection saying that you object to the Settlement, or any part of it, in *Carbone v. Amyris, Inc., et al.*, No. 4:19-cv-01765-YGR (N.D. Cal). Be sure to include: (a) your name, address, and telephone number; (b) your purchases and sales of Amyris common stock, including the dates, the number of shares, and price paid or received per share of stock for each such purchase or sale; (c) documented proof of the Person's purchases and sales such as account statements or stock certificates, (d) your signature; and (e) the reasons for your objection. Any Person who wishes to object to the Settlement, the Plan of Allocation, and/or the Fee and Expenses Application must file and serve an objection on or before [_____ ____], 2022, to:

| Clerk's Office | Counsel for Plaintiffs | Counsel for Defendants |
|---|---|---|
| Clerk of Court United States District Court Northern District of California 1301 Clay Street, Suite 400 S Oakland, CA 94612 | William B. Federman, Esq. A. Brooke Murphy, Esq. FEDERMAN & SHERWOOD 10205 N. Pennsylvania Ave. Oklahoma City, OK 73120 Facsimile: (405) 239-2112 | Michael D. Celio, Esq. GIBSON, DUNN & CRUTCHER LLP 1881 Page Mill Road Palo Alto, CA 94304-1211 Facsimile: (650) 849-5026 |

You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

If you file an objection to the proposed Settlement, proposed Plan of Allocation, and/or the Fee and Expense Application you also have a right to appear at the Settlement Hearing either in person or through counsel hired by you at your own expense. If you wish to be heard orally at the hearing in opposition to the approval of the proposed Settlement, the proposed Plan of Allocation, or the Fee and Expense Application, and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Plaintiffs' Counsel at the address set forth above. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.

14

Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation and the Fee and Expense Application.

**20.    What is the Difference Between Objecting and Excluding?**

Objecting is telling the Court that you do not like something about the proposed Settlement or any part of it, including the proposed Plan of Allocation, and Fee and Expense Application. You can object only if you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class or the Settlement.  If you exclude yourself, you have no basis to object because the case no longer affects you.

**21.    When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a hearing to decide whether to approve the proposed Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application (the "Settlement Hearing"). You may attend and you may ask to speak, but you do not have to.

The Settlement Hearing will take place at [__]:00 [_].m., on [_____ ___], 2022, at the United States District Court for the Northern District of California, Courtroom 1, 1301 Clay Street, Oakland, CA 94612.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  Judge Gonzalez Rogers will listen to people who have asked to speak at the hearing. *See* Question 19, above.  The Court will also decide whether to approve the proposed Plan of Allocation and the payment of fees and expenses to Plaintiffs' Counsel.  The Court may decide these issues at the hearing or take them under consideration and decide them at a later time.  We do not know how long these decisions will take.

The Court may adjourn or continue the Settlement Hearing without further notice to the Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Class Counsel.

**22.    Do I have to Come to the Hearing?**

No.  Class Members do not need to attend the Settlement Hearing; thus, you are not obligated to attend.  Class Counsel will answer any questions Judge Gonzalez Rogers may have. Moreover, the Court will consider any submission made in accordance with the provisions in this Notice even if the Class Member does not attend the hearing.  But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary. *See* Question 17, above.

**23.    May I Speak at the Settlement Hearing?**

You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must send a letter saying that it is your intention to appear in *Carbone v. Amyris, Inc. et al.*, Case

15

No. 4:19-cv-01765-YGR (N.D. Cal).  Be sure to include: (a) your name, address, and telephone number; (b) your purchases and sales of Amyris common stock, including the dates, the number of shares, and price paid or received per share of stock for each such purchase or sale; (c) documented proof of the Person's purchases and sales such as account statements or stock certificates, and (d) your signature.  Your notice of intention to appear must be filed with the Court at the address above (*see* Question 19) prior to the date of the Settlement Hearing, and be sent to the Plaintiffs' Counsel, and Defendants' Counsel, at the addresses below.

| **Counsel for Plaintiffs** | **Counsel for Defendants** |
|---|---|
| William B. Federman, Esq. <br> A. Brooke Murphy, Esq. <br> FEDERMAN & SHERWOOD <br> 10205 N. Pennsylvania Ave. <br> Oklahoma City, OK 73120 | Michael D. Celio, Esq. <br> GIBSON, DUNN & CRUTCHER LLP <br> 1881 Page Mill Road <br> Palo Alto, CA 94304-1211 |

You cannot speak at the hearing if you exclude yourself from the Class.

**24.    What Happens if I Do Nothing at All?**

If you do nothing, you will receive no money from the Settlement.  But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants and other Releasees about the Settled Claims in this case.

**25.    How Can I Get More Information?**

This Notice is a summary and does not describe all of the details of the Stipulation.  For the precise terms and conditions of the proposed Settlement, you may review the Stipulation filed with the Court, as well as the other pleadings and records of the Action, which may be inspected during regular business hours, at the office of the Clerk of the Court, United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, during regular business hours, or from Class Counsel's website, www.federmanlaw.com.  Class Members without access to the internet may be able to review the Stipulation online at locations such as a public library.

For further information regarding the proposed Settlement you may contact:

| **Claims Administrator** | **Counsel for Plaintiffs** |
|---|---|
| Amyris Securities Litigation <br> c/o KCC Class Action Services <br> P.O. Box 43210 <br> Providence, RI 02940-3210 <br> Toll Free: 1-855-917-0546 <br> www.AmyrisSecuritiesLitigation.com | William B. Federman, Esq. <br> A. Brooke Murphy, Esq. <br> FEDERMAN & SHERWOOD <br> 10205 N. Pennsylvania Ave. <br> Oklahoma City, OK 73120 <br> Telephone: (405) 235-1560 |

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE**

16

---

**SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES**

Bankers, brokers, and nominees ("Nominees") who held Amyris common stock during the period March 15, 2018 through March 19, 2019, inclusive, for the beneficial ownership of another Person, shall send the Postcard Notice to such beneficial owners within seven (7) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Postcard Notice to such beneficial owners. Nominees may obtain reimbursement for reasonable administrative costs actually incurred in connection with forwarding the Postcard Notice and which would not have been incurred but for the obligation to forward the Postcard Notice, upon submission of appropriate documentation to the Claims Administrator. Nominees who do not intend to comply with the provisions of this paragraph are requested to notify the Claims Administrator of that fact.

---

DATED: _____ ____, 2022                BY ORDER OF THE U.S. DISTRICT COURT
                                                NORTHERN DISTRICT OF CALIFORNIA

17

**EXHIBIT A-2**

*Amyris Securities Litigation*
**c/o KCC Class Action Services
PO Box 43210
Providence, RI 02940-3210**

**Toll-Free Number:  1-855-917-0546
Email:  info@AmyrisSecuritiesLitigation.com
Website:  www.AmyrisSecuritiesLitigation.com**

### PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of the class action captioned *Carbone v. Amyris, Inc., et al*., Case No. 4:19-cv-01765-YGR  (N.D. Cal.) ("Action"), you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by First-Class mail to the above address, or submit it online at www.AmyrisSecuritiesLitigation.com, **postmarked (or received) no later than _____ __, 2022**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court,
the Parties to the Action, or their counsel.**

**SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR
AT THE ADDRESS SET FORTH ABOVE OR ONLINE AT
WWW.AMYRISSECURITIESLITIGATION.COM.**

**TABLE OF CONTENTS**                                                        **PAGE #**

**PART I – GENERAL INSTRUCTIONS**                                                   __

**PART II – CLAIMANT IDENTIFICATION**                                               __

**PART III – SCHEDULE OF TRANSACTIONS IN AMYRIS, INC.**                             __
    **("AMYRIS") COMMON STOCK**

**PART IV – RELEASE OF CLAIMS AND SIGNATURE**                                       __

## PART I – GENERAL INSTRUCTIONS

1.       This Claim Form is directed to members of the Class, as defined in the Stipulation and Agreement of Settlement ("Stipulation") and Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing Thereon ("Notice").[1] The Stipulation and Notice are available to view and download on the website www.AmyrisSecuritiesLitigation.com. Please read the Notice carefully. The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed to eligible Class Members if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the capitalized terms used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read the Notice, including the terms of the Releases described therein and provided for herein.

2.       By submitting this Claim Form, you are making a request to share in the Settlement proceeds. IF YOU ARE NOT A CLASS MEMBER (defined in ¶ 5 of the Notice), OR IF YOU SUBMITTED A REQUEST FOR EXCLUSION FROM THE CLASS, DO NOT SUBMIT A CLAIM FORM AS **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.** THUS, IF YOU ARE EXCLUDED FROM THE CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.       **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.       Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) in and holdings of Amyris common stock. Please provide all of the requested information with respect to your holdings, purchases/acquisitions, and sales of Amyris common stock, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your Claim. Neither the Claims Administrator nor the Parties have access to your trading information.**

5.       **Please note**: Only Amyris common stock purchased during the Class Period (*i.e.*, March 15, 2018 through March 19, 2019, inclusive) are eligible under the Settlement. However, pursuant to the "90-day Look-Back period" (described in the Plan of Allocation set forth in the Notice), your sales of Amyris common stock during the period beginning on March 20, 2019 and ending on June 18, 2019 will be used to calculate your loss under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to calculate your Claim, your transactions during the 90-day Look-Back period must also be provided. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your Claim.**

---

[1]      Certain persons and entities are excluded from the Class by definition as set forth in ¶ 5 of the Notice.

2

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Amyris common stock set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information regarding your investments in Amyris common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

7.      If your Amyris common stock was owned jointly, all joint owners must sign this Claim Form and their names must appear as "Claimants" in Part II of this Claim Form. The complete name(s) of the beneficial owner(s) must be entered. If you purchased/acquired Amyris common stock during the Class Period and held the shares in your name, you are the beneficial owner as well as the record owner. If you purchased/acquired Amyris common stock during the Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

8.      **You must submit a separate Claim Form for each separate legal entity or separately managed account**. Generally, one Claim Form should be submitted on behalf of one legal entity and include all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claim Forms should be submitted for each such account (*e.g.*, an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). The Claims Administrator reserves the right to request information on all the holdings and transactions in Amyris common stock made on behalf of a single beneficial owner.

9.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

      (a)      expressly state the capacity in which they are acting;

      (b)      identify the name, account number, last four digits of the Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Amyris common stock; and

      (c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

3

10.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto.

11.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

12.     **PLEASE NOTE**: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

13.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or a copy of the Notice, you may contact the Claims Administrator, KCC Class Action Services, at the above address, by email at info@AmyrisSecuritiesLitigation.com, or by toll-free phone at 1-855-917-0546, or you can visit www.AmyrisSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

14.     **NOTICE REGARDING ELECTRONIC FILES**: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the *mandatory* electronic filing requirements and file layout, you may visit www.AmyrisSecuritiesLitigation.com, or you may email the Claims Administrator's electronic filing department at info@AmyrisSecuritiesLitigation.com. **Any file that is not in accordance with the required electronic filing format will be subject to rejection.** No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to you to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at info@AmyrisSecuritiesLitigation.com to inquire about your file and confirm it was received.**

## IMPORTANT PLEASE NOTE:

**YOUR CLAIM, IF MAILED, IS NOT DEEMED SUBMITTED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-855-917-0546.**

4

## PART II – CLAIMANT IDENTIFICATION

**Please complete this PART II in its entirety. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

Beneficial Owner's First Name          Beneficial Owner's Last Name

Co-Beneficial Owner's First Name   Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                                    State    Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                          Telephone Number (work)

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this Claim.)

5

Account Number (where securities were traded)[2]

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

Claimant Account Type (check appropriate box)

☐    Individual (includes joint owner accounts)      ☐   Pension Plan         ☐   Trust
☐    Corporation                                      ☐   Estate
☐    IRA/401K                                         ☐   Other _____ (please specify)

---

[2]      If the account number is unknown, you may leave blank. If filing for more than one account for the same legal entity you may write "multiple." Please see ¶ 8 of the General Instructions above for more information on when to file separate Claim Forms for multiple accounts.

## PART III – SCHEDULE OF TRANSACTIONS IN
## AMYRIS, INC. COMMON STOCK

Please be sure to include proper documentation with your Claim Form as described in detail in Part I – General Instructions, ¶ 6, above. Do not include information regarding securities other than Amyris common stock.

| | Confirm Proof of Holding Position Enclosed |
|---|---|
| **1. HOLDINGS AS OF MARCH 14, 2018** – State the total number of shares of Amyris common stock held as of the close of trading on March 14, 2018.  (Must be documented.) If none, write "zero" or "0." _____ | ○ |

**2. PURCHASES/ACQUISITIONS FROM MARCH 15, 2018 TO MARCH 19, 2019, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of Amyris common stock from after the opening of trading on March 15, 2018 through and including the close of trading on March 19, 2019. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/Acquisition Price Per Share | Total Purchase/Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchases/ Acquisitions Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

**3. PURCHASES/ACQUISITIONS FROM MARCH 20, 2019 TO JUNE 18, 2019, INCLUSIVE** – State the total number of shares of Amyris common stock purchased/acquired (including free receipts) from after the opening of trading on March 20, 2019 through and including the close of trading on June 18, 2019.  (Must be documented.)  If none, write "zero" or "0."[3] _____

| | IF NONE, CHECK HERE |
|---|---|
| **4. SALES FROM MARCH 15, 2018 TO JUNE 18, 2019, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of Amyris common stock from after the opening of trading on March 15, 2018 through and including the close of trading on June 18, 2019. (Must be documented.) | ○ |

---

[3]     **Please note**:  Information requested with respect to your purchases/acquisitions of Amyris common stock from after the opening of trading on March 20, 2019 through and including the close of trading on June 18, 2019 is needed in order to perform the necessary calculations for your Claim; purchase/acquisitions during this period, however, are not eligible transactions and will not be used to calculate Recognized Loss Amounts pursuant to the Plan of Allocation.

7

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting taxes, commissions, and fees) | Confirm Proof of Sales Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

| | Confirm Proof of Holding Position Enclosed |
|---|---|
| **5. HOLDINGS AS OF JUNE 18, 2019 –** State the total number of shares of Amyris common stock held as of the close of trading on June 18, 2019. (Must be documented.) If none, write "zero" or "0." _____ | ○ |

**IF YOU NEED ADDITIONAL SPACE, ATTACH THE REQUIRED INFORMATION ON SEPARATE, NUMBERED SHEETS IN THE SAME FORMAT AS ABOVE AND PRINT YOUR NAME AND THE LAST FOUR DIGITS OF YOUR SOCIAL SECURITY OR TAXPAYER IDENTIFICATION NUMBER AT THE TOP OF EACH ADDITIONAL SHEET. IF YOU ATTACH SEPARATE SHEETS, CHECK THIS BOX: □**

8

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.**

Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) below shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Releasees" of all "Settled Claims," as defined in the Stipulation of Settlement.

### CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.      that the Claimant(s) is a (are) member(s) of the Class, as defined in the Notice, and is (are) not excluded by definition from the Class as set forth in the Notice;

2.      that I (we) have read the contents of the Notice and this Claim Form, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

3.      that the Claimant(s) has (have) **not** submitted a request for exclusion from the Class;

4.      that I (we) own(ed) the Amyris common stock identified in the Claim Form and have not assigned the claim against the Released Parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.      that the Claimant(s) has (have) not submitted any other Claim covering the same purchases/acquisitions of Amyris common stock and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

6.      that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') Claim and for purposes of enforcing the Releases set forth herein;

7.      that I (we) agree to furnish such additional information with respect to this Claim Form as Class Counsel, the Claims Administrator, or the Court may require;

8.      that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim and waives any right of appeal or review with respect to such determination;

9.      that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

9

10.    that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code. **If the IRS has notified the Claimant(s) that he/she/it/they is (are) subject to backup withholding, please strike out the language in the preceding sentence.**

I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of Claimant                                                              Date

_____

Print Claimant name here

_____

Signature of joint Claimant, if any                                              Date

_____

Print joint Claimant name here

*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of person signing on behalf of Claimant                        Date

_____

Print name of person signing on behalf of Claimant here

_____

Capacity of person signing on behalf of Claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of Claimant – *see* ¶ 9 on page __ of this Claim Form.)

10

## REMINDER CHECKLIST

1.  Sign the above release and certification.  If this Claim Form is being made on behalf of joint Claimants, then each joint Claimant must sign.

2.  Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3.  Do not highlight any portion of the Claim Form or any supporting documents.

4.  Keep copies of the completed Claim Form and any supporting documentation for your own records.

5.  The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your Claim is not deemed submitted until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1-855-917-0546.** If you submit your Claim electronically, you will receive a confirmatory email within 10 days of your submission

6.  If your address changes in the future, please send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

7.  If you have any questions or concerns regarding your Claim, please contact the Claims Administrator at the address below, by email at info@AmyrisSecuritiesLitigation.com, or by toll-free phone at 1-855-917-0546 or you may visit www.AmyrisSecuritiesLitigation.com. DO NOT call the Court, Defendants, or Defendants' Counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR OR SUBMITTED ONLINE AT WWW.AMYRISSECURITIESLITIGATION.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN _____ \_\_, 2022.** IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*Amyris Securities Litigation*
*c/o KCC Class Action Services*
*P.O. Box 43210*
*Providence, RI 02940-3210*

If mailed, a Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date is indicated on the envelope. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

11

**EXHIBIT A-3**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT CARBONE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMYRIS, INC., et al.,<br><br>Defendants. | Case No. 4:19-cv-01765-YGR |

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT
OF CLASS ACTION AND SETTLEMENT HEARING THEREON**

TO:    ALL PERSONS OR ENTITIES WHO PURCHASED THE COMMON STOCK OF AMYRIS, INC. ("AMYRIS") DURING THE PERIOD MARCH 15, 2018 THROUGH MARCH 19, 2019, INCLUSIVE.

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of California, that Plaintiffs in the above-captioned litigation (the "Action") have reached a proposed settlement with Defendants for $13,500,000.00 in cash, plus interest earned (the "Settlement").

A hearing will be held on _____ ___, 2022, at ___ _.m., before the Honorable Yvonne Gonzalez Rogers, United States District Judge, in Courtroom 1 of the United States District Court, Northern District of California, at 1301 Clay Street, Oakland, CA 94612 for the purpose of determining:  (1) whether the proposed Settlement of $13,500,000.00 in cash, plus any return thereon, should be approved by the Court as fair, just, reasonable, and adequate; (2) whether the Action should be dismissed with prejudice as against Defendants and Releasees as set forth in the Stipulation and Agreement of Settlement dated March 24, 2022; (3) whether the Plan of Allocation is fair, reasonable, and adequate and, therefore, should be approved; (4) whether the application of Plaintiffs' Counsel for the payment of attorneys' fees and reimbursement of costs and expenses incurred in connection with the Action should be approved; (5) whether the applications of the Class Representative and Lead Plaintiff for reimbursement awards for time and costs spent in supervising the litigation on behalf of the Class should be approved; and (6) such other matters as the Court may deem appropriate.

**If you purchased Amyris common stock during the period from March 15, 2018 through March 19, 2019, inclusive, your rights may be affected by the Settlement of the Action.**  If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing Thereon (the "Notice") and a copy of the Proof of Claim, you may obtain copies from www.AmyrisSecuritiesLitigation.com or by calling 1-855-917-0546. Complete information concerning the Action may be obtained from the Court files on this matter.

1

If you are a member of the Class, in order to share in the distribution of the Net Settlement Fund, you must timely submit a Proof of Claim to the Claims Administrator's address provided above and postmarked no later than [_____ __], 2022. If you are a member of the Class and do not submit a proper Claim Form, you will not share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgment or orders entered by the Court.

If you desire to be excluded from the Class and the Settlement, you must submit to the Claims Administrator a request for exclusion, at Amyris Securities Litigation, c/o KCC Class Action Services, EXCLUSIONS, 150 Royall Street, Suite 101 Canton, MA 02021 and postmarked no later than [_____ ___], 2022, in the manner and form detailed in the Notice. If you properly exclude yourself from the Class, you will not be bound by any judgment or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objection to the proposed Settlement, the Plan of Allocation, and/or Fee and Expense Application must be filed in the manner detailed in the Notice with the Clerk of the Court and delivered to Class Counsel and Defendants' Counsel, such that it is received by each party no later than [_____ ___], 2022, in accordance with the instructions set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.** Any questions, should be directed to:

| **Claims Administrator:** | **Class Counsel:** |
|---|---|
| Amyris Securities Litigation | William B. Federman |
| c/o KCC Class Action Services | A. Brooke Murphy |
| P.O. Box 43210 | FEDERMAN & SHERWOOD |
| Providence, RI 02940-3210 | 10205 N. Pennsylvania Avenue |
| Toll Free: 1-855-917-0546 | Oklahoma City, OK 73120 |
| www.AmyrisSecuritiesLitigation.com | (405) 235-1560 |

DATED: _____ ___, 2022        BY ORDER OF THE U.S. DISTRICT COURT
                                       NORTHERN DISTRICT OF CALIFORNIA

2

**EXHIBIT A-4**

Amyris Securities Litigation
c/o KCC Class Action Services
PO Box 43210
Providence, RI 02940-3210

***COURT-ORDERED
LEGAL NOTICE***

**Important Notice about a
Securities Class Action Settlement.**

**You may be entitled to a CASH payment.
This Notice may affect your legal rights.
Please read it carefully.**

*Carbone v. Amyris, Inc., et al., Case No.
4:19-cv-01765-YGR*


# AYR

< < B < < C < < < < <

Postal Service: Please Do Not Mark Barcode

AYR «ACCOUNTID»-«NOTICEID»

«OWNER»
«COOWNER»
«REPRESENTATIVE»
«ADDRESS1»
«ADDRESS2»
«CITY» «STATECD» «ZIP»
«COUNTRY»

***THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.***

***PLEASE VISIT WWW.AMYRISSECURITIESLITIGATION.COM FOR MORE INFORMATION.***

There has been a proposed Settlement of claims against Amyris, Inc. ("Amyris"), John G. Melo (CEO), and Kathleen Valiasek (former CFO) (collectively, the "Defendants"). The Settlement would resolve a lawsuit in which Plaintiffs allege that Defendants disseminated materially false and misleading information to the investing public about Amyris's financial results, its royalty revenues, and the effectiveness of its internal control over financial reporting. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired Amyris common stock during the period March 15, 2018 and March 19, 2019, inclusive, and were damaged thereby.

Defendants have agreed to pay a Settlement Amount of $13,500,000.00. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all Settlement Class Members who submit a valid Claim Form, in exchange for the settlement of this case and the Releases by Settlement Class Members of claims related to this case. **For all details of the Settlement, read the Stipulation and full Notice, available at www.AmyrisSecuritiesLitigation.com.**

Your share of the Settlement proceeds will depend on the number of valid claims submitted, and the number, size and timing of your transactions in Amyris common stock. If every eligible Settlement Class Member submits a valid Claim Form, the average recovery will be $0.23 per eligible security before the costs of administration and other Court-ordered deductions. Your award will be determined pro rata based on the number of claims submitted.  This is further explained in the detailed Notice found on the Settlement website.

**To qualify for payment, you must submit a Claim Form.** The Claim Form can be found on the website www.AmyrisSecuritiesLitigation.com, or will be mailed to you upon request to the Claims Administrator at 1-855-917-0546. **Claim Forms  must be submitted online or postmarked by [_____ __], 2022**. If you do not want to be legally bound by the Settlement, you must exclude yourself by [_____ __], 2022, or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by [_____ __], 2022.  The detailed Notice explains how to submit a Claim Form, exclude yourself or object.

The Court will hold a hearing in this case on [_____ __], 2022, to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for 25% of the Settlement Fund in attorneys' fees, plus actual expenses up to $450,000 for litigating the case and negotiating the Settlement, and awards to Class Representative and Lead Plaintiff to reimburse them for the costs and expenses related to their representation of the Class in an amount not to exceed $7,500, each. These requests which equate to a cost of $0.06 per affected share. You may attend the hearing, but you do not have to. For more information, call toll-free 1-855-917-0546 or visit the website www.AmyrisSecuritiesLitigation.com and read the detailed Notice.

# EXHIBIT B

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

VINCENT CARBONE, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

AMYRIS, INC., JOHN G. MELO, and KATHLEEN VALIASEK,

Defendants.

Case No.:  4:19-cv-01765-YGR

**[PROPOSED] FINAL ORDER AND JUDGMENT**

**WHEREAS:**

A.    A class action is pending in this Court entitled *Carbone v. Amyris, Inc., et al.*, Case No. 4:19-cv-01765-YGR (the "Action");

B.    Defendants in the Action are Amyris, Inc. ("Amyris" or the "Company"), John G. Melo ("Melo"), and Kathleen Valiasek ("Valiasek") (collectively, the "Individual Defendants" and, together with Amyris, "Defendants");

C.    By Order dated December 8, 2021, the Court certified a class consisting of: all persons and entities who purchased shares of Amyris common stock during the period from March 15, 2018 through March 19, 2019, inclusive, (the "Class Period") and who were damaged thereby (the "Class").  Excluded from the Class are (i) all Defendants; (ii) members of the immediate families of Individual Defendants Melo and Valiasek; (iii) any subsidiaries and affiliates of

United States District Court
Northern District of California

Defendants; (iv) any person who is or was an officer or director of Amyris or any of Amyris's subsidiaries or affiliates; (v) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; (vi) Amyris's employee retirement and benefit plan(s); and (vii) the legal representatives, heirs, successors and assigns of any such excluded person or entity. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the Court's Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered by the Court on _____, 2022 (the "Preliminary Approval Order"), also excluded from the Class are those persons or entities that submitted timely and valid requests for exclusion pursuant to the Settlement Notice, which have been accepted by the Court;

D.      As of March 24, 2022, Class Representative Vincent Carbone ("Plaintiff" or "Class Representative"), on behalf of himself and each of the members of the certified Class, on the one hand, and Defendants on the other hand, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the Action. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation;

E.      Pursuant to the Preliminary Approval Order, the Court scheduled a hearing for _____, 2022, at ___:___ ___a.m./p.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; and (ii) determine whether a judgment as provided for in the Stipulation should be entered;

F.      Also pursuant to the Preliminary Approval Order, the Court ordered that: (i) the Postcard Notice be mailed by first-class mail, postage prepaid, on or before twenty (20) calendar days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Class Members who could be identified through reasonable effort; (ii) contemporaneously with the mailing of the Postcard Notice, the Claims Administrator cause copies of the Stipulation, Summary Notice, Claim Form, and Long Notice to be posted on a website (the "Settlement Website") from which copies of the Long Notice and Claim Form could be downloaded; and (iii) not later than ten (10)

CASE NO. 4:19-CV-01765-YGR                    2          [PROPOSED] FINAL ORDER AND JUDGMENT

business days after the Notice Date, the Claims Administrator publish the Summary Notice once over a national newswire service;

G.   The Settlement Notice advised potential Class Members of the date, time, place, and purpose of the Settlement Hearing.  The Settlement Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by _____, 2022, that requests for exclusion from the Class were to be received by _____, 2022;

H.   The provisions of the Preliminary Approval Order as to notice were complied with;

I.   On _____, 2022, Class Representative moved for final approval of the Settlement, as set forth in the Preliminary Approval Order.  The Settlement Hearing was duly held before this Court on _____, 2022, at which time all interested Persons were afforded the opportunity to be heard; and

J.   This Court has duly considered Class Representative's motion, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.   This Judgment incorporates and makes a part hereof: (i) the Stipulation; and (ii) the Settlement Notice.

2.   This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3.   The Court finds that the dissemination and publication of the Settlement Notice: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Class Members of the effect of the Settlement, of the Plan of Allocation, of Class Counsel's request for an award of attorney's fees and payment of litigation expenses incurred in connection with the prosecution of the Action, of Class Members' right to object, seek exclusion from, and/or opt-back into the Class, and

of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995.

4.      In accordance with Federal Rule of Civil Procedure 23, excluded from the Class are the persons and entities who timely and validly requested exclusion from the Class pursuant to the Long Notice.

5.      In light of the benefits to the Class, the complexity, expense, and possible duration of further litigation against Defendants, the risks of establishing liability and damages, the costs of continued litigation, the Court hereby fully and finally approves the Settlement as set forth in the Stipulation in all respects, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Class. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Class and Defendants, all of whom had a firm understanding of the factual and legal issues in dispute.

6.      The Amended Class Action Complaint, filed on September 13, 2019 ("Amended Complaint") is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

7.      The Plan of Allocation is hereby approved as fair, reasonable, and adequate. Any order, proceeding, appeal, modification, or change relating to the Plan of Allocation shall in no way disturb or affect the finality of this Judgment and shall be considered separate from this Judgment.

8.      The Court finds, as required by the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(c)(1), that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

9.      Upon the Effective Date of the Settlement, the Class Representative and each Class Member (who is not otherwise properly excluded from the Class), on behalf of themselves and each

CASE NO. 4:19-CV-01765-YGR                    4            [PROPOSED] FINAL ORDER AND JUDGMENT

of the Releasing Plaintiff Parties, shall be deemed to have fully, finally, and forever waived, released, discharged, covenanted not to bring, and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties.

10.     Upon the Effective Date of the Settlement, Defendants, on behalf of themselves and each of the Releasing Defendant Parties, shall be deemed to have fully, finally, and forever waived, released, discharged, covenanted not to bring, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

11.     Notwithstanding paragraphs 8 and 9 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12.     Each Class Member (who is not otherwise properly excluded from the Class), whether or not the Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims provided for herein.

13.     This Judgment and the Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)     do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Class Representative and the Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any

liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever;

(b)        do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Class Representative, or any other member of the Class as evidence of any infirmity in the claims of Class Representative, or the other members of the Class;

(c)        do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Class Representative, any other member of the Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Class Representative, other members of the Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d)        do not constitute, and shall not be construed against Defendants, Class Representative or any other member of the Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)        do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Class Representative, or any other member of the Class that any of their claims are without merit or infirm or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount.

14.    The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

15.    In the event that the Settlement does not become effective in accordance with the

CASE NO. 4:19-CV-01765-YGR                6        [PROPOSED] FINAL ORDER AND JUDGMENT

terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17.    The Parties are hereby directed to consummate the Stipulation and to perform its terms.

18.    A separate order shall be entered regarding Class Counsel's motion for an award of attorneys' fees and payment of expenses.  Such order shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

19.    The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

20.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; (ii) the implementation and administration of the Settlement; (iii) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds; (iv) hearing and determining applications for attorneys' fees, costs, interest and payment of expenses in the Action; (v) any motion to approve the Plan of Allocation; and (vi) the Class Members for all matters relating to the Action. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

DATED: _____          _____

Hon. Yvonne Gonzalez Rogers
United States District Court Judge