William B. Federman (admitted *pro hac vice*)
A. Brooke Murphy (admitted *pro hac vice*)
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone:  405-235-1560
Facsimile:  405-239-2112
wbf@federmanlaw.com
abm@federmanlaw.com

*Class Counsel for Plaintiffs*

Robert S. Green
GREEN & NOBLIN, P.C.
2200 Larkspur Landing Circle, Ste. 101
Larkspur, California 94939
Tel: (415) 477-6700
Fax: (415) 477-6710
-and-
4500 East Pacific Coast Highway
Fourth Floor
Long Beach, California 90804
Tel: (562) 391-2487
rsg@classcounsel.com

*Liaison Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| VINCENT CARBONE, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>AMYRIS, INC., JOHN G. MELO, and KATHLEEN VALIASEK,<br><br>　　　　　Defendants. | Case No.:  4:19-cv-01765-YGR<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:  July 26, 2022<br>Time:  2:00 p.m.<br>Location: Courtroom 1, 4th Floor<br>Judge:  Hon. Yvonne Gonzalez Rogers |

Pursuant to the Court's Order of July 12, 2022, Plaintiff and Class Representative Vincent Carbone ("Plaintiff," "Class Representative," or "Carbone"), individually and on behalf of the other members of the Class (collectively, "Plaintiffs"), respectfully submits this Supplemental Memorandum of Points and Authorities in support of his Motion for Preliminary Approval of the Settlement of this Action against Amyris, Inc. ("Amyris" or the "Company"), John G. Melo ("Melo"), and Kathleen Valiasek ("Valiasek") (collectively "Defendants"), on the terms set forth in the revised Stipulation and Agreement of Settlement, ("Stipulation" or "Settlement").[1]  *See* Exhibit 1, attached hereto; *see also* Exhibit 2 (redlined versions), attached hereto.

## INTRODUCTION

On March 24, 2022, Plaintiff filed a Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval") (Dkt. No. 111) along with a copy of the stipulation and agreement of settlement, dated March 24, 2022 (Dkt. No. 112-1).

On July 12, 2022, the Court entered an Order requesting additional information and the revision of certain settlement documents ("Order") (Dkt. No. 117).

Plaintiff appreciates the opportunity to provide the necessary information and documents in advance of the July 26, 2022 hearing.  Plaintiff addresses the Court's requests in turn below.

## SUPPLEMENTAL INFORMATION

### 1.  Supplemental Agreement

The Court requested that counsel "file under seal the agreement with respect to the opt-out threshold."  Order, ¶ 1.  Thus, Plaintiff files contemporaneously herewith the Supplemental Agreement Regarding Requests for Exclusion under seal.  *See* Exhibit 3, attached hereto.

### 2.  Information Pursuant Procedural Guidance for Class Action Settlements

#### a.  Settlement Administrators

Plaintiff has requested that the Court authorize the retention of KCC Class Action Services ("KCC") as the Claims Administrator for the Settlement. In accordance with the *Procedural*

---

[1] All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

*Guidance for Class Action Settlements* ("Procedural Guidance") and the Order, Plaintiff advises that KCC was one of three settlement claims administrators that provided proposals to, and were considered by, Class Counsel. Class Counsel had the administrators consider and propose, as appropriate, various notice and claims submission methods, including mailed notice, publication notice, the establishment of a settlement website, online claim submissions, paper claim submissions, and whether payments should be electronic or by check. Plaintiff and Class Counsel selected KCC as the proposed administrator for this Settlement based on its competitive bid and experience in administering securities class action settlements.

Class Counsel has engaged KCC four times over the past two years. During that same timeframe, Class Counsel has engaged numerous other settlement administrators, including Epiq Class Action & Claims Solutions, Inc., Kroll Settlement Administration, American Legal Claims Services LLC, and Angeion Group, LLC.

### b. Language Concerning Access to Documents

Pursuant to the Court's instruction, Plaintiff has revised the proposed Notice to replace the previous language advising Class Members how to access additional information with the specific language suggested in the Procedural Guidance, including the language explaining how documents may be accessed from PACER. *See* Exhibit A-1 to Stipulation (Exhibit 1) at 15.

### c. Language Concerning Objections

Plaintiff has also revised the proposed Notice to remove certain language advising Class Members how they may object to the Settlement and replace it with the language suggested in the Procedural Guidance. *See id.* at 13. The proposed Notice still requests that any objectors provide, as part of their objection, information needed to determine whether they are in fact Class Members (*i.e.,* investors who purchased Amyris stock during the Class Period and were damaged thereby). *Id.* Because the large majority of Class Members are not shareholders of record, the requested information is necessary to verify whether an objector is a Class Member and an eligible objector. *See* Dkt. No. 111 at 18.

#### d.   Percentage of Class Members Anticipated to Submit Claims

As discussed in the Motion for Preliminary Approval, Class Counsel and the Claims Administrator estimate that approximately 4,000 claims will be submitted as part of the Settlement.  *See* Dkt. No. 111 at 18.  In accordance with the Court's Order, Plaintiff clarifies that 4,000 claims would represent 20% of the estimated 20,000 Class Members.[2]  Plaintiff further clarifies that in the past comparable class settlement *Angley v. UTi Worldwide, Inc.,* Case No., 2:14-cv-02066-CBM-E, the 6,144 claims submitted amounts to 17% of the 37,000 class members that were estimated in that case.  *See id.* at 24.

### 3.   Anticipated Payment to Claims Administrator

As set forth in the Motion for Preliminary Approval, the Claims Administrator has estimated that the costs of notice and claims administration for this Settlement will be less than $125,000.  *See id.* at 19.  In its Order, the Court questioned why the stipulation and agreement of settlement permitted the Claims Administrator to receive payment of as much as $250,000 prior to the Effective Date without further Order from the Court.  Order, ¶ 3; *see* Dkt. No. 112-1, ¶ 20.

While the $250,000 amount was an upper bound that would only be paid if such costs were actually incurred as part of the notice and claims administration, and while a buffer was included in the event that the actual administration costs exceed the Claims Administrator's bid, Plaintiff agrees that the $250,000 allowable amount is more than what is needed.  Accordingly, the Parties have revised the Stipulation to lower the amount potentially payable to the Claims Administrator.  The revised Stipulation now limits the amount potentially payable to the Claims Administrator, before the Effective Date without further Order from the Court, to $125,000. *See* Stipulation (Exhibit 1, hereto), ¶ 20.

---

[2] Because the large majority of investors own shares of common stock in street name only, the number of Class Members is unknown, which makes the class size and the claims rate difficult to estimate. *See id*. at 18.

### 4. Release Language

In its Order, the Court requested that the release language be revised to remove the word "relate" and to instead use "arising out of" and "based upon." Order, ¶ 4.

The revised Stipulation incorporates this change. *See* Stipulation (Exhibit 1) at ¶¶ 1(dd), (ff); *see also* Exhibit A-4.

### 5. Notice Program

The Court has requested further explanation about whether social media and/or email will be used to contact the Class Members. Under the proposed notice program, it is not anticipated that notice will be provided through social media. Instead, the proposed notice program is designed to work so that the Claims Administrator will mail notices to: (a) all potential Class Members (including record holders of Amyris common stock) based on records in the possession of Amyris and its present or former stock transfer agents; and (b) brokers and nominees who will be Ordered to examine their records for owners of Amyris stock and will then either: (i) send the notice to the potential Class Members, or (ii) send the contact information of the potential Class Members to the Claims Administrator for notice purposes. In addition, the Claims Administrator will publish the Summary Notice over *PR Newswire*. All notices will include a URL to the dedicated Settlement website, from which Class Members can access relevant documents and electronically submit their claims.

While the proposed mailing is anticipated to be conducted primarily through U.S. mail, the Claims Administrator will send email notice to the Class Members whose email addresses are made available but whose physical addresses are not. The Claims Administrator has further confirmed that part of its notice program is to provide the Notice to the Depository Trust Company for publication on its legal notice system ("LENS"). LENS is accessible to any broker or other nominee that participates in DTC's security settlement system. While notice through LENS, and potential email notice, were not explicated in the prior version of the proposed Preliminary Approval Order, these items have been added. *See* Exhibit A to Stipulation (Exhibit 1) at 4.

The notice program proposed under this Settlement is substantially similar to the notice program utilized in nearly every securities class action settlement. Indeed, the Ninth Circuit recently considered a similar notice program for a securities class action settlement and found it to be "'the best practicable under the circumstances.'" *In re MGM Mirage Sec. Litig.*, 708 F. App'x 894, 896 (9th Cir. 2017) (citation omitted) (upholding notice program that relied on direct mailings to potential class members and institutions holding securities, published notice, and a designated settlement website, with the Court holding that "[t]he extensive notice efforts here satisfied the requirements of due process and Federal Rule of Civil Procedure 23(c)(2)"). Numerous courts within this Circuit have likewise approved notice programs similar to the one proposed here. *See, e.g., In re BofI Holding, Inc. Sec. Litig.*, No. 315CV02324GPCKSC, 2022 WL 2068424, at *12 (S.D. Cal. June 8, 2022) (approving mail notice to potential class members and brokers, publication notice, and dedicated website); *Hefler v. Wells Fargo & Co.*, No. 16-CV-05479-JST, 2018 WL 4207245, at *11 (N.D. Cal. Sept. 4, 2018) (same); *Fleming v. Impax Lab'ys Inc.*, No. 16-CV-06557-HSG, 2021 WL 5447008, at *4 (N.D. Cal. Nov. 22, 2021) (approving mail notice to potential class members and nominees, publication notice, notice on Depository Trust Company's legal notice system, and dedicated website); *Vataj v. Johnson*, No. 19-CV-06996-HSG, 2021 WL 1550478, at *11 (N.D. Cal. Apr. 20, 2021) (same).

Plaintiff is unaware of, and has been unable to locate, a case in which social media was utilized as part of the notice program in a securities class action. Notably, the court approved a notice program similar to the program proposed here in a securities class action against Twitter, Inc., a provider of a major social media platform, without requiring the use of social media as part of the notice. *See In re Twitter, Inc., Sec. Litig.*, Case No. 3:16-cv-05314-JST, slip op. (N.D. Cal. Feb. 21, 2019) (Dkt. No. 238).

### 6. Relocation of Chart in Notice

In its Order, the Court directed that chart on page 2 of the Long Form Notice be moved to page 1 before the bullet points. Order, ¶ 6.

The revised Long Form Notice incorporates this change.  *See* Exhibit A-1 to Stipulation (Exhibit 1) at 1.

**CONCLUSION**

Class Representative respectfully requests that the proposed Settlement be preliminarily approved and the [Proposed] Preliminary Approval Order entered by the Court.

Dated: July 21, 2022                    Respectfully submitted,


*/s/William B. Federman*
William B. Federman (admitted *pro hac vice*)
A. Brooke Murphy (admitted *pro hac vice*)
FEDERMAN & SHERWOOD
10205 North Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
Tel: (405) 235-1560/Fax: (405) 239-2112
-and-
212 W. Spring Valley Road
Richardson, TX  75081
wbf@federmanlaw.com
abm@federmanlaw.com

*Class Counsel for Plaintiffs*


Robert S. Green
GREEN & NOBLIN, P.C.
2200 Larkspur Landing Circle, Ste. 101
Larkspur, California 94939
Tel: (415) 477-6700/Fax: (415) 477-6710
-and-
4500 East Pacific Coast Highway
Fourth Floor
Long Beach, CA 90804
rsg@classcounsel.com

*Liaison Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on Thursday, July 21, 2022.

/s/William B. Federman
William B. Federman