1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| VINCENT CARBONE, Individually and on Behalf of All Others Similarly Situated, | Case No.: 4:19-cv-01765-YGR |
| Plaintiff, | **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT** |
| v. | |
| AMYRIS, INC., JOHN G. MELO, and KATHLEEN VALIASEK, | |
| Defendants. | |

17

18

19

20

21

22

23

24

25

26

27

28

Pending before this Court is a joint motion for preliminary approval of class action settlement. Having read and considered all of the filings, and having requested and received supplemental information, the Court **GRANTS** preliminary approval. Given the judicial emergency in this district[1], and to expedite the process, the Court adopts the parties' proposed order. A more fulsome order will come at the final approval stage.

By way of background, by Order dated December 8, 2021, the Court certified a class consisting of: all persons and entities who purchased shares of Amyris, Inc. ("Amyris") common stock during the period from March 15, 2018 through March 19, 2019, inclusive, (the "Class Period") and who were damaged thereby (the "Class"). Excluded from the Class are (i) all

---

[1] United States Courts, "Judicial Emergencies," (last visited July 22, 2022) https://www.uscourts.gov/judges-judgeships/judicial-vacancies/judicial-emergencies.

ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

United States District Court
Northern District of California

1  Defendants; (ii) members of the immediate families of Individual Defendants Melo and Valiasek;

2  (iii) any subsidiaries and affiliates of Defendants; (iv) any person who is or was an officer or

3  director of Amyris or any of Amyris's subsidiaries or affiliates; (v) Defendants' directors' and

4  officers' liability insurance carriers, and any affiliates or subsidiaries thereof; (vi) Amyris's

5  employee retirement and benefit plan(s); and (vii) the legal representatives, heirs, successors and

6  assigns of any such excluded person or entity.  Also excluded from the Class is any person or

7  entity that timely submits a valid request for exclusion in connection with the Notice of Pendency

8  and Proposed Settlement of Class Action and Settlement Hearing Thereon, which is accepted by

9  the Court.

10       Effective July 21, 2022, Class Representative Vincent Carbone ("Plaintiff" or "Class

11  Representative"), on behalf of himself and each of the members of the certified Class, on the one

12  hand, and Defendants Amyris, John G. Melo, and Kathleen Valiasek ("Defendants" and, together

13  with Plaintiff, the "Parties"), on the other hand, entered into a Stipulation and Agreement of

14  Settlement (the "Stipulation") in the Action, which is subject to review under Rule 23 of the Federal

15  Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and

16  conditions of the Settlement of this Action;

17       In filing the instant motion, the Parties consented to the entry of this order.  All capitalized

18  terms used herein, that are not otherwise defined, have the meanings defined in the Stipulation;

19       NOW, THEREFORE, IT IS HEREBY ORDERED, this twenty-second day of July, 2022,

20  that:

21       1.       The Court has reviewed the Stipulation and preliminarily finds the Settlement set

22  forth therein to be fair, reasonable and adequate.  The Settlement: (a) resulted from arm's-length

23  negotiations overseen by an experienced mediator; and (b) is sufficient to warrant (i) notice thereof,

24  as set forth below, and (ii) a full hearing on the Settlement. Accordingly, the Court does hereby

25  preliminarily approve the Stipulation and Settlement set forth therein, subject to further

26  consideration at the Settlement Hearing described below.

27

28

2.      A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on November 8, 2022, at 2:00 p.m. for the following purposes:

(a)      to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)      to determine whether the Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered;

(c)      to determine whether the Plan of Allocation is fair, reasonable and adequate, and should be approved by the Court;

(d)      to consider Class Counsel's motion for an award of attorneys' fees and expenses; and

(e)      to rule upon such other matters as the Court may deem appropriate

3.      The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Class of any kind.  The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses.  The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice to members of the Class.

4.      The Court approves the form, substance and requirements of the Settlement Notice and Proof of Claim, substantially in the forms annexed hereto as Exhibits A-1, A-2, A-3, and A-4.

5.      The Court approves the retention of KCC Class Action Services as the Claims Administrator.

6.      Amyris shall provide, or cause to be provided, to Class Counsel or the Claims Administrator, the Settlement Fund, Class Counsel, or the Claims Administrator, within twenty (20) calendar days after the Court enters this Order, documentation or data in the possession of Amyris or its present or former stock transfer agents sufficient to identify to the extent available the record holders of Amyris common stock during the period from March 15, 2018 through March 19, 2019,

inclusive, and their last known addresses or other similar information ("Stockholder Records"). The Parties shall determine an appropriate electronic format for provision of this information.

7.      The Claims Administrator shall cause notice of the Settlement and Settlement Hearing to be given as follows:

(a)      within thirty (30) calendar days after the Court enters this Order ("Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form annexed hereto as Exhibit 4, to be mailed by first-class mail, postage prepaid, or emailed where physical addresses are not available but email addresses are, to all Class Members who can be identified with reasonable effort, including by using the Stockholder Records.

(b)      contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the (i) Stipulation, (ii) Summary Notice, substantially in the form attached hereto as Exhibit 3, (iii) the Claim Form, substantially in the form attached hereto as Exhibit 2, and (iv) the Long Notice, substantially in the form attached hereto as Exhibit 1, to be posted on a website (the "Settlement Website") from which copies of the Long Notice and Claim Form can be downloaded; and

(c)      not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall publish the Summary Notice, substantially in the form attached hereto as Exhibit 3, once over *PR Newswire,* a national newswire service;

(d)      not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall provide a copy of the Long Notice to the Depository Trust Company ("DTC") for posting on its Legal Notice System ("LENS"). The LENS may be accessed by any broker or other nominee that participates in DTC's security settlement system.

8.      Class Counsel shall, at least seven (7) calendar days before the Settlement Hearing, file with the Court proof of such mailing and publication.

9.      Securities brokers and other nominees ("Nominees") who purchased or acquired Amyris common stock for the beneficial ownership of Class Members during the Class Period shall (a) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims

Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Postcard Notice to such beneficial owners.

(a)     Nominees who elect to send the Postcard Notice to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action;

(b)     Upon full and timely compliance with this Order, Nominees who mail the Postcard Notice to beneficial owners, or who provide additional names and addresses of beneficial owners to the Claims Administrator, may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses subject to review by the Court.

10.     The form and content of the notice program described herein, and the methods set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

11.     In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is affected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a)     A properly executed Proof of Claim, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator and postmarked or electronically submitted no later than fourteen (14) calendar days before the Settlement Hearing.  Such deadline may be further extended by Court order or by Class Counsel in their discretion.  Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid) or when submitted electronically on the Settlement Website.  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator.  Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by Class Counsel, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 13 of this order.  Notwithstanding the foregoing, Class Counsel shall have the discretion (but not the obligation) to accept for processing late-submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed. Class Counsel shall have no liability for their discretion in accepting late claims.

(b)     The Proof of Claim submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator with such supervision by Class Counsel as necessary; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of her current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Proof of Claim, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

12.     Any Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If any Class Member does not enter an appearance, he, she or it will be represented by Class Counsel.

13.     Class Members shall be bound by all orders, determinations and judgments in this Action, whether favorable or unfavorable, unless such Persons or request exclusion from the Class in a timely and proper manner, as hereinafter provided, or as otherwise allowed by the Court.

(a)     A Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Settlement Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days before the Settlement Hearing.  Such request for exclusion must state the name, address and telephone number of the Person seeking exclusion, must state that the sender requests to be excluded from the Class in *Carbone v. Amyris, Inc., et al.*, Case No. 4:19-cv-01765-YGR (N.D. Cal.) and must be signed by such Person.  Such Persons requesting exclusion are also directed to provide the information requested in the Settlement Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases and acquisitions and sales of Amyris publicly traded common stock during the Class Period along with documented proof of such purchases and sales.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court or the Parties.

14.     Class Members who submit a timely and effective request for exclusion shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Settlement Notice.

15.     The Court will consider any Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Class Member has mailed or filed said objections and supporting papers with the Clerk of the Court, United States District Court for the Northern District of California, Ronald V. Dellums Federal

Building & United States Courthouse, 1301 Clay Street, Suite 400 S, Oakland, CA 94612.  Any Class Member who does not make his, her, or its objection in the manner provided for in the Settlement Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.  The Court will consider all proper objections even if a Class Member does not attend the Settlement Hearing.  However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the Settlement Hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

16.     Pending final determination of whether the Settlement should be approved, Class Representative, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against the Released Defendant Parties.

17.     As provided in the Stipulation, before the Effective Date, Class Counsel may pay the Claims Administrator fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement in an amount up to $125,000.00 (one hundred and twenty-five thousand dollars and zero cents) out of the Settlement Fund without further approval from the Court.

18.     All papers in support of the Settlement, Plan of Allocation, and Class Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or

before thirty-five (35) calendar days before the Settlement Hearing.  Any reply papers are to be filed with the Court and served no later than seven (7) calendar days before the Settlement Hearing.

19.   The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved.  No person who is not a Class Member or Class Counsel shall have any right to any portion of, or to any distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation. Should the Settlement not reach its Effective Date, including by termination, the ownership of the Settlement Fund shall immediately revert to the funders in accordance with the provisions of the Stipulation without any further action by the Court.

20.   All funds held in escrow shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

21.   Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorney's fees or expenses submitted by Class Counsel or Class Representative, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

22.   Defendants shall, if they have not already, provide notice of the proposed Settlement to the appropriate state and federal officials as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

23.   If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of February 4, 2022.

24. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

25. The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

DATED:  July 22, 2022

Hon. Yvonne Gonzalez Rogers
United States District Court Judge

**EXHIBIT A-1**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

VINCENT CARBONE, Individually and on
Behalf of All Others Similarly Situated,

              Plaintiff,

              v.

AMYRIS, INC., et al.,

              Defendants.

Case No. 4:19-cv-01765-YGR

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION
AND SETTLEMENT HEARING THEREON**

TO:    ALL PERSONS OR ENTITIES WHO PURCHASED THE COMMON STOCK OF
AMYRIS, INC. ("AMYRIS") DURING THE PERIOD MARCH 15, 2018 THROUGH
MARCH 19, 2019, INCLUSIVE.

    *A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED BY
PROCEEDINGS IN THIS LITIGATION.  IF YOU ARE A CLASS MEMBER, YOU MAY BE
ENTITLED TO SHARE IN THE PROCEEDS OF THE PROPOSED SETTLEMENT
DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST
SUBMIT A VALID PROOF OF CLAIM POSTMARKED ON OR BEFORE DECEMBER 18,
2018.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| **SUBMIT A CLAIM FORM NO LATER THAN _____ __, _____** | The only way to get a payment. |
| **EXCLUDE YOURSELF NO LATER THAN _____ __, _____** | Get no payment.  This is the only option that potentially allows you to be part of any other lawsuit against Defendants about the legal claims in this case. |
| **OBJECT NO LATER THAN _____ __, _____** | Write to the Court about why you do not like the Settlement. |
| **GO TO THE SETTLEMENT HEARING ON _____ __, _____** | Speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment.  Give up rights. |

- **Security and Time Period**:  Amyris common stock purchased during the period March 15, 2018 through March 19, 2019, inclusive.

- **Settlement Fund**:  $13,500,000.00 in cash, plus all interest or income earned thereon.  Your recovery will depend on the amount of Amyris common stock you purchased, the timing of your purchases and sales, if any, the number of eligible shares that participate in the Settlement, and when those shares were purchased and sold, if at all.[1]  Plaintiffs and Defendants disagree on liability and damages.  Based on the information currently available to the Class Representative and the analysis performed by its damages consultant, it is estimated that if Class Members submit claims for 100% of the common stock estimated to be eligible for a distribution under the proposed Plan of Allocation (described in Question 8 below), the estimated average distribution will be approximately $0.23 per eligible share of stock, before deduction of Court-approved fees and expenses, including the cost of settlement administration, any attorneys' fees and expenses awarded by the Court to Plaintiffs' Counsel, and any reimbursement awarded by the Court to the Class Representative for his representation of the Class.  Historically, actual claim rates are less than 100%, which results in higher distributions per share.  The payment you get will reflect the percentage of the Net Settlement Fund that your Recognized Loss bears to the total of the Recognized Losses of all Authorized Claimants.

- **Reasons for Settlement**: The Settlement resolves claims against Defendants for alleged violations of the federal securities laws that have been pending since 2019.  Defendants deny all allegations of wrongdoing.  The Settlement provides the Class with a substantial benefit now (namely $13.5 million, plus interest), as compared to the risk that a smaller or no recovery would be achieved after engaging in years of further litigation – including contested motions, trial, and likely appeals, in which Defendants would have the opportunity to challenge and assert defenses to Plaintiffs' claims.  In light of the amount of the Settlement and the immediacy of recovery to the Class Members, the Class Representative and Plaintiffs' Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.

- **Fees and Expenses**:  Plaintiffs' Counsel have been prosecuting this litigation on a wholly contingent basis since its inception and have not received any payment for attorneys' fees, or reimbursement of out-of-pocket expenses advanced, in connection with their representation of the Class (including, but not limited to, investigating the facts, drafting and filing the complaints, responding to Defendants' motions to dismiss, successfully appealing the district court's dismissal of Plaintiffs' claims, issuing numerous subpoenas to third-parties with relevant information, reviewing millions of pages of documents produced by Defendants and third parties during discovery, seeking and obtaining an order certifying the action as a class action, and negotiating the Settlement).  Plaintiffs' Counsel will ask the Court for attorneys' fees not to exceed 25% of the Settlement Fund and reimbursement of out-of-pocket expenses not to exceed $400,000 to be paid from the Settlement Fund.  Additionally, Plaintiffs' Counsel intend to ask the Court for discretionary awards not to exceed $7,500, each, to reimburse the Class Representative and Lead Plaintiff for costs and expenses related to their direct

---

[1] All otherwise undefined terms have the definitions set forth in the Stipulation and Agreement of Settlement (the "Stipulation"), executed by the Parties on July 21, 2022.

2

representation of the Class.  If the above amounts are requested and approved by the Court, the average cost will be approximately $0.06 per eligible share of Amyris common stock.

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? ............................................................................ Page _
What Is The Lawsuit About? ........................................................................... Page _
Why Is This A Class Action? ........................................................................... Page _
Why Is There A Settlement? ............................................................................ Page _
How Do I Know If I Am Part of The Settlement? ........................................... Page _
Are There Exceptions To Being Included In the Settlement? .......................... Page _
What Does The Settlement Provide? ................................................................ Page _
How Much Will My Payment Be? What Is The Plan Of Allocation? .............. Page _
How Do I Participate In The Settlement? ........................................................ Page _
When Will I Receive My Payment? ................................................................. Page _
What Rights Am I Giving Up By Remaining In The Class? ............................ Page _
What If A Class Member Is Deceased? ............................................................ Page _
What If I Bought Shares of Amyris Common Stock On Someone Else's Behalf .. Page _
How Do I Exclude Myself From The Settlement? ............................................ Page _
If I Do Not Exclude Myself, Can I Sue Defendants For The Same Thing Later? .. Page _
If I Exclude Myself, Can I Get Money From This Settlement? ......................... Page _
Do I Have A Lawyer In This Case? .................................................................. Page _
How Will The Lawyers Be Paid? ..................................................................... Page _
How Do I Tell The Court That I Do Not Like The Settlement? ....................... Page _
What Is The Difference Between Objecting and Excluding? ............................ Page _
When And Where Will the Court Decide Whether To Approve The Settlement? .. Page _
Do I Have To Come To The Hearing? .............................................................. Page _
May I Speak At The Settlement Hearing .......................................................... Page _
What Happens If I Do Nothing At All? ............................................................ Page _
How Can I Get More Information? ................................................................... Page _

**1.**     **Why Did I Get This Notice Package?**

You or someone in your family may have purchased Amyris common stock during the period March 15, 2018 through March 19, 2019, inclusive (the "Class Period").

The Court directed us to send this Notice because, as a potential Class Member, you have a right to know about the proposed Settlement, and about all of your options.  Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights.  *See* Question 3 below.  If the Court approves the Settlement, the Claims Administrator appointed by the Court will issue payments to those persons who timely submit valid claims in the manner described herein.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, the Honorable Yvonne Gonzalez Rogers presiding, and the case is known as *Carbone v. Amyris, Inc., et al.* Case No. 4:19-cv-01765-YGR (N.D. Cal).

## 2.    What Is This Lawsuit About?

Plaintiffs allege that Amyris, John G. Melo (CEO), and Kathleen Valiasek (former CFO) (collectively "Defendants"), violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by materially misrepresenting Amyris's financial results, its royalty revenues, and the effectiveness of its internal control over financial reporting.  Plaintiffs allege that these materially false or misleading statements created artificial inflation in the price of Amyris common stock during the period March 15, 2018 through March 19, 2019, inclusive.  Plaintiffs allege that the true facts began to reveal themselves on November 13, 2018, when Defendants announced disappointing third quarter royalty revenues that missed previous projections by $15 million. Plaintiffs allege that the truth was further revealed on March 19, 2019, when Amyris disclosed that it would be unable to timely file its annual report due to Defendants' continued evaluation of Amyris's internal control over financial reporting, which could result in material deficiencies being reported.  Following these disclosures, the price of Amyris's stock fell nearly 30% and 20%, respectively.

Defendants, individually and collectively, have denied and continue to deny all of the claims and contentions of any wrongdoing.  Defendants contend that they did not make any materially false or misleading statements and that they disclosed all material information required to be disclosed by the federal securities laws.  Defendants also contend that any losses suffered by members of the Class were not caused by any allegedly false or misleading statements by Defendants.

Plaintiffs and Defendants disagree on liability and damages.  Plaintiffs believe that, if the Class prevailed on all of their claims for the entire Class Period and if the Court fully accepted their theory of damages, the Class could have potentially received a jury award of up to $73.17 million, before deductions for fees and expenses.  Defendants deny that they are liable to the Class and deny that the Class has suffered any damages.  Defendants assert that even if Plaintiffs were to prove the other elements of their claims, the Class Period presented by Plaintiffs is unsupportable and should end months earlier, that Plaintiffs have overestimated the number of eligible shares, and that only a fraction of the losses claimed by Plaintiffs were actually caused by the alleged misrepresentations as opposed to other factors.  The Settlement resolves all certified claims against Defendants.

## 3.    Why Is This a Class Action?

A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  Once the class is certified, the court must resolve all issues on behalf of the class members, except for any Persons who choose to exclude themselves from the class.  Here, all class members, together, are called the Class or Class Members.

In a class action, a person called a class representative sues on behalf of people who have similar claims.  The Court has certified this Action to proceed as a class action, has appointed

plaintiff Vincent Carbone to serve as the class representative ("Class Representative"), and has approved Federman & Sherwood to serve as class counsel on behalf of the Plaintiffs ("Class Counsel").

## 4.      Why Is There a Settlement?

The Court did not decide in favor of Plaintiffs or Defendants.  Instead, the Parties have negotiated a settlement that they believe is in the best interests of their respective clients.  The Settlement allows both sides to avoid the risks and cost of lengthy and uncertain litigation and the uncertainty of a trial and appeals, and permits eligible Class Members to be compensated without further delay.

The proposed Settlement was arrived at through lengthy, arms'-length negotiations (including two full-day mediation sessions) and was the result of a proposal by a neutral mediator who had considered the various legal, evidentiary, and economic aspects of the Action.  Class Representative and Class Counsel agreed to the terms of the proposed Settlement after considering the results of their factual and legal investigation, and the strengths and weaknesses of the claims and defenses asserted in the Action.  Based upon that evaluation, among other things, Class Representative and Class Counsel concluded that the terms and conditions of the proposed Settlement are fair, reasonable and adequate to the Class, and that it is in the best interests of the Class to settle the claims alleged in the Action pursuant to the terms and provisions of the Stipulation.

## 5.      How Do I Know If I Am Part of the Settlement?

The Class includes all persons or entities who purchased shares of Amyris common stock during the period from March 15, 2018 through March 19, 2019, inclusive, and were damaged as a result.  The Class excludes the Defendants, officers and directors of Amyris, members of the immediate families of the individual Defendants, and affiliates of the corporate Defendant.

## 6.      Are There Exceptions to Being Included in the Settlement?

Yes.  Excluded from the Settlement are Defendants, officers and directors of Amyris, members of the immediate families of the Individual Defendants, and affiliates of Amyris.  Also excluded from the Settlement are those Persons who timely and validly request exclusion from the Settlement pursuant to this Notice.

## 7.      What Does the Settlement Provide?

Defendants have agreed to cause their insurers to pay $13,500,000.00 in cash in settlement of the Action (the "Settlement Amount").  The Settlement Amount, plus interest or income earned thereon from the date it is established (the "Settlement Fund"), less costs, fees, and expenses (the "Net Settlement Fund"), will be divided among all eligible Class Members who submit valid Proofs of Claim and whose claim for recovery has been allowed pursuant to the terms of the Stipulation ("Authorized Claimants").  Costs, fees, and expenses include Court-approved attorneys' fees and expenses, the costs of notifying Class Members, including the costs of printing and

mailing this Notice and the cost of publishing the Publication Notice, the costs of claims administration, and Taxes on the Settlement Fund.

**8.      How Much Will My Payment Be?  What is the Plan of Allocation?**

The Net Settlement Fund will be distributed to Class Members who submit valid, timely Proof of Claim and Release forms ("Claimants") under the Plan of Allocation described below.

The Plan of Allocation set forth herein is the plan that is being proposed by Class Representative and Class Counsel (in consultation with Plaintiffs' damages expert) to the Court for approval.  The Plan of Allocation reflects an assessment of the damages that Plaintiffs' damages expert estimates could have been recovered had the Plaintiffs prevailed at trial.  The Court may approve this Plan of Allocation as proposed or it may modify the Plan of Allocation without further notice to the Class.  Any orders regarding a modification of the Plan of Allocation will be posted on the settlement website, www.AmyrisSecuritiesLitigation.com.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Class Members who suffered economic losses as a result of the alleged misrepresentations and omissions of the Defendants, as opposed to losses caused by market or industry factors or other company-specific factors.  In developing the Plan of Allocation, Plaintiffs' damages expert calculated the potential amount of estimated artificial inflation per share of Amyris's common stock, based on closing prices, that was proximately caused by Defendants' alleged material misrepresentations and omissions.  The Plan of Allocation takes into account the growing inflation in the price of Amyris common stock during the Class Period.

Under the Plan of Allocation, a "Recognized Loss" will be calculated as set forth below for each purchase or acquisition of an eligible share of Amyris common stock during the Class Period. The calculation of a Recognized Loss will depend upon several factors, including (i) when the shares were purchased or otherwise acquired, in what amount, and the price paid; and (ii) whether the shares were sold, and if so, when, and for what price and in what amount.

Based on the foregoing, and for purposes of this Settlement only, the Plan of Allocation for distributing the Net Settlement Fund is as follows:

1.  For each share of Amyris, Inc. ("AMRS") common stock purchased during the period March 15, 2018 through November 13, 2018, inclusive and:

    a)  Sold prior to the close of trading on November 13, 2018, the Recognized Loss is $0.00.

    b)  Sold during the period November 14, 2018 through March 19, 2019, inclusive the Recognized Loss shall be the lesser of a) the difference between the inflation per share on the date of purchase and the inflation per share on the date of sale, as set forth on Table A (below); or b) the difference between the purchase price per share and the sale price per share.

    c)   Sold during the period March 20, 2019 through June 18, 2019, inclusive the Recognized Loss shall be the least of a) the inflation per share on the date of purchase, as set forth on Table A (below); b) the difference between the purchase price per share and the sale price per share; or c) the difference between the purchase price per share and the mean trading price per share beginning March 20, 2019 through the date of sale, as set forth on Table B (below).

    d)   Held as of the close of trading on June 18, 2019, the Recognized Loss shall be the lesser of a) the inflation per share on the date of purchase, as set forth on Table A (below); or b) the difference between the purchase price per share and $3.27 per share.[2]

2.  For each share of Amyris, Inc. ("AMRS") common stock purchased during the period November 14, 2018 through March 19, 2019, inclusive and:

    a)   Sold prior to the close of trading on March 19, 2019, the Recognized Loss is $0.00.

    b)   Sold during the period March 20, 2019 through June 18, 2019, inclusive the Recognized Loss shall be the least of a) the inflation per share on the date of purchase, as set forth on Table A (below); b) the difference between the purchase price per share and the sale price per share; or c) the difference between the purchase price per share and the mean trading price per share beginning March 20, 2019 through the date of sale, as set forth on Table B (below).

    c)   Held as of the close of trading on June 18, 2019, the Recognized Loss shall be the lesser of a) the inflation per share on the date of purchase, as set forth on Table A (below); or b) the difference between the purchase price per share and $3.27 per share.

---

[2] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." The mean closing price of AMRS common stock during the 90-day period, beginning on March 20, 2019 and ending on June 18, 2019, was $3.27.

| **TABLE A** — **INFLATION PER SHARE** |
|---|---|---|---|---|---|---|---|---|---|
| 3/15/2018 | $2.44 | 6/4/2018 | $2.44 | 8/21/2018 | $2.44 | 11/7/2018 | $2.44 | 1/30/2019 | $0.73 |
| 3/16/2018 | $2.44 | 6/5/2018 | $2.44 | 8/22/2018 | $2.44 | 11/8/2018 | $2.44 | 1/31/2019 | $0.73 |
| 3/19/2018 | $2.44 | 6/6/2018 | $2.44 | 8/23/2018 | $2.44 | 11/9/2018 | $2.44 | 2/1/2019 | $0.73 |
| 3/20/2018 | $2.44 | 6/7/2018 | $2.44 | 8/24/2018 | $2.44 | 11/12/2018 | $2.44 | 2/4/2019 | $0.73 |
| 3/21/2018 | $2.44 | 6/8/2018 | $2.44 | 8/27/2018 | $2.44 | 11/13/2018 | $2.44 | 2/5/2019 | $0.73 |
| 3/22/2018 | $2.44 | 6/11/2018 | $2.44 | 8/28/2018 | $2.44 | 11/14/2018 | $0.73 | 2/6/2019 | $0.73 |
| 3/23/2018 | $2.44 | 6/12/2018 | $2.44 | 8/29/2018 | $2.44 | 11/15/2018 | $0.73 | 2/7/2019 | $0.73 |
| 3/26/2018 | $2.44 | 6/13/2018 | $2.44 | 8/30/2018 | $2.44 | 11/16/2018 | $0.73 | 2/8/2019 | $0.73 |
| 3/27/2018 | $2.44 | 6/14/2018 | $2.44 | 8/31/2018 | $2.44 | 11/19/2018 | $0.73 | 2/11/2019 | $0.73 |
| 3/28/2018 | $2.44 | 6/15/2018 | $2.44 | 9/4/2018 | $2.44 | 11/20/2018 | $0.73 | 2/12/2019 | $0.73 |
| 3/29/2018 | $2.44 | 6/18/2018 | $2.44 | 9/5/2018 | $2.44 | 11/21/2018 | $0.73 | 2/13/2019 | $0.73 |
| 4/2/2018 | $2.44 | 6/19/2018 | $2.44 | 9/6/2018 | $2.44 | 11/23/2018 | $0.73 | 2/14/2019 | $0.73 |
| 4/3/2018 | $2.44 | 6/20/2018 | $2.44 | 9/7/2018 | $2.44 | 11/26/2018 | $0.73 | 2/15/2019 | $0.73 |
| 4/4/2018 | $2.44 | 6/21/2018 | $2.44 | 9/10/2018 | $2.44 | 11/27/2018 | $0.73 | 2/19/2019 | $0.73 |
| 4/5/2018 | $2.44 | 6/22/2018 | $2.44 | 9/11/2018 | $2.44 | 11/28/2018 | $0.73 | 2/20/2019 | $0.73 |
| 4/6/2018 | $2.44 | 6/25/2018 | $2.44 | 9/12/2018 | $2.44 | 11/29/2018 | $0.73 | 2/21/2019 | $0.73 |
| 4/9/2018 | $2.44 | 6/26/2018 | $2.44 | 9/13/2018 | $2.44 | 11/30/2018 | $0.73 | 2/22/2019 | $0.73 |
| 4/10/2018 | $2.44 | 6/27/2018 | $2.44 | 9/14/2018 | $2.44 | 12/3/2018 | $0.73 | 2/25/2019 | $0.73 |
| 4/11/2018 | $2.44 | 6/28/2018 | $2.44 | 9/17/2018 | $2.44 | 12/4/2018 | $0.73 | 2/26/2019 | $0.73 |
| 4/12/2018 | $2.44 | 6/29/2018 | $2.44 | 9/18/2018 | $2.44 | 12/6/2018 | $0.73 | 2/27/2019 | $0.73 |
| 4/13/2018 | $2.44 | 7/2/2018 | $2.44 | 9/19/2018 | $2.44 | 12/7/2018 | $0.73 | 2/28/2019 | $0.73 |
| 4/16/2018 | $2.44 | 7/3/2018 | $2.44 | 9/20/2018 | $2.44 | 12/10/2018 | $0.73 | 3/1/2019 | $0.73 |
| 4/17/2018 | $2.44 | 7/5/2018 | $2.44 | 9/21/2018 | $2.44 | 12/11/2018 | $0.73 | 3/4/2019 | $0.73 |
| 4/18/2018 | $2.44 | 7/6/2018 | $2.44 | 9/24/2018 | $2.44 | 12/12/2018 | $0.73 | 3/5/2019 | $0.73 |
| 4/19/2018 | $2.44 | 7/9/2018 | $2.44 | 9/25/2018 | $2.44 | 12/13/2018 | $0.73 | 3/6/2019 | $0.73 |
| 4/20/2018 | $2.44 | 7/10/2018 | $2.44 | 9/26/2018 | $2.44 | 12/14/2018 | $0.73 | 3/7/2019 | $0.73 |
| 4/23/2018 | $2.44 | 7/11/2018 | $2.44 | 9/27/2018 | $2.44 | 12/17/2018 | $0.73 | 3/8/2019 | $0.73 |
| 4/24/2018 | $2.44 | 7/12/2018 | $2.44 | 9/28/2018 | $2.44 | 12/18/2018 | $0.73 | 3/11/2019 | $0.73 |
| 4/25/2018 | $2.44 | 7/13/2018 | $2.44 | 10/1/2018 | $2.44 | 12/19/2018 | $0.73 | 3/12/2019 | $0.73 |
| 4/26/2018 | $2.44 | 7/16/2018 | $2.44 | 10/2/2018 | $2.44 | 12/20/2018 | $0.73 | 3/13/2019 | $0.73 |
| 4/27/2018 | $2.44 | 7/17/2018 | $2.44 | 10/3/2018 | $2.44 | 12/21/2018 | $0.73 | 3/14/2019 | $0.73 |
| 4/30/2018 | $2.44 | 7/18/2018 | $2.44 | 10/4/2018 | $2.44 | 12/24/2018 | $0.73 | 3/15/2019 | $0.73 |
| 5/1/2018 | $2.44 | 7/19/2018 | $2.44 | 10/5/2018 | $2.44 | 12/26/2018 | $0.73 | 3/18/2019 | $0.73 |
| 5/2/2018 | $2.44 | 7/20/2018 | $2.44 | 10/8/2018 | $2.44 | 12/27/2018 | $0.73 | 3/19/2019 | $0.73 |
| 5/3/2018 | $2.44 | 7/23/2018 | $2.44 | 10/9/2018 | $2.44 | 12/28/2018 | $0.73 | | |
| 5/4/2018 | $2.44 | 7/24/2018 | $2.44 | 10/10/2018 | $2.44 | 12/31/2018 | $0.73 | | |
| 5/7/2018 | $2.44 | 7/25/2018 | $2.44 | 10/11/2018 | $2.44 | 1/2/2019 | $0.73 | | |
| 5/8/2018 | $2.44 | 7/26/2018 | $2.44 | 10/12/2018 | $2.44 | 1/3/2019 | $0.73 | | |
| 5/9/2018 | $2.44 | 7/27/2018 | $2.44 | 10/15/2018 | $2.44 | 1/4/2019 | $0.73 | | |
| 5/10/2018 | $2.44 | 7/30/2018 | $2.44 | 10/16/2018 | $2.44 | 1/7/2019 | $0.73 | | |
| 5/11/2018 | $2.44 | 7/31/2018 | $2.44 | 10/17/2018 | $2.44 | 1/8/2019 | $0.73 | | |
| 5/14/2018 | $2.44 | 8/1/2018 | $2.44 | 10/18/2018 | $2.44 | 1/9/2019 | $0.73 | | |
| 5/15/2018 | $2.44 | 8/2/2018 | $2.44 | 10/19/2018 | $2.44 | 1/10/2019 | $0.73 | | |
| 5/16/2018 | $2.44 | 8/3/2018 | $2.44 | 10/22/2018 | $2.44 | 1/11/2019 | $0.73 | | |
| 5/17/2018 | $2.44 | 8/6/2018 | $2.44 | 10/23/2018 | $2.44 | 1/14/2019 | $0.73 | | |
| 5/18/2018 | $2.44 | 8/7/2018 | $2.44 | 10/24/2018 | $2.44 | 1/15/2019 | $0.73 | | |
| 5/21/2018 | $2.44 | 8/8/2018 | $2.44 | 10/25/2018 | $2.44 | 1/16/2019 | $0.73 | | |
| 5/22/2018 | $2.44 | 8/9/2018 | $2.44 | 10/26/2018 | $2.44 | 1/17/2019 | $0.73 | | |
| 5/23/2018 | $2.44 | 8/10/2018 | $2.44 | 10/29/2018 | $2.44 | 1/18/2019 | $0.73 | | |
| 5/24/2018 | $2.44 | 8/13/2018 | $2.44 | 10/30/2018 | $2.44 | 1/22/2019 | $0.73 | | |
| 5/25/2018 | $2.44 | 8/14/2018 | $2.44 | 10/31/2018 | $2.44 | 1/23/2019 | $0.73 | | |
| 5/29/2018 | $2.44 | 8/15/2018 | $2.44 | 11/1/2018 | $2.44 | 1/24/2019 | $0.73 | | |
| 5/30/2018 | $2.44 | 8/16/2018 | $2.44 | 11/2/2018 | $2.44 | 1/25/2019 | $0.73 | | |
| 5/31/2018 | $2.44 | 8/17/2018 | $2.44 | 11/5/2018 | $2.44 | 1/28/2019 | $0.73 | | |
| 6/1/2018 | $2.44 | 8/20/2018 | $2.44 | 11/6/2018 | $2.44 | 1/29/2019 | $0.73 | | |

| TABLE B MEAN TRADING PRICE | | | | | |
|---|---|---|---|---|---|
| 3/20/2019 | $3.10 | 4/25/2019 | $2.64 | 5/31/2019 | $3.12 |
| 3/21/2019 | $3.02 | 4/26/2019 | $2.66 | 6/3/2019 | $3.13 |
| 3/22/2019 | $2.92 | 4/29/2019 | $2.69 | 6/4/2019 | $3.14 |
| 3/25/2019 | $2.83 | 4/30/2019 | $2.71 | 6/5/2019 | $3.15 |
| 3/26/2019 | $2.75 | 5/1/2019 | $2.73 | 6/6/2019 | $3.16 |
| 3/27/2019 | $2.69 | 5/2/2019 | $2.76 | 6/7/2019 | $3.17 |
| 3/28/2019 | $2.64 | 5/3/2019 | $2.78 | 6/10/2019 | $3.19 |
| 3/29/2019 | $2.60 | 5/6/2019 | $2.80 | 6/11/2019 | $3.20 |
| 4/1/2019 | $2.57 | 5/7/2019 | $2.82 | 6/12/2019 | $3.21 |
| 4/2/2019 | $2.54 | 5/8/2019 | $2.85 | 6/13/2019 | $3.23 |
| 4/3/2019 | $2.52 | 5/9/2019 | $2.87 | 6/14/2019 | $3.24 |
| 4/4/2019 | $2.51 | 5/10/2019 | $2.89 | 6/17/2019 | $3.25 |
| 4/5/2019 | $2.50 | 5/13/2019 | $2.91 | 6/18/2019 | $3.27 |
| 4/8/2019 | $2.49 | 5/14/2019 | $2.93 | | |
| 4/9/2019 | $2.49 | 5/15/2019 | $2.95 | | |
| 4/10/2019 | $2.50 | 5/16/2019 | $2.97 | | |
| 4/11/2019 | $2.50 | 5/17/2019 | $2.98 | | |
| 4/12/2019 | $2.51 | 5/20/2019 | $3.00 | | |
| 4/15/2019 | $2.52 | 5/21/2019 | $3.02 | | |
| 4/16/2019 | $2.53 | 5/22/2019 | $3.03 | | |
| 4/17/2019 | $2.54 | 5/23/2019 | $3.05 | | |
| 4/18/2019 | $2.56 | 5/24/2019 | $3.06 | | |
| 4/22/2019 | $2.58 | 5/28/2019 | $3.08 | | |
| 4/23/2019 | $2.60 | 5/29/2019 | $3.09 | | |
| 4/24/2019 | $2.62 | 5/30/2019 | $3.11 | | |

## ADDITIONAL PROVISIONS

For all purposes, the transaction date and not the settlement date shall be used as the date for determining the eligibility to file a claim, and the calculation of Recognized Losses.  All purchases and sales of shares of Amyris, Inc. stock shall be accounted for and matched using the first-in-first-out (FIFO) method of accounting. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero ($0.00).

To the extent that a Claimant suffered an overall actual market loss on his, her, or its overall transactions in Amyris common stock during the Class Period, but that actual market loss is less than the total Recognized Loss calculated above, then the Claimant's Recognized Loss shall be limited to the amount of the actual market loss.

Each Authorized Claimant shall recover his, her, or its pro rata share of the Net Settlement Fund. If the prorated share calculates to less than $10.00, it will be removed from the calculation and it will not be paid.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.

9

Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Northern District of California with respect to his, her, or its Proof of Claim form.

## 9.      How Do I Participate in the Settlement?

Each Person wishing to participate in the distribution of the Net Settlement Fund must timely submit a valid Proof of Claim establishing membership in the Class, and include all required documentation.  The Proof of Claim must be submitted or postmarked (if mailed) on or before [_____ ___], 2022.  The Proof of Claim may be electronically submitted online at www.AmyrisSecuritiesLitigation.com or mailed to the address set forth in the Proof of Claim. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and submit it on or before [_____ ___], 2022.

Unless the Court otherwise orders, any Class Member who fails to submit a Proof of Claim on or before [_____ ___], 2022, shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation that is approved, including the terms of any judgment entered and releases given.

Persons that are excluded from the Class by definition or that exclude themselves from the Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit a Proof of Claim.

## 10.     When Will I Receive My Payment?

The Court will hold a hearing on [_____ ___], 2022 to decide whether to approve the Settlement, the proposed Plan of Allocation, and Fee and Expense Application.  If the Settlement is approved by the Court, and upon satisfaction of the other conditions to the Settlement, including the expiration of the time for the filing of any appeals, the Net Settlement Fund will be distributed to Authorized Claimants in accordance with the Plan of Allocation approved by the Court.

The claims administration process takes time.  Please be patient.

## 11.     What Rights Am I Giving Up by Remaining in the Class?

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants or the "Releasees" about the "Settled Claims", including "Unknown Claims".  It also means that all of the Court's orders will apply to you and legally bind you and, in return for your participation in the Settlement, you will release your claims in this case against the Defendants and the Releasees.  The terms of the release are included in the Proof of Claim that is enclosed.

**12.     What If A Class Member Is Deceased?**

Under the Settlement, the authorized legal representative(s) of a Class Member may receive a recovery on behalf of the deceased Class Member.

**13.     What If I Bought Shares of Amyris Common Stock On Someone Else's Behalf?**

If you purchased shares of Amyris common stock during the Class Period for the beneficial interest of a Class Member, you must either (a) send a copy of the Notice Postcard to the beneficial owner(s) of the common stock within seven (7) days from the receipt of the Notice, and provide written confirmation to the Claims Administrator of such transmittal, or (b) provide the Claims Administrator with the names and addresses of such beneficial owner(s) within seven (7) days from the receipt of the Notice Postcard, in which event the Claims Administrator will promptly mail the Notice Postcard to such beneficial owner(s). The Claims Administrator will provide nominees with additional copies of the Notice Postcard upon request.  Nominees may seek reimbursement of their reasonable administrative costs and expenses actually incurred in searching their records to find the names and addresses of beneficial owners and for mailing the Notice Postcard by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

Copies of the Notice Postcard and the Proof of Claim can be obtained from the website maintained by the Claims Administrator, www.AmyrisSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 1-855-917-0546.

If you do not want a payment from the Settlement, but you want to keep the right to sue or continue to sue one or more of the Defendants on your own for the Settled Claims in this case, then you must take steps to get out of the Class.  This is called excluding yourself from, or is sometimes referred to as opting out of, the Class.

**14.     How Do I Exclude Myself from the Class?**

If you do not want a payment from the Settlement, but you want to keep the right to sue or continue to sue one or more of the Defendants on your own for the Settled Claims in this case, then you must take steps to get out of the Class.  This is called excluding yourself from the Class. If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in the Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitations or repose.

To exclude yourself from the Class, you must send a letter by first-class mail to the Claims Administrator by [_____ ___], 2022, stating that you want to be excluded from *Carbone v. Amyris, Inc., et al.*, No. 4:19-cv-01765-YGR (N.D. Cal.).  You must include (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases and sales of Amyris common stock, including the dates, the number of shares, and price paid or received per share of stock for each such purchase or sale; (c) documented proof of the Person's purchases and sales such as account statements or stock certificates, and (d) a signed statement

that the Person wishes to be excluded from the Class.  No request for exclusion will be considered valid unless all of the information described above is included in any such request.

Any Person who wishes to exclude him/her/itself from the Class must submit a valid and timely Request for Exclusion to:

> Amyris Securities Litigation
> c/o KCC Class Action Services
> EXCLUSIONS
> 150 Royall Street, Suite 101
> Canton, MA 02021

You cannot exclude yourself on the phone, by fax, or by e-mail.  If you ask to be excluded, you are not eligible to receive any Settlement payment, and you cannot object to the Settlement, or any part of it.

**15.     If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?**

No.  Unless you exclude yourself, you give up any right to sue the Defendants and the Releasees for all the Settled Claims in the Settlement.  If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately.  Remember, the exclusion deadline is [_____ ___], 2022.

**16.     If I Exclude Myself, Can I Get Money from this Settlement?**

No.  If you exclude yourself, do not send in a Proof of Claim.  However, you may sue, continue to sue, or be part of a different lawsuit, involving the Settled Claims against the Defendants.  Once you exclude yourself, you will receive no cash payment even if you also submit a Proof of Claim.

**THE LAWYERS REPRESENTING YOU**

**17.     Do I Have a Lawyer in this Case?**

The Court appointed Federman & Sherwood (Class Counsel) to represent you and other Class Members.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**18.     How Will the Lawyers Be Paid?**

To date, Plaintiffs' Counsel have not received any payment for their services in conducting this litigation on behalf of the Class and have not been paid for their substantial out-of-pocket expenses.  Plaintiffs' Counsel, including Class Counsel, will ask the Court for an award of attorneys' fees not to exceed 25% of the Settlement Fund and for the reimbursement of out-of-pocket expenses not to exceed $400,000, which were incurred in connection with the Action.  Such sums as may be approved by the Court will be paid from the Settlement Fund.

The attorneys' fees and expenses requested, to the extent they are awarded by the Court, will be the only payment to Plaintiffs' Counsel for their efforts in achieving the Settlement and for their risk in undertaking this representation on a wholly contingent basis. The fees requested, if awarded, will compensate Plaintiffs' Counsel for their work and risk in achieving the Settlement. Plaintiffs' Counsel believe that these fees are well within the range of fees awarded to class counsel under similar circumstances in other cases of this type.

**19.    How Do I Tell the Court that I Do Not Like the Settlement?**

If you are a Class Member, you can object to the Settlement if you do not like any part of it, including the proposed Plan of Allocation, request for attorneys' fees and reimbursement of out-of-pocket expenses, and request for a reimbursement award to the Class Representative. You can state why you think the Court should not approve it. The Court will consider your views.

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number *Carbone v. Amyris, Inc., et al.*, No. 4:19-cv-01765-YGR (N.D. Cal), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay Street, Suite 400 S. Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before _____.

Be sure to include: (a) your name, address, and telephone number; (b) your purchases and sales of Amyris common stock, including the dates, the number of shares, and price paid or received per share of stock for each such purchase or sale; (c) documented proof of the Person's purchases and sales such as account statements or stock certificates, (d) your signature; and (e) the reasons for your objection.

You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

If you file an objection to the proposed Settlement, proposed Plan of Allocation, and/or the Fee and Expense Application you also have a right to appear at the Settlement Hearing either in person or through counsel hired by you at your own expense. If you wish to be heard orally at the hearing in opposition to the approval of the proposed Settlement, the proposed Plan of Allocation, or the Fee and Expense Application, and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Plaintiffs' Counsel at the address set forth above. Persons who intend to object and desire to

13

present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.

Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation and the Fee and Expense Application.

**20.    What is the Difference Between Objecting and Excluding?**

Objecting is telling the Court that you do not like something about the proposed Settlement or any part of it, including the proposed Plan of Allocation, and Fee and Expense Application. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class or the Settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.

**21.    When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a hearing to decide whether to approve the proposed Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application (the "Settlement Hearing"). You may attend and you may ask to speak, but you do not have to.

The Settlement Hearing will take place at [__]:00 [_].m., on [_____ ___], 2022, at the United States District Court for the Northern District of California, Courtroom 1, 1301 Clay Street, Oakland, CA 94612. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Gonzalez Rogers will listen to people who have asked to speak at the hearing. *See* Question 19, above. The Court will also decide whether to approve the proposed Plan of Allocation and the payment of fees and expenses to Plaintiffs' Counsel. The Court may decide these issues at the hearing or take them under consideration and decide them at a later time. We do not know how long these decisions will take.

The Court may adjourn or continue the Settlement Hearing without further notice to the Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Class Counsel.

**22.    Do I have to Come to the Hearing?**

No. Class Members do not need to attend the Settlement Hearing; thus, you are not obligated to attend. Class Counsel will answer any questions Judge Gonzalez Rogers may have. Moreover, the Court will consider any submission made in accordance with the provisions in this Notice even if the Class Member does not attend the hearing. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. *See* Question 17, above.

**23.     May I Speak at the Settlement Hearing?**

You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must send a letter saying that it is your intention to appear in *Carbone v. Amyris, Inc. et al.*, Case No. 4:19-cv-01765-YGR (N.D. Cal)  Be sure to include: (a) your name, address, and telephone number; (b) your purchases and sales of Amyris common stock, including the dates, the number of shares, and price paid or received per share of stock for each such purchase or sale; (c) documented proof of the Person's purchases and sales such as account statements or stock certificates, and (d) your signature.  Your notice of intention to appear must be filed with the Court at the address above (*see* Question 19) prior to the date of the Settlement Hearing, and be sent to the Plaintiffs' Counsel, and Defendants' Counsel, at the addresses below.

| Counsel for Plaintiffs | Counsel for Defendants |
|---|---|
| William B. Federman, Esq.<br>A. Brooke Murphy, Esq.<br>FEDERMAN & SHERWOOD<br>10205 N. Pennsylvania Ave.<br>Oklahoma City, OK 73120 | Michael D. Celio, Esq.<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA 94304-1211 |

You cannot speak at the hearing if you exclude yourself from the Class.

**24.     What Happens if I Do Nothing at All?**

If you do nothing, you will receive no money from the Settlement.  But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants and other Releasees about the Settled Claims in this case.

**25.     How Can I Get More Information?**

This notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Stipulation available at www.AmyrisSecuritiesLitigation.com, by contacting the Claims Administrator toll-free at 1-855-917-0546, by contacting Class Counsel at (405) 235-1560, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

For further information regarding the proposed Settlement, you may contact the Claims Administrator toll-free at 1-855-917-0546, or you may contact Class Counsel at (405) 235-1560.

**SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES**

Bankers, brokers, and nominees ("Nominees") who held Amyris common stock during the period March 15, 2018 through March 19, 2019, inclusive, for the beneficial ownership of another Person, shall send the Postcard Notice to such beneficial owners within seven (7) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Postcard Notice to such beneficial owners.  Nominees may obtain reimbursement for reasonable administrative costs actually incurred in connection with forwarding the Postcard Notice and which would not have been incurred but for the obligation to forward the Postcard Notice, upon submission of appropriate documentation to the Claims Administrator.  Nominees who do not intend to comply with the provisions of this paragraph are requested to notify the Claims Administrator of that fact.

DATED: _____ _____, 2022          BY ORDER OF THE U.S. DISTRICT COURT
                                                                          NORTHERN DISTRICT OF CALIFORNIA

**EXHIBIT A-2**

*Amyris Securities Litigation*
**c/o KCC Class Action Services**
**PO Box 43210**
**Providence, RI 02940-3210**

**Toll-Free Number:  1-855-917-0546**
**Email:  info@AmyrisSecuritiesLitigation.com**
**Website:  www.AmyrisSecuritiesLitigation.com**

**PROOF OF CLAIM AND RELEASE FORM**

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of the class action captioned *Carbone v. Amyris, Inc., et al.*, Case No. 4:19-cv-01765-YGR  (N.D. Cal.) ("Action"), you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by First-Class mail to the above address, or submit it online at www.AmyrisSecuritiesLitigation.com, **postmarked (or received) no later than _____ __, 2022**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court,**
**the Parties to the Action, or their counsel.**

**SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR**
**AT THE ADDRESS SET FORTH ABOVE OR ONLINE AT**
**WWW.AMYRISSECURITIESLITIGATION.COM.**

| **TABLE OF CONTENTS** | **PAGE #** |
|---|---|
| **PART I – GENERAL INSTRUCTIONS** | __ |
| **PART II – CLAIMANT IDENTIFICATION** | __ |
| **PART III – SCHEDULE OF TRANSACTIONS IN AMYRIS, INC. ("AMYRIS") COMMON STOCK** | __ |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | __ |

1

## PART I – GENERAL INSTRUCTIONS

1.      This Claim Form is directed to members of the Class, as defined in the Stipulation and Agreement of Settlement ("Stipulation") and Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing Thereon ("Notice").[1] The Stipulation and Notice are available to view and download on the website www.AmyrisSecuritiesLitigation.com. Please read the Notice carefully. The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed to eligible Class Members if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the capitalized terms used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read the Notice, including the terms of the Releases described therein and provided for herein.

2.      By submitting this Claim Form, you are making a request to share in the Settlement proceeds. IF YOU ARE NOT A CLASS MEMBER (defined in ¶ 5 of the Notice), OR IF YOU SUBMITTED A REQUEST FOR EXCLUSION FROM THE CLASS, DO NOT SUBMIT A CLAIM FORM AS **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.** THUS, IF YOU ARE EXCLUDED FROM THE CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) in and holdings of Amyris common stock. Please provide all of the requested information with respect to your holdings, purchases/acquisitions, and sales of Amyris common stock, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your Claim. Neither the Claims Administrator nor the Parties have access to your trading information.**

5.      **Please note**: Only Amyris common stock purchased during the Class Period (*i.e.*, March 15, 2018 through March 19, 2019, inclusive) are eligible under the Settlement. However, pursuant to the "90-day Look-Back period" (described in the Plan of Allocation set forth in the Notice), your sales of Amyris common stock during the period beginning on March 20, 2019 and ending on June 18, 2019 will be used to calculate your loss under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to calculate your Claim, your transactions during the 90-day Look-Back period must also be provided. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your Claim.**

---

[1]      Certain persons and entities are excluded from the Class by definition as set forth in ¶ 5 of the Notice.

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Amyris common stock set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information regarding your investments in Amyris common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

7.      If your Amyris common stock was owned jointly, all joint owners must sign this Claim Form and their names must appear as "Claimants" in Part II of this Claim Form. The complete name(s) of the beneficial owner(s) must be entered. If you purchased/acquired Amyris common stock during the Class Period and held the shares in your name, you are the beneficial owner as well as the record owner. If you purchased/acquired Amyris common stock during the Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

8.      **You must submit a separate Claim Form for each separate legal entity or separately managed account**. Generally, one Claim Form should be submitted on behalf of one legal entity and include all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claim Forms should be submitted for each such account (*e.g.*, an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). The Claims Administrator reserves the right to request information on all the holdings and transactions in Amyris common stock made on behalf of a single beneficial owner.

9.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

    (a)      expressly state the capacity in which they are acting;

    (b)      identify the name, account number, last four digits of the Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Amyris common stock; and

    (c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

3

10.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto.

11.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

12.     **PLEASE NOTE**: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

13.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or a copy of the Notice, you may contact the Claims Administrator, KCC Class Action Services, at the above address, by email at info@AmyrisSecuritiesLitigation.com, or by toll-free phone at 1-855-917-0546, or you can visit www.AmyrisSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

14.     **NOTICE REGARDING ELECTRONIC FILES**: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit www.AmyrisSecuritiesLitigation.com, or you may email the Claims Administrator's electronic filing department at info@AmyrisSecuritiesLitigation.com. **Any file that is not in accordance with the required electronic filing format will be subject to rejection.** No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to you to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at info@AmyrisSecuritiesLitigation.com to inquire about your file and confirm it was received.**

### IMPORTANT PLEASE NOTE:

**YOUR CLAIM, IF MAILED, IS NOT DEEMED SUBMITTED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-855-917-0546.**

## PART II – CLAIMANT IDENTIFICATION

**Please complete this PART II in its entirety. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

Beneficial Owner's First Name

Beneficial Owner's Last Name

Co-Beneficial Owner's First Name

Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                                                                          State    Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                              Telephone Number (work)

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this Claim.)

5

Account Number (where securities were traded)[2]

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|

Claimant Account Type (check appropriate box)

☐ Individual (includes joint owner accounts)      ☐ Pension Plan      ☐ Trust
☐ Corporation                                     ☐ Estate
☐ IRA/401K                                        ☐ Other _____ (please specify)

---

[2]      If the account number is unknown, you may leave blank.  If filing for more than one account for the same legal entity you may write "multiple."  Please see ¶ 8 of the General Instructions above for more information on when to file separate Claim Forms for multiple accounts.

**PART III – SCHEDULE OF TRANSACTIONS IN
AMYRIS, INC. COMMON STOCK**

Please be sure to include proper documentation with your Claim Form as described in detail in Part I – General Instructions, ¶ 6, above. Do not include information regarding securities other than Amyris common stock.

| **1. HOLDINGS AS OF MARCH 14, 2018** – State the total number of shares of Amyris common stock held as of the close of trading on March 14, 2018.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Holding Position Enclosed ○ |
|---|---|

**2. PURCHASES/ACQUISITIONS FROM MARCH 15, 2018 TO MARCH 19, 2019, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of Amyris common stock from after the opening of trading on March 15, 2018 through and including the close of trading on March 19, 2019. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/Acquisition Price Per Share | Total Purchase/Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchases/ Acquisitions Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

**3. PURCHASES/ACQUISITIONS FROM MARCH 20, 2019 TO JUNE 18, 2019, INCLUSIVE** – State the total number of shares of Amyris common stock purchased/acquired (including free receipts) from after the opening of trading on March 20, 2019 through and including the close of trading on June 18, 2019.  (Must be documented.)  If none, write "zero" or "0."[3] _____

| **4. SALES FROM MARCH 15, 2018 TO JUNE 18, 2019, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of Amyris common stock from after the opening of trading on March 15, 2018 through and including the close of trading on June 18, 2019. (Must be documented.) | **IF NONE, CHECK HERE** ○ |
|---|---|

---

[3]     **Please note**:  Information requested with respect to your purchases/acquisitions of Amyris common stock from after the opening of trading on March 20, 2019 through and including the close of trading on June 18, 2019 is needed in order to perform the necessary calculations for your Claim; purchase/acquisitions during this period, however, are not eligible transactions and will not be used to calculate Recognized Loss Amounts pursuant to the Plan of Allocation.

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting taxes, commissions, and fees) | Confirm Proof of Sales Enclosed |
|---|---|---|---|---|
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |
| /   / | | $ | $ | ○ |

| | Confirm Proof of Holding Position Enclosed |
|---|---|
| **5.  HOLDINGS AS OF JUNE 18, 2019 –** State the total number of shares of Amyris common stock held as of the close of trading on June 18, 2019.  (Must be documented.)  If none, write "zero" or "0."  _____ | ○ |

**IF YOU NEED ADDITIONAL SPACE, ATTACH THE REQUIRED INFORMATION ON SEPARATE, NUMBERED SHEETS IN THE SAME FORMAT AS ABOVE AND PRINT YOUR NAME AND THE LAST FOUR DIGITS OF YOUR SOCIAL SECURITY OR TAXPAYER IDENTIFICATION NUMBER AT THE TOP OF EACH ADDITIONAL SHEET. IF YOU ATTACH SEPARATE SHEETS, CHECK THIS BOX: ☐**

8

## <u>PART IV - RELEASE OF CLAIMS AND SIGNATURE</u>

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.**

Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) below shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Releasees" of all "Settled Claims," as defined in the Stipulation of Settlement.

## CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) agree(s) to the release above and certifies (certify) as follows:

1. that the Claimant(s) is a (are) member(s) of the Class, as defined in the Notice, and is (are) not excluded by definition from the Class as set forth in the Notice;

2. that I (we) have read the contents of the Notice and this Claim Form, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

3. that the Claimant(s) has (have) **not** submitted a request for exclusion from the Class;

4. that I (we) own(ed) the Amyris common stock identified in the Claim Form and have not assigned the claim against the Released Parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5. that the Claimant(s) has (have) not submitted any other Claim covering the same purchases/acquisitions of Amyris common stock and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

6. that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') Claim and for purposes of enforcing the Releases set forth herein;

7. that I (we) agree to furnish such additional information with respect to this Claim Form as Class Counsel, the Claims Administrator, or the Court may require;

8. that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim and waives any right of appeal or review with respect to such determination;

9. that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.    that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code. **If the IRS has notified the Claimant(s) that he/she/it/they is (are) subject to backup withholding, please strike out the language in the preceding sentence.**

I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of Claimant                                                                                        Date

_____

Print Claimant name here

_____

Signature of joint Claimant, if any                                                                      Date

_____

Print joint Claimant name here

*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of person signing on behalf of Claimant                                             Date

_____

Print name of person signing on behalf of Claimant here

_____

Capacity of person signing on behalf of Claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of Claimant – *see* ¶ 9 on page __ of this Claim Form.)

## <u>REMINDER CHECKLIST</u>

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint Claimants, then each joint Claimant must sign.

2. Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and any supporting documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your Claim is not deemed submitted until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1-855-917-0546.** If you submit your Claim electronically, you will receive a confirmatory email within 10 days of your submission

6. If your address changes in the future, please send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your Claim, please contact the Claims Administrator at the address below, by email at info@AmyrisSecuritiesLitigation.com, or by toll-free phone at 1-855-917-0546 or you may visit www.AmyrisSecuritiesLitigation.com. DO NOT call the Court, Defendants, or Defendants' Counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR OR SUBMITTED ONLINE AT WWW.AMYRISSECURITIESLITIGATION.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN _____ __, 2022.** IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*Amyris Securities Litigation*
*c/o KCC Class Action Services*
*P.O. Box 43210*
*Providence, RI 02940-3210*

If mailed, a Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date is indicated on the envelope. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

11

**EXHIBIT A-3**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT CARBONE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMYRIS, INC., et al.,<br><br>Defendants. | Case No. 4:19-cv-01765-YGR |

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT
OF CLASS ACTION AND SETTLEMENT HEARING THEREON**

TO:   ALL PERSONS OR ENTITIES WHO PURCHASED THE COMMON STOCK OF AMYRIS, INC. ("AMYRIS") DURING THE PERIOD MARCH 15, 2018 THROUGH MARCH 19, 2019, INCLUSIVE.

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of California, that Plaintiffs in the above-captioned litigation (the "Action") have reached a proposed settlement with Defendants for $13,500,000.00 in cash, plus interest earned (the "Settlement").

A hearing will be held on _____ ___, 2022, at ___ _.m., before the Honorable Yvonne Gonzalez Rogers, United States District Judge, in Courtroom 1 of the United States District Court, Northern District of California, at 1301 Clay Street, Oakland, CA 94612 for the purpose of determining:   (1) whether the proposed Settlement of $13,500,000.00 in cash, plus any return thereon, should be approved by the Court as fair, just, reasonable, and adequate; (2) whether the Action should be dismissed with prejudice as against Defendants and Releasees as set forth in the Stipulation and Agreement of Settlement dated July 21, 2022; (3) whether the Plan of Allocation is fair, reasonable, and adequate and, therefore, should be approved; (4) whether the application of Plaintiffs' Counsel for the payment of attorneys' fees and reimbursement of costs and expenses incurred in connection with the Action should be approved; (5) whether the applications of the Class Representative and Lead Plaintiff for reimbursement awards for time and costs spent in supervising the litigation on behalf of the Class should be approved; and (6) such other matters as the Court may deem appropriate.

**If you purchased Amyris common stock during the period from March 15, 2018 through March 19, 2019, inclusive, your rights may be affected by the Settlement of the Action.** If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing Thereon (the "Notice") and a copy of the Proof of Claim, you may obtain copies from www.AmyrisSecuritiesLitigation.com or by calling 1-855-917-0546. Complete information concerning the Action may be obtained from the Court files on this matter.

1

If you are a member of the Class, in order to share in the distribution of the Net Settlement Fund, you must timely submit a Proof of Claim to the Claims Administrator's address provided above and postmarked no later than [_____ __], 2022. If you are a member of the Class and do not submit a proper Claim Form, you will not share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgment or orders entered by the Court.

If you desire to be excluded from the Class and the Settlement, you must submit to the Claims Administrator a request for exclusion, at Amyris Securities Litigation, c/o KCC Class Action Services, EXCLUSIONS, 150 Royall Street, Suite 101 Canton, MA 02021 and postmarked no later than [_____ ___], 2022, in the manner and form detailed in the Notice. If you properly exclude yourself from the Class, you will not be bound by any judgment or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objection to the proposed Settlement, the Plan of Allocation, and/or Fee and Expense Application must be filed in the manner detailed in the Notice with the Clerk of the Court and delivered to Class Counsel and Defendants' Counsel, such that it is received by each party no later than [_____ ___], 2022, in accordance with the instructions set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.** Any questions, should be directed to:

| **Claims Administrator:** | **Class Counsel:** |
|---|---|
| Amyris Securities Litigation | William B. Federman |
| c/o KCC Class Action Services | A. Brooke Murphy |
| P.O. Box 43210 | FEDERMAN & SHERWOOD |
| Providence, RI 02940-3210 | 10205 N. Pennsylvania Avenue |
| Toll Free: 1-855-917-0546 | Oklahoma City, OK 73120 |
| www.AmyrisSecuritiesLitigation.com | (405) 235-1560 |

DATED: _____ ___, 2022          BY ORDER OF THE U.S. DISTRICT COURT
                                        NORTHERN DISTRICT OF CALIFORNIA

**EXHIBIT A-4**

Amyris Securities Litigation
c/o KCC Class Action Services
PO Box 43210
Providence, RI 02940-3210

***COURT-ORDERED***
***LEGAL NOTICE***

< < B < < C < < < < < <

Postal Service: Please Do Not Mark Barcode

**Important Notice about a**
**Securities Class Action Settlement.**

AYR «ACCOUNTID»-«NOTICEID»

**You may be entitled to a CASH payment.**
**This Notice may affect your legal rights.**
**Please read it carefully.**

«OWNER»
«COOWNER»

*Carbone v. Amyris, Inc., et al., Case No.*
*4:19-cv-01765-YGR*

«REPRESENTATIVE»
«ADDRESS1»
«ADDRESS2»
«CITY» «STATECD» «ZIP»
«COUNTRY»



**AYR**

***THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.***

***PLEASE VISIT <u>WWW.AMYRISSECURITIESLITIGATION.COM</u> FOR MORE INFORMATION.***

There has been a proposed Settlement of claims against Amyris, Inc. ("Amyris"), John G. Melo (CEO), and Kathleen Valiasek (former CFO) (collectively, the "Defendants"). The Settlement would resolve a lawsuit in which Plaintiffs allege that Defendants disseminated materially false and misleading information to the investing public about Amyris's financial results, its royalty revenues, and the effectiveness of its internal control over financial reporting. You received this Postcard Notice because you or someone in your family may have purchased or otherwise acquired Amyris common stock during the period March 15, 2018 and March 19, 2019, inclusive, and were damaged thereby.

Defendants have agreed to pay a Settlement Amount of $13,500,000.00. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all Settlement Class Members who submit a valid Claim Form, in exchange for the settlement of this case and the Releases by Settlement Class Members of claims arising out of this case. **For all details of the Settlement, read the Stipulation and full Notice, available at www.AmyrisSecuritiesLitigation.com.**

Your share of the Settlement proceeds will depend on the number of valid claims submitted, and the number, size and timing of your transactions in Amyris common stock. If every eligible Settlement Class Member submits a valid Claim Form, the average recovery will be $0.23 per eligible security before the costs of administration and other Court-ordered deductions. Your award will be determined pro rata based on the number of claims submitted.  This is further explained in the detailed Notice found on the Settlement website.

**To qualify for payment, you must submit a Claim Form.** The Claim Form can be found on the website www.AmyrisSecuritiesLitigation.com, or will be mailed to you upon request to the Claims Administrator at 1-855-917-0546. **Claim Forms must be submitted online or postmarked by [_____ __], 2022**. If you do not want to be legally bound by the Settlement, you must exclude yourself by [_____ __], 2022, or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by [_____ __], 2022.  The detailed Notice explains how to submit a Claim Form, exclude yourself or object.

The Court will hold a hearing in this case on [_____ __], 2022, to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for 25% of the Settlement Fund in attorneys' fees, plus actual expenses up to $450,000 for litigating the case and negotiating the Settlement, and awards to Class Representative and Lead Plaintiff to reimburse them for the costs and expenses related to their representation of the Class in an amount not to exceed $7,500, each. These requests which equate to a cost of $0.06 per affected share.  You may attend the hearing, but you do not have to. For more information, call toll-free 1-855-917-0546 or visit the website www.AmyrisSecuritiesLitigation.com and read the detailed Notice.