William B. Federman (admitted *pro hac vice)*
A. Brooke Murphy (admitted *pro hac vice*)
**FEDERMAN & SHERWOOD**
10204 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112

*Class Counsel for Plaintiffs*

Robert S. Green (State Bar No. 136183)
**GREEN & NOBLIN, P.C.**
2200 Larkspur Landing Circle, Suite 101
Larkspur, CA  94939
Telephone:  (415) 477-6700
Facsimile:  (415) 477-6710
Email:  gnecf@classcounsel.com

*Liaison Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| VINCENT CARBONE, Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>     v.<br><br>AMYRIS, INC., et al.,<br><br>              Defendants. | Case No. 4:19-cv-01765-YGR<br><br>CLASS ACTION<br><br>**PLAINTIFF'S NOTICE OF MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF LIGIATION EXPENSES, AND REIMBURSEMENT AWARDS TO PLAINIFFS AND MEMORANDUM OF LAW IN SUPPORT**<br><br>Date:    November 8, 2022<br>Time:   2:00 p.m.<br>Location:   Courtroom 1, Fourth Floor<br>Judge:  Hon. Yvonne Gonzalez Rogers |

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND AWARDS TO PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT
Case No. 4:19-cv-01765-YGR

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on November 8, at 2:00 p.m., or as soon thereafter as this matter may be heard before the Honorable Yvonne Gonzalez Rogers, Plaintiff and Class Representative Vincent Carbone will and hereby does move for an Order: (i) awarding attorneys' fees to Plaintiffs' Counsel in the amount of 25% ($3,375,000) of the Settlement Fund, plus accrued interest thereon at the same rate as earned on the Settlement Fund; (ii) awarding reimbursement of litigation expenses in the amount of $360,177.27; (iii) awarding Plaintiff and Class Representative Vincent Carbone $6,750 as reimbursement for his time and effort representing the Class for more than three years; and (iv) awarding lead plaintiff Rob Jansen $5,000 for the time and effort he spent serving as lead plaintiff for more than two years.

This Motion is based on this Notice and Motion; the Memorandum of Law in Support; the Declaration of William B. Federman and exhibits thereto; all pleadings and papers filed herein; arguments of counsel; and any other matters properly before the Court.

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether the requested award of attorneys' fees in the amount of 25% of the Settlement Fund, plus accrued interest, is fair and reasonable.

2. Whether the requested reimbursement of $360,177.27 in litigation expenses advanced by Plaintiffs' Counsel is fair and reasonable.

3. Whether the requested reimbursement award of $6,750 to Plaintiff and Class Representative Vincent Carbone is fair and reasonable.

4. Whether the requested reimbursement award of $5,000 to lead plaintiff Rob Jansen is fair and reasonable.

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND AWARDS TO PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

CASE NO. 4:19-CV-01765-YGR

# TABLE OF CONTENTS

I.      INTRODUCTION ....................................................................................................1

II.     FACTUAL AND PROCEDURAL HISTORY OF THE
        ACTION ..................................................................................................................3

III.    LEGAL STANDARDS ...........................................................................................3

        A.      The Percentage-of-the-Fund Approach Is Appropriate ............................3

        B.      An Award of 25% Is the Benchmark in the Ninth Circuit......................5

IV.     THE REQUESTED ATTORNEYS' FEES ARE
        REASONABLE AND SHOULD BE AWARDED................................................6

        A.      Counsel Achieved an Excellent Result for the Class................................7

        B.      The Risks of the Litigation ......................................................................8

        C.      The Skill Required and the Quality and Efficiency of the Work...........10

        D.      The Contingent Nature Of The Case And The Financial Burden
                Carried By The Plaintiffs' Counsel........................................................13

        E.      The Customary Fee and Awards in Similar Cases.................................14

        F.      A Lodestar Cross-Check Shows the Fee Request Is Reasonable ..........16

        G.      The Reaction of the Class Supports the Requested Award....................17

V.      PLAINTIFFS' COUNSEL'S EXPENSES ARE
        REASONABLE AND WERE NECESSARY TO
        ACHIEVE THE RECOVERY..............................................................................18

VI.     THE REQUESTED AWARDS TO PLAINTIFFS
        SHOULD BE APPROVED ...................................................................................21

VII.    CONCLUSION......................................................................................................23

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND
AWARDS TO PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

Case No. 4:19-cv-01765-YGR

-i-

# TABLE OF AUTHORITIES

**Cases**

*Abrams v. Lightolier Inc.*,

    50 F.3d 1204 (3d Cir. 1995) ....................................................................................... 18

*Anderson v. Merit Energy Co.*,

    No. 07-CV-00916-LTB, 2009 WL 3378526 (D. Colo. Oct. 20, 2009) ................................... 18

*Antonopulos v. N. Am. Thoroughbreds, Inc.*, No. 87-0979G(CM),

    1991 WL 427893 (S.D. Cal. May 6, 1991) ................................................................. 6

*Barbosa v. Cargill Meat Sols. Corp.*,

    297 F.R.D. 431 (E.D. Cal. 2013) ................................................................................ 6

*Behrens v. Wometco Enters., Inc.*,

    118 F.R.D. 534 (S.D. Fla. 1988) ............................................................................... 10

*Blum v. Stinson,*

    465 U.S. 886, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984) ........................................... 15

*Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cty., Okl.*,

    8 F.3d 722 (10th Cir. 1993) ....................................................................................... 18

*Buccellato v. AT&T Operations, Inc.*,

    No. C10-00463-LHK, 2011 WL 4526673 (N.D. Cal. June 30, 2011) .................................. 23

*Cicero v. DirecTV, Inc.*,

    No. EDCV 07-1182, 2010 WL 2991486 (C.D. Cal. July 27, 2010) ......................................... 5

*Custom LED, LLC v. eBay, Inc.*,

    No. 12-CV-00350-JST, 2014 WL 2916871 (N.D. Cal. June 24, 2014) .................................. 16

*Destefano v. Zynga, Inc.*,

    No. 12-CV-04007-JSC, 2016 WL 537946 (N.D. Cal. Feb. 11, 2016) ................................... 17

*Dyer v. Wells Fargo Bank, N.A.*,

    303 F.R.D. 326 (N.D. Cal. 2014) ............................................................................... 16

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES,
AND AWARDS TO PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

Case No. 4:19-cv-01765-YGR

-ii-

*Fischel v. Equitable Life Assur. Soc'y of U.S.*,

307 F.3d 997 (9th Cir. 2002) ................................................................................................ 16

*Fogarazzo v. Lehman Bros.*,

No. 03 CIV. 5194 SAS, 2011 WL 671745 (S.D.N.Y. Feb. 23, 2011) ..................................... 9

*Gottlieb v. Barry*,

43 F.3d 474 (10th Cir. 1994) ................................................................................................ 15

*Gunter v. Ridgewood Energy Corp.*,

223 F.3d 190 (3d Cir. 2000) ................................................................................................ 13

*Harris v. Marhoefer*,

24 F.3d 16 (9th Cir. 1994) .............................................................................................. 18, 20

*Hefler v. Wells Fargo & Co.*,

No. 16-cv-05479-JST, 2018 WL 6619983 (N.D. Cal. Dec. 18, 2018) ..................................... 4

*Hicks v. Stanley*,

No. 01 CIV. 10071 (RJH), 2005 WL 2757792 (S.D.N.Y. Oct. 24, 2005)............................... 22

*Hubbard v. RCM Technologies, Inc.*,

Case No. 19-cv-6363, 2021 WL 5016058 (N.D. Cal. Oct. 28, 2021)..................................... 21

*In re Immune Response Sec. Litig.*,

497 F. Supp. 2d 1166 (S.D. Cal. 2007) .................................................................. 14, 18, 20, 21

*In re Activision Sec. Litig.*,

723 F. Supp. 1373 (N.D. Cal. 1989) ............................................................................. 4, 5, 14

*In re Am. Apparel, Inc. S'holder Litig.*,

No. CV-10-06352-MMM-JCGx, 2014 WL 10212865 (C.D. Cal. July 28, 2014)....... 4, 5, 8, 11

*In re BP p.l.c. Sec. Litig.*,

852 F. Supp. 2d 767 (S.D. Tex. 2012) ..................................................................................... 9

*In re Combustion, Inc.*,

968 F. Supp. 1116 (W.D. La. 1997) ..................................................................................... 15

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES,
AND AWARDS TO PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

Case No. 4:19-cv-01765-YGR

-iii-

*In re Corel Corp. Inc. Sec. Litig.*,

   293 F. Supp. 2d 484 (E.D. Pa. 2003) ................................................................................ 15

*In re Equity Funding Corp. of Am. Sec. Litig.*,

   438 F. Supp. 1303 (C.D. Cal. 1977)................................................................................... 12

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,

   No. 02-CV-3400 CM PED, 2010 WL 4537550 (S.D.N.Y. Nov. 8, 2010) ............................... 9

*In re Gen. Instrument Sec. Litig.*,

   209 F. Supp. 2d 423 (E.D. Pa. 2001) ................................................................................ 12

*In re Giant Interactive Grp., Inc. Sec. Litig.*,

   279 F.R.D. 151 (S.D.N.Y. 2011) ....................................................................................... 23

*In re Google Referrer Header Privacy Litig.*,

   No. 5:10-CV-04809-EJD, 2015 WL 1520475 (N.D. Cal. Mar. 31, 2015)............................... 16

*In re Heritage Bond Litig.*,

   No. 02-ML-1475-DT(RCX), 2005 WL 1594389 (C.D. Cal. June 10, 2005) ...................... 8, 12

*In re Heritage Bond Litig.*,

   No. 02-ML-1475 DT, 2005 WL 1594403 (C.D. Cal. June 10, 2005)................................... 14

*In re Ikon Office Solutions, Inc. Sec. Litig.*,

   194 F.R.D. 166 (E.D. Pa. 2000) ......................................................................................... 9

*In re Lithium Ion Batteries Antitrust Litig.*,

   No. 13-MD-02420-YGR, 2018 WL 3064391 (N.D. Cal. May 16, 2018).............................. 14

*In re M.D.C. Holdings Sec. Litig.*,

   No. CV89-0090 E (M), 1990 WL 454747 (S.D. Cal. Aug. 30, 1990) .................................. 15

*In re Mego Fin. Corp. Sec. Litig.*,

   213 F.3d 454 (9th Cir. 2000)............................................................................................ 14

*In re Nuvelo, Inc. Sec. Litig.*,

   No. C 07-04056 CRB, 2011 WL 2650592 (N.D. Cal. July 6, 2011) ................................ 5, 14

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND AWARDS TO PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

Case No. 4:19-cv-01765-YGR

-iv-

*In re Oracle Corp. Sec Litig.,*

627 F.3d 376 (9th Cir. 2010).................................................................................................. 10

*In re Oracle Sec. Litig.,*

852 F. Supp. 1437 .................................................................................................................. 4

*In re Pac. Enterprises Sec. Litig.,*

47 F.3d 373 (9th Cir. 1995).............................................................................................. 6, 14

*In re Pub. Serv. Co. of New Mexico,*

No. 91-0536M, 1992 WL 278452 (S.D. Cal. July 28, 1992).............................................. 6, 12

*In re Rite Aid Corp. Sec. Litig.,*

396 F.3d 294 (3d Cir. 2005), *as amended*................................................................................. 5

*In re Union Carbide Corp. Consumer Products Bus. Sec. Litig.,*

724 F. Supp. 160 (S.D.N.Y. 1989)......................................................................................... 4

*In re UnitedHealth Grp. Inc. S'holder Derivative Litig.,*

631 F.3d 913 (8th Cir. 2011)................................................................................................ 20

*In re Veritas Software Corp. Sec. Litig.,*

396 F. App'x 815 (3d Cir. 2010)........................................................................................... 23

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.,*

MDL No.2673 CRB (JSC), 2017 WL 1352859 (N.D. Cal. Apr. 12, 2017)............................ 17

*In re Washington Pub. Power Supply Sys. Sec. Litig.,*

19 F.3d 1291 (9th Cir. 1994)......................................................................................... 3, 8, 13

*In re Xcel Energy, Inc., Sec., Derivative & ''ERISA'' Litig.,*

364 F. Supp. 2d 980 (D. Minn. 2005) .................................................................................. 23

*Kirchoff v. Flynn,*

786 F.2d 320 (7th Cir. 1986)............................................................................................. 4, 15

*Knight v. Red Door Salons, Inc.,*

No. 08-01520 SC, 2009 WL 248367 (N.D. Cal. Feb. 2, 2009) ................................................ 3

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND AWARDS TO PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

Case No. 4:19-cv-01765-YGR

-v-

*Lloyd v. CVB Fin. Corp.*,

    811 F.3d 1200 (9th Cir. 2016) ................................................................................................ 19

*Matter of Cont'l Illinois Sec. Litig.*,

    962 F.2d 566 (7th Cir. 1992) ..................................................................................................... 4

*Morris v. Lifescan, Inc.*,

    54 F. App'x 663 (9th Cir. 2003) ................................................................................................ 5

*Multi-Ethnic Immigrant Workers Org. Network v. City of Los Angeles*,

    No. CV 07-3072 AHM FMMX, 2009 WL 9100391 (C.D. Cal. June 24, 2009) .................. 5, 6

*Nichols v. SmithKline Beecham Corp.*,

    No. CIV.A.00-6222, 2005 WL 950616 (E.D. Pa. Apr. 22, 2005) ........................................... 15

*Omnivision*,

    559 F. Supp. 2d .................................................................................................................. 10, 14

*Paul, Johnson, Alston & Hunt v. Graulty*,

    886 F.2d 268 (9th Cir. 1989) ................................................................................................ 3, 5

*Pinto v. Princess Cruise Lines, Ltd.*,

    513 F. Supp. 2d 1334 (S.D. Fla. 2007) .................................................................................. 15

*Powers v. Eichen*,

    229 F.3d 1249 (9th Cir. 2000) .................................................................................................. 5

*Romero v. Producers Dairy Foods, Inc.*,

    No. 1:05-CV-0484 DLB, 2007 WL 3492841 (E.D. Cal. Nov. 14, 2007) .................................. 6

*Six (6) Mexican Workers v. Arizona Citrus Growers*,

    904 F.2d 1301 (9th Cir. 1990) .................................................................................................. 3

*Smith v. Am. Greetings Corp.*,

    No. 14-CV-02577-JST, 2016 WL 362395 (N.D. Cal. Jan. 29, 2016) ...................................... 17

*Stanger v. China Elec. Motor, Inc.*,

    812 F.3d 734 (9th Cir. 2016) ............................................................................................ 13, 16

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND AWARDS TO PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

Case No. 4:19-cv-01765-YGR

*Thornberry v. Delta Air Lines, Inc.*,

    676 F.2d 1240 (9th Cir. 1982) ................................................................................................ 20

*Torrisi v. Tucson Elec. Power Co.*,

    8 F.3d 1370 (9th Cir. 1993) .................................................................................................... 3

*Van Vranken v. Atl. Richfield Co.*,

    901 F. Supp. 294 (N.D. Cal. 1995) ....................................................................................... 16

*Vasquez v. Coast Valley Roofing, Inc.*,

    266 F.R.D. 482 (E.D. Cal. 2010) ............................................................................................ 6

*Vincent v. Hughes Air W., Inc.*,

    557 F.2d 759 (9th Cir. 1977) ................................................................................................... 3

*Vincent v. Reser*,

    No. C 11-03572 CRB, 2013 WL 621865 (N.D. Cal. Feb. 19, 2013) ...................................... 21

*Vizcaino v. Microsoft Corp.*,

    290 F.3d 1043 (9th Cir. 2002) ......................................................................................... passim

*Wing v. Asarco*,

    114 F.3d 986 (9th Cir. 1997) ................................................................................................. 12

## **Statutes**

15 U.S.C. § 78u-4(a)(4) ................................................................................................... 5, 19, 21

28 U.S.C.A. § 1920 (West) ..................................................................................................... 18

## **Rules**

Federal Rule of Civil procedure 54 ........................................................................................... 18

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND AWARDS TO PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

Case No. 4:19-cv-01765-YGR

-vii-

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff and Class Representative Vincent Carbone ("Plaintiff," "Class Representative" or "Carbone") on behalf of the Class (collectively, "Plaintiffs"), together with Class Counsel Federman & Sherwood ("Class Counsel" or "Federman & Sherwood"), respectfully submit this Memorandum of Points and Authorities in Support of their Motion for Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Reimbursement Awards to Plaintiffs. Class Representative and Class Counsel move this Court for: (1) an award of attorneys' fees equal to 25% of the Settlement Fund, plus interest accrued; (2) reimbursement of litigation costs and expenses in the amount of $360,177.27 incurred by Plaintiffs' Counsel in successfully prosecuting the claims in this action (the "Action"); and (3) a reimbursement award of $6,750 to Class Representative and a reimbursement award of $5,000 to lead plaintiff  Rob Jansen for their respective efforts expended in this Action for the benefit of the Class.[1]

Submitted herewith is the Declaration of William B. Federman in Support of (1) Plaintiff's Motion for Final Approval of Settlement, and (2) Plaintiff's Motion for Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Reimbursement Awards to Plaintiffs (the "Federman Decl." or "Federman Declaration") and the exhibits thereto.

## I.    INTRODUCTION

Class Counsel, with the assistance of Liaison Counsel Green and Noblin, P.C. (collectively, "Plaintiffs' Counsel")[2] and Class Representative, have succeeded in obtaining a highly favorable settlement consisting of $13.5 million in cash for the benefit of the Class. The Settlement is the result of Class Counsel's extensive and thorough investigation, skill, and effective advocacy, with Class Representative's oversight and involvement. Class Counsel believe that the Settlement is

---

[1] All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement (Dkt No. 119-1) (the "Stipulation" or "Stipulation of Settlement").

[2] Liaison Counsel have assisted in the litigation under the direction and supervision of Class Counsel. Liaison Counsel is not filing a separate fee application.

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT AWARDS TO PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

Case No. 4:19-cv-01765-YGR

-1-

an excellent result, especially considering the risk, expense, and delay of continued litigation. The proposed Settlement of $13.5 million provides a sizable recovery that amounts to approximately 18.4% of Plaintiffs' damages expert's estimate of maximum aggregate damages ($73.17 million), which far exceeds historical median settlement recoveries as a percentage of estimated damages in comparable securities class actions. *See* Federman Decl. at ¶ 7. Thus, the $13.5 million Settlement compares very favorably with the relevant benchmarks.

Plaintiffs' Counsel prosecuted this case on a contingency basis, committed substantial resources to the matter, and litigated it for over three years without any compensation or guarantee of success. Plaintiffs' Counsel have spent 2,440.60 hours, a lodestar value of $1,480,242.00, litigating this case.[3] *See* Federman Decl. at ¶¶ 27-28. If approved, the fee requested will be a reasonable multiplier of 2.28 of Plaintiffs' Counsel's total lodestar. *Id*. Similarly sized (and larger) fee requests have been approved repeatedly by courts in the Ninth Circuit in settlements of this magnitude. Plaintiffs' Counsel also expended $360,177.27 in out-of-pocket litigation expenses, for which Plaintiffs' Counsel are seeking reimbursement. The expenses requested are reasonable, were necessarily incurred for the successful prosecution of the Action, and are of the kind regularly reimbursed by courts within this Circuit. The requested reimbursement awards to Class Representative and lead plaintiff Rob Jansen are also reasonable given the time and effort expended by both in furtherance of this Action, and the requests are in keeping with what numerous courts have awarded to representative plaintiffs.

Copies of the Postcard Notice or the Notice and Proof of Claim Form ("Notice Packet") have been mailed to 19,361 potential Class Members and nominees. *See* Federman Decl. at ¶ 11; *see also* Declaration of Lance Cavallo ("Cavallo Declaration" or "Cavallo Decl."), attached as Exhibit 2 to Federman Decl., at ¶ 8. The Notices states that Plaintiffs' Counsel would apply for an award of attorneys' fees not to exceed 25% of the $13.5 million Settlement Fund, expenses not

---

[3] This does not include the time spent to prepare this fee application.

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT AWARDS TO PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

Case No. 4:19-cv-01765-YGR

-2-

to exceed $400,000, and reimbursement awards to Class Representative and lead plaintiff Rob Jansen not to exceed $7,500 each. *See* Federman Decl. at ¶ 13; *see also id.* at Exhibit 2.A. To date, no Class Member has filed an objection to these requests. *Id*. at ¶ 45.

## II.    FACTUAL AND PROCEDURAL HISTORY OF THE ACTION

In the interest of brevity, Class Counsel respectfully refers the Court to, and incorporates herein, Plaintiffs' Memorandum of Law in Support of Final Approval of Settlement ("Memorandum for Final Approval") and the Federman Declaration, filed concurrently herewith, for a factual and procedural background of the Action, the discovery conducted by Class Counsel, and the events that led to the Settlement.

## III.    LEGAL STANDARDS

### A.    The Percentage-of-the-Fund Approach Is Appropriate

It has long been recognized that "a private plaintiff, or his attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of litigation, including attorneys' fees." *Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 769 (9th Cir. 1977). The purpose of the "common fund" doctrine is to avoid unjust enrichment, requiring "those who benefit from the creation of the fund [to] share the wealth with the lawyers whose skill and effort helped create it." *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994) ("*WPPSS*").

The Ninth Circuit has expressly approved the use of the percentage-of-recovery method in common fund cases. *See, e.g., Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 271 (9th Cir. 1989) ("*Paul, Johnson*"); *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990); *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370 (9th Cir. 1993). In keeping with *Paul, Johnson* and its progeny, district courts in this Circuit have almost uniformly utilized the percentage method in awarding fees in representative actions. *Knight v. Red Door Salons, Inc.*, No. 08-01520 SC, 2009 WL 248367, at *5 (N.D. Cal. Feb. 2, 2009) ("[U]se of the percentage

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT AWARDS TO PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

Case No. 4:19-cv-01765-YGR

-3-

method in common fund cases appears to be dominant."); *see, e.g., Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).

The percentage-of-the-fund approach offers several advantages which militate in favor of its use as the principal method for determining the reasonableness of Class Counsel's fee request. First, it reduces the burden on the Court to undertake the painstaking process of applying the lodestar method. *See, e.g.*, *Hefler v. Wells Fargo & Co.*, No. 16-cv-05479-JST, 2018 WL 6619983, at \*12 (N.D. Cal. Dec. 18, 2018) (reasoning that courts may "award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar"). Second, the percentage approach offers the significant benefit of aligning the interests of class counsel with the class they represent by providing a strong incentive to obtain the maximum possible recovery. *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1378-79 (N.D. Cal. 1989); *see Kirchoff v. Flynn*, 786 F.2d 320, 325-26 (7th Cir. 1986) (a contingency fee "automatically aligns interests of lawyer and client, rewards exceptional success, and penalizes failure").[4] Third, percentage awards are consistent with the practice in the private marketplace where contingent fee attorneys are customarily compensated by a percentage of the recovery. *See, e.g., Matter of Cont'l Illinois Sec. Litig.*, 962 F.2d 566, 572 (7th Cir. 1992), *as amended on denial of reh'g* (May 22, 1992) (noting that in the marketplace, attorneys and their clients routinely negotiate contingency fees of 25% to 40% of any recovery).

Thus, the percentage method is commonly used in this Circuit where, as here, the monetary value of the Settlement is quantified. *See In re Am. Apparel, Inc. S'holder Litig.*, No. CV-10-06352-MMM-JCGx, 2014 WL 10212865, at \*20 (C.D. Cal. July 28, 2014) ("Because the monetary value of the settlement is determinable, the percentage method is properly used in awarding fees."); *In re Oracle Sec. Litig.*, 852 F. Supp. 1437, 1449, n. 5 (N.D. Cal. 1994)

---

[4] *See also In re Union Carbide Corp. Consumer Products Bus. Sec. Litig.*, 724 F. Supp. 160, 170 (S.D.N.Y. 1989) ("[S]traight contingent fee awards [are] bereft of largely judgmental and time-wasting computations of lodestars and multipliers").

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT AWARDS TO PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

Case No. 4:19-cv-01765-YGR

-4-

("Because there were no nonmonetary benefits conferred upon Oracle by this derivative suit, common fund principles are particularly pertinent").

Moreover, using the percentage method is proper in securities fraud cases. The plain language of the Private Securities Litigation Reform Act of 1995 ("PSLRA") states that class counsel is entitled to attorneys' fees that represent a "reasonable percentage" of the damages recovered by the class.  15 U.S.C.A. § 78u-4(a)(6); *see In re American Apparel, Inc. S'holder Litig.*, 2014 WL 10212865, at *20; *see also In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 300 (3d Cir. 2005), *as amended* (Feb. 25, 2005) ("[T]he PSLRA has made percentage-of recovery the standard for determining whether attorney's fees are reasonable.").

## B.    An Award of 25% Is the Benchmark in the Ninth Circuit

In *Paul, Johnson*, the Ninth Circuit established 25% of the fund recovered as the "benchmark" award to be adjusted upward or downward depending on the circumstances of the particular case.   886 F.2d at 273; *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000) (reaffirming 25% benchmark).  More recent Ninth Circuit cases view the "25% benchmark rate" to be the "starting point for analysis." *Vizcaino*, 290 F.3d at 1048 (affirming 28% fee award, which resulted in a multiplier of 3.65); *see, e.g., Morris v. Lifescan, Inc.*, 54 F. App'x 663, 664 (9th Cir. 2003) (affirming 33% fee).

Indeed, numerous district courts in this Circuit have recognized that "***nearly all common fund fee awards range around 30%***" of the overall fund recovered.  *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1377-78 (N.D. Cal. 1989) (emphasis added); *see In re Nuvelo, Inc. Sec. Litig.*, No. C 07-04056 CRB, 2011 WL 2650592, at *2 (N.D. Cal. July 6, 2011) (finding "an exhaustive list of cases" that suggest the Ninth Circuit's benchmark "is at approximately 30% of the fund"); *Multi-Ethnic Immigrant Workers Org. Network v. City of Los Angeles*, No. CV 07-3072 AHM FMMX, 2009 WL 9100391, at *3-5 (C.D. Cal. June 24, 2009) (emphasizing statistics showing that "attorneys' fees in class actions averaged approximately 32% of the recovery"); *Cicero v. DirecTV, Inc.*, No. EDCV 07-1182, 2010 WL 2991486, at *6 (C.D. Cal. July 27, 2010) ("[C]ase

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT AWARDS TO PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

Case No. 4:19-cv-01765-YGR

-5-

law surveys suggest that 50% is the upper limit, with 30-50% commonly being awarded in case[s] in which the common fund is relatively small."); *Romero v. Producers Dairy Foods, Inc.*, No. 1:05-CV-0484 DLB, 2007 WL 3492841, at *4 (E.D. Cal. Nov. 14, 2007) ("[F]ee awards in class actions average around one-third of the recovery.") (quoting Newberg on Class Actions § 14.6 (4th ed. 2007)).

In fact, it is not unusual for courts in this Circuit to award fees in excess of 30% in appropriate circumstances.  *See, e.g., In re Pac. Enterprises Sec. Litig.,* 47 F.3d 373, 379 (9th Cir. 1995) (approving fee equal to 33% of a $12 million settlement fund); *Multi-Ethnic Immigrant Workers Organizing Network*, 2009 WL 9100391, at *3-5 (finding that the requested 31% award was "well within the reasonable range of percentage of the fund awards, just at what most studies and commentators have characterized as the median nationally"); *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 450 (E.D. Cal. 2013) (awarding 33% of common fund); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482 (E.D. Cal. 2010) (awarding one-third of common fund); *In re Pub. Serv. Co. of New Mexico*, No. 91-0536M, 1992 WL 278452, at *1, *12 (S.D. Cal. July 28, 1992) (awarding one-third of common fund); *Antonopulos v. N. Am. Thoroughbreds, Inc.*, No. 87-0979G(CM), 1991 WL 427893, at *1, *4 (S.D. Cal. May 6, 1991) (awarding one-third of fund).

## IV.   THE REQUESTED ATTORNEYS' FEES ARE REASONABLE AND SHOULD BE AWARDED

When assessing the reasonableness of a fee award under the common fund theory, courts consider, *inter alia*: (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases.  *Vizcaino*, 290 F.3d at 1048-50.

Class Counsel, on behalf of Plaintiffs' Counsel, requests an award of attorneys' fees in the amount of 25% of the $13.5 million common fund they obtained for the benefit of the Class.  As discussed below and in the accompanying Federman Declaration, when considered in light of the applicable standards, the request is fair and reasonable.

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT AWARDS TO PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

Case No. 4:19-cv-01765-YGR

-6-

### A.    Counsel Achieved an Excellent Result for the Class

The Settlement Fund created here, consisting of $13.5 million (plus interest), is a significant recovery that is 18.4% of Plaintiffs' damages expert's estimate of maximum aggregate damages ($73.17 million).  However, recovery of the entire $73.17 million, at the high end of Plaintiffs' expert's estimation of *potentially* compensable damages, was far from certain.  Among other things, for Plaintiffs to recover that entire amount, a jury would need to find first that Defendants issued statements they knew, or were extremely reckless in not knowing, were materially false or misleading.  Even assuming that Plaintiffs were successful in establishing liability, a jury would further need to find that the *entire* share price drops on November 13, 2018, and March 19, 2019, were caused by Defendants' Class Period statements, as opposed to non-fraud related factors.  Federman Decl. at ¶ 8. Defendants argued that the stock price drops were caused by other factors, particularly the stock drop associated with the March 19, 2019 statements. *Id.*  Defendants further argued that Plaintiffs' expert had vastly overestimated the number of publicly-traded damaged shares (as opposed to the damages per share) such that even if Plaintiffs could prove that some or all of the losses were a result of Defendants' alleged misrepresentations, the amount of aggregate losses estimated by Plaintiffs was still significantly inflated.  *Id.*  Thus, even if Plaintiffs were to prove falsity and scienter, the amount of aggregate damages, if any, would only be a fraction of the amount estimated by Plaintiffs' expert.  Moreover, there were legitimate concerns about Defendants' ability to pay a greater judgment or recovery. *Id.* at ¶ 9.

Even assuming the largest possible damages of $73.18 million—without discounting the estimated damages for the risk that Plaintiffs could fail to establish liability or loss causation (at least in part)—the proposed Settlement is *notably larger* than comparable securities class action settlement recoveries as a percentage of estimated damages.  Indeed, the median recovery in settlements of securities class action lawsuits with damages estimated to be between $25 and $75 million recovered only 5.3% of potential damages for cases settled in 2020 and recovered a median of 7.6% of potential damages for cases settled between 2011 and 2019. *See* Laarni T. Bulan, and

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT AWARDS TO PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

Case No. 4:19-cv-01765-YGR

-7-

Laura E. Simmons, Cornerstone Research, *Securities Class Action Settlements—2020 Review and Analysis*, at 6.[5]  Similarly, the median recovery in securities class actions in 2020 and 2021 was approximately only 1.8% of estimated damages. *See NERA Economic Consulting, Recent Trends in Securities Class Action Litigation: 2021 Full-Year Review*, at 24 (attached as Exhibit 1 to Federman Decl.).  Accordingly, the Settlement, representing 18.4% of the maximum potentially recoverable damages, is at least ***two to three times higher*** than these comparable median settlement percentage recoveries.

All things considered, Plaintiffs achieved an excellent result for the Class.

### B.    The Risks of the Litigation

Numerous cases have recognized that the risks of litigation are important factors in determining a fee award.  *See, e.g., WPPSS*, 19 F.3d at 1300 ("[C]ourts have routinely enhanced the lodestar to reflect the risk of non-payment in common fund cases."); *In re American Apparel, Inc. Shareholder Litig.*, 2014 WL 10212865, at *21 ("The risks assumed by Class Counsel, particularly the risk of non-payment or reimbursement of expenses, is a factor in determining counsel's proper fee award.") (quoting *In re Heritage Bond Litig.*, No. 02-ML-1475-DT(RCX), 2005 WL 1594389, at *14 (C.D. Cal. June 10, 2005)).  The fact that this case is "fraught with risk and recovery is far from certain" is a relevant circumstance that the Court must take into account. *Vizcaino*, 290 F.3d at 1048.

In this case, the risks of further litigation were considerable.  Indeed, courts have long recognized that securities class actions are notoriously complex and difficult to prove.  *See, e.g., In re Heritage Bond Litig.*, 2005 WL 1594389, at *6 (noting that class actions, and particularly securities class actions, typically involve substantial complexity); *In re American Apparel, Inc. S'holder Litig.*, 2014 WL 10212865, at *21 ("As the court has noted, it agrees that proving these elements of the claims [scienter and loss causation] could have been difficult. Litigating these

---

[5]    *Available at* https://www.cornerstone.com/Publications/Reports/Securities-Class-Action-Settlements-2020-Review-and-Analysis (last visited September 20, 2022).

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT AWARDS TO PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

Case No. 4:19-cv-01765-YGR

-8-

claims further therefore posed a serious risk to class counsel that it would not have its expenses reimbursed."); *Fogarazzo v. Lehman Bros.*, No. 03 CIV. 5194 SAS, 2011 WL 671745, at *3 (S.D.N.Y. Feb. 23, 2011) ("securities actions are highly complex"); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400 CM PED, 2010 WL 4537550, at *27 (S.D.N.Y. Nov. 8, 2010) (emphasizing that securities class litigation is "notably difficult and notoriously uncertain") (citation omitted).

This litigation was no different. Plaintiffs undertook significant risks at the time of filing. Plaintiffs' claims were subject to the PSLRA and its stringent pleading requirements. As the court observed in dismissing securities claims brought against BP following the Deepwater Horizon disaster, "[t]he Court is acutely aware that federal legislation and authoritative precedents have created for plaintiffs in all securities actions formidable challenges to successful pleading." *In re BP p.l.c. Sec. Litig.*, 852 F. Supp. 2d 767, 820 (S.D. Tex. 2012). As recognized by the court in *In re Ikon Office Solutions, Inc. Sec. Litig.*, "securities actions have become more difficult from a plaintiff's perspective in the wake of the PSLRA . . . . The Act imposes many new procedural hurdles." 194 F.R.D. 166, 194-95 (E.D. Pa. 2000). Although this difficult pleading standard was ultimately met by Plaintiffs, there was no guarantee at the outset that it would be.

After the Amended Complaint survived Defendants' motion to dismiss, Plaintiffs still faced substantial risks. Among other things, Plaintiffs faced serious challenges in ultimately proving that Defendants' financial statements and omissions were materially misleading at the time they were made, or that Defendants lacked a reasonable basis for estimating and believing that Amyris would receive the amount of royalty revenues they argued they were owed by third-party Nenter. Plaintiffs faced further risk in proving that the Defendants' alleged false statements were made with the requisite scienter. Defendants have repeatedly denied that they intentionally or severely recklessly made statements that were materially false, misleading, or made without any reasonable basis to believe they were true. *See, e.g.*, Dkt. No. 45 at 5-18; Dkt. No. 91 at 5. In addition, the Parties have asserted significantly different positions regarding loss causation and

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT AWARDS TO PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

Case No. 4:19-cv-01765-YGR

-9-

damages. *See* Dkt. No. 91 at 14-16. At the time the Settlement was reached, Plaintiffs also faced the risk of having the Class decertified due to Defendants' Rule 23(f) petition to the Ninth Circuit to appeal the Court's Order certifying the Class. *See* Dkt. No. 104.

Quite simply, it is one thing to plead a case, but it is another to maintain the case and present sufficient evidence on each element, especially complex and ever-changing elements like loss causation. *See In re Oracle Corp. Sec Litig*. 627 F.3d 376 (9th Cir. 2010) (affirming district court's order granting defendants' motion for summary judgment in securities class action); *see also Omnivision*, 559 F. Supp. 2d at 1047 (noting that the risks of litigation, including the ability to prove loss causation and the risk that defendants might prevail on damages, support the requested fee).

If not settled, the proposed Class faced the substantial risk of years of litigation and potential appeal with no guarantee of a greater recovery. Given those challenges and uncertainties, Class Counsel achieved a significant result for the Class in the face of very real risks. Under these circumstances, the requested fee is entirely reasonable and appropriate.

**C.      The Skill Required and the Quality and Efficiency of the Work**

The "prosecution and management of a complex national class action requires unique legal skills and abilities"—particularly in securities class actions. *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 104 (N.D. Cal. 2008). Here, the quality of Plaintiffs' Counsel's work on this case and the reasonableness of the requested fee is reflected in the excellent result obtained, and the complex factual and procedural landscape under which it was obtained. *Behrens v. Wometco Enters., Inc*., 118 F.R.D. 534, 547-48 (S.D. Fla. 1988), *aff'd sub nom*., 899 F.2d 21 (11th Cir. 1990).

At every stage of the proceedings, Plaintiffs' Counsel had to perform with a high level of skill and efficiency. From the outset, Class Counsel left no stone unturned in an effort to obtain factual support for the claims that Defendants had made actionable misrepresentations and/or omissions. This effort started with Plaintiffs' Counsel's extensive pre-discovery investigation,

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT AWARDS TO PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

Case No. 4:19-cv-01765-YGR

-10-

which involved locating and interviewing confidential witnesses, reviewing hundreds of pages of public documents (including Amyris's filings with the SEC, press releases, and transcripts of earnings conference calls), and researching the applications for the then-new accounting rule ASC 606, which involved an extensive review of articles from financial auditors and comments from the Financial Accounting Standards Board. The diligent effort of Plaintiffs' Counsel to prepare a thorough Amended Complaint and to aggressively oppose Defendants' motion to dismiss (including via sur-reply) proved valuable, as the Court ultimately denied Defendants' motion to dismiss ***in its entirety*** without requiring Plaintiffs to re-plead any allegations—a very rare accomplishment in securities fraud cases where complaints must satisfy the heightened PSLRA pleading requirements (Dkt. No. 61). *See In re Am. Apparel S'holder Litig*., 2014 WL 10212865, at *22 ("The difficulty of securities litigation generally – particularly the challenges presented by the PSLRA's pleading requirements – requires skilled counsel familiar with the relevant statutes and case law.").

Following the denial of Defendants' motion to dismiss and the lifting of the PLSRA stay on discovery, the Parties engaged in comprehensive discovery efforts. As part of the discovery phase, Plaintiffs' Counsel: (i) issued multiple sets of document requests and interrogatories; (ii) served nine (9) subpoena *duces tecum* to relevant third parties, including Amyris's current and former auditors; (iii) reviewed Defendants' lengthy privilege log, which contained thousands of entries, and raised challenges to Defendants' privilege claims; (iv) exchanged numerous letters relating to discovery issues; (v) participated in multiple meet and confers to resolve discovery disputes and to negotiate narrowed discovery requests; (vi) reviewed and analyzed more than 800,000 pages of documents produced by Defendants and relevant third parties; (vii) responded to Defendants' discovery requests and produced responsive documents; (v) participated in consultations with Plaintiffs' experts and assist in the preparation of expert reports; and (vi) prepared for and defended the depositions of Class Representative, lead plaintiff Rob Jansen, and Plaintiffs' damages expert. *See* Federman Decl. at ¶ 24.

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT AWARDS TO PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

Case No. 4:19-cv-01765-YGR

-11-

The information obtained in discovery was valuable and helped facilitate the certification of the Class and the appointment of Class Representative. *See* Dkt. No. 101. In addition, the relevant information gathered during the hard-fought discovery process was frequently discussed with the mediator during the settlement negotiations and was likely a major reason why Class Counsel were able to achieve the extremely favorable Settlement.

"The experience of counsel is also a factor in determining the appropriate fee award." *In re Heritage Bond*, 2005 WL 1594389, at *12 (discussing how "the court justified its fee award of one-third of a common fund based in part on the experience of counsel in litigating securities class actions.") (citing *In re Gen. Instrument Sec. Litig.*, 209 F. Supp. 2d 423, 432-33 (E.D. Pa. 2001); *In re Public Service Co. of New Mexico*, No. 91-0536M, 1992 WL 278452, at *8 (S.D. Cal. July 28, 1992) (experience in complex class actions weighed in favor of fee award of one-third of common fund). Here, Plaintiffs' Counsel have extensive experience in the highly specialized field of securities class action litigation and other complex class action litigation. *See* Federman Decl. at Exhibits 3 and 4) (describing the background and experience of Plaintiffs' Counsel). Moreover, throughout the litigation, Plaintiffs were opposed by Gibson, Dunn & Crutcher LLP and Orrick, Herrington & Sutcliffe LLP, two prominent and highly respected law firms skilled in defending securities class actions. *See In re Equity Funding Corp. of Am. Sec. Litig.*, 438 F. Supp. 1303, 1337 (C.D. Cal. 1977) (finding that the quality of opposing counsel is important in evaluating the quality of the work done by plaintiffs' counsel); *Wing v. Asarco*, 114 F.3d 986, 989 (9th Cir. 1997) (noting the district court's evaluation of the job done by class counsel "in light of the quality of opposition counsel and [defendant's] record of success in such litigation").

In summation, despite strong opposition from highly skilled securities defense firms, Plaintiffs' Counsel assembled a case that ultimately survived Defendants' numerous attacks, successfully achieved class certification, culled through and analyzed hundreds of thousands of pages of documents to marshal a strong evidentiary showing in support of Plaintiffs' claims, and negotiated a very favorable recovery for the Class in light of the merits and risks presented. Such

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT AWARDS TO PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

Case No. 4:19-cv-01765-YGR

-12-

quality, efficiency, and dedication supports granting the requested fee award. *See Gunter v. Ridgewood Energy Corp.,* 223 F.3d 190, 198 (3d Cir. 2000) (emphasizing the importance of rewarding skilled counsel for pursuing difficult cases because "the stated goal in percentage fee-award cases [is] of 'ensuring that competent counsel continue to be willing to undertake risky, complex, and novel litigation.'") (citation omitted).

### D. The Contingent Nature Of The Case And The Financial Burden Carried By The Plaintiffs' Counsel

"It is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases." Richard Posner, *Economic Analysis of Law*, §21.9, at 534-35 (3d ed. 1986). The Ninth Circuit recognizes that the determination of a fair fee must include consideration of the contingent nature of the fee and the difficulties that were overcome in obtaining the settlement. *See, e.g., Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 741 (9th Cir. 2016) ("Risk multipliers incentivize attorneys to represent class clients, who might otherwise be denied access to counsel, on a contingency basis."). Contingent fees that may far exceed the market value of the services if rendered on a non-contingent basis are accepted in the legal profession as a legitimate way of assuring competent representation for plaintiffs who could not afford to pay on an hourly basis regardless of whether they win or lose. *WPPSS*, 19 F.3d at 1299; *Vizcaino*, 290 F.3d at 1051.

Plaintiffs' Counsel has received no compensation over the course of the three and one-half years this Action has been pending, while at the same time incurring significant expenses in litigating for the benefit of the Class. Here, Plaintiffs' Counsel have expended $360,177.27 in out-of-pocket costs—primarily for expert witness reports and consultations, document discovery platforms and services, and legal research platforms—that were essential for effectively litigating this highly complex case. *See* Federman Decl. at ¶¶ 31-39. Both reimbursement of these significant out-of-pocket expenses and compensation for Plaintiffs' Counsel's considerable efforts have always been at risk and completely contingent on the result achieved and on this Court's

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT AWARDS TO PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

Case No. 4:19-cv-01765-YGR

-13-

exercise of its discretion in making any award. Thus, this factor militates in favor of the Court granting Class Counsel's request for attorneys' fees and expenses. *See In re Heritage Bond Litig.*, No. 02-ML-1475 DT, 2005 WL 1594403, at \*21 (C.D. Cal. June 10, 2005) (recognizing the risk of non-payment or reimbursement of expenses as a factor weighing strongly in favor of counsel's requested fee award); *see also Vizcaino*, 290 F.3d at 1050; *Omnivision*, 559, F. Supp. 2d at 1046-47; *In re Immune Response Sec. Litig.,* 497 F. Supp. 2d 1166, 1175-76 (S.D. Cal. 2007).

### E.      The Customary Fee and Awards in Similar Cases

The attorneys' fee requested here (25% of the common fund) is directly in line with the Ninth Circuit benchmark.  *See Pac. Enters.*, 47 F.3d at 379 ("Twenty-five percent is the 'benchmark' that district courts should award in common fund cases").  "However, in most common fund cases, the award exceeds that benchmark." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d at 1047; *see, e.g., Pac. Enters.*, 47 F.3d at 379 (approving fee equal to 33% of the $12 million fund); *see also* Section III.B, *supra* (discussing cases).  In fact, this Court has previously held that "in class action common fund cases[,] the better practice is to set a percentage fee and that, ***absent extraordinary circumstances that suggest reasons to lower or increase the percentage, the rate should be set at 30%***." *In re Activision Sec. Litig.*, 723 F. Supp. at 1378 (emphasis added); *see also In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-02420-YGR, 2018 WL 3064391, at \*1 (N.D. Cal. May 16, 2018) (Gonzalez Rogers, J.) (awarding 30% of settlement fund to equal fees of $41,790,000.00).

Thus, the 25% percentage fee requested here is well within the range of percentages courts in this Circuit have awarded in securities class action settlements. *See, e.g., In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000), *as amended* (June 19, 2000) (upholding fee award of 33.3% of $1.725 million settlement); *In re Omnivision Techs., Inc*., 559 F. Supp. 2d at 1049, (awarding 28% of the settlement fund of $13,750,000); *In re Heritage Bond Litig.*, 2005 WL 1594403, at \*19 (awarding requested $33^{1/3}$% of common fund of $27,783,000); *In re Nuvelo, Inc. Sec. Litig.*, 2011 WL 2650592, at \*2 (finding 30% of common fund of $8.9 million was reasonable

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT AWARDS TO PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

Case No. 4:19-cv-01765-YGR

-14-

and warranted). The requested fee is also less than what courts in other districts frequently award in similar securities settlements.[6]

In addition, Counsel's requested fee of 25% of the percentage-of-recovery is below the 30% to 40% customary contingent fee that attorneys typically receive in the private marketplace. The percentage method of awarding fees in class actions is designed to "closely match[] the methodology actually employed in the marketplace" where attorneys typically negotiate percentage fee arrangements with their clients. *Gottlieb v. Barry*, 43 F.3d 474, 484 (10th Cir. 1994). If this were a traditional tort action, the customary fee arrangement would be contingent, on a percentage basis, and in the range of 30% to 40% of the recovery. *See Blum v. Stinson,* 465 U.S. 886, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984) ("In tort suits, an attorney might receive one third of whatever amount the Plaintiff recovers. In those cases, therefore, the fee is directly proportional to the recovery."); *In re M.D.C. Holdings Sec. Litig.*, No. CV89-0090 E (M), 1990 WL 454747, at *7 (S.D. Cal. Aug. 30, 1990) ("In private contingent litigation, fee contracts have traditionally ranged between 30% and 40% of the total recovery"); *Kirchoff v. Flynn*, 786 F.2d 320, 323 (7th Cir. 1986) (40% contractual award if case had gone to trial); *Pinto v. Princess Cruise Lines, Ltd.*, 513 F. Supp. 2d 1334, 1341 (S.D. Fla. 2007) ("In private litigation, attorneys regularly contract for contingent fees between 30% and 40% directly with their clients," making "these percentages the prevailing market rates throughout the United States for contingent representation."). The fact that the requested 25% fee is below the typical marketplace contingency percentage further evidences the reasonableness of the request.

Plaintiffs' Counsel's efforts were performed, and the result was achieved, on a wholly contingent basis despite significant risk and in the face of determined opposition. Under these

---

[6] *See, e.g., Nichols v. SmithKline Beecham Corp.*, No. CIV.A.00-6222, 2005 WL 950616, at *1, *24 (E.D. Pa. Apr. 22, 2005) (awarding fee equal to 30% of a $65 million fund which represented a multiplier of 3.15 of the lodestar); *In re Corel Corp. Inc. Sec. Litig.*, 293 F. Supp. 2d 484, 495-99 (E.D. Pa. 2003) (awarding one-third of $7 million settlement fund); *In re Combustion, Inc.*, 968 F. Supp. 1116, 1136-1141 (W.D. La. 1997) (awarding fee of 36% of settlement fund).

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT AWARDS TO PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

Case No. 4:19-cv-01765-YGR

-15-

circumstances, it necessarily follows that Counsel is justly entitled to the award of a reasonable percentage fee based on the benefit conferred and the common fund obtained. Under all of the circumstances present here, a 25% fee and reimbursement of litigation expenses is fair and reasonable.

**F.      A Lodestar Cross-Check Shows the Fee Request Is Reasonable**

Courts often compare an attorney's lodestar with a fee request made under the percentage of the fund method as a "cross-check" on the reasonableness of the requested fee. *See, e.g., Vizcaino*, 290 F.3d at 1050; *Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1007 (9th Cir. 2002). "[T]he lodestar calculation can be helpful in suggesting a higher percentage when litigation has been protracted [and] may provide a useful perspective on the reasonableness of a given percentage award." *Vizcaino*, 290 F.3d at 1050. Significantly, it is common for counsel's lodestar value to be adjusted upward by a sizeable multiplier "to account for class counsel's substantial risk of non-payment in prosecuting the action." *Id.* at 1051. In fact, the Ninth Circuit has recognized that the "*[risk multiplier] incentive is especially important in securities cases*." *Stanger*, 812 F.3d at 741 (emphasis added).

Here, the combined lodestar for Plaintiffs' Counsel is $1,480,242.00. *See* Federman Decl. at ¶¶ 25-28. Thus, counsel's fee request is equal to a reasonable multiplier of approximately 2.28 times their lodestar, which is low compared to multipliers regularly approved by courts. Indeed, courts have found that "[m]ultiplers in the 3-4 range are common in lodestar awards for lengthy and complex class action litigation." *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 298 (N.D. Cal. 1995); *see, e.g.*, *Vizcaino*, 290 F.3d at 1047-51 (affirming a 28% award, resulting in a multiplier for Plaintiffs' counsel of 3.65); *Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 334 (N.D. Cal. 2014) (approving attorneys' fees that resulted in lodestar multiplier of 2.83); *In re Google Referrer Header Privacy Litig.*, No. 5:10-CV-04809-EJD, 2015 WL 1520475, at *10 (N.D. Cal. Mar. 31, 2015) (lodestar multiplier of 2.2); *Custom LED, LLC v. eBay, Inc.*, No. 12-CV-00350-JST, 2014 WL 2916871, at *9 (N.D. Cal. June 24, 2014) (approving 1.94 multiplier of the

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT AWARDS TO PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

Case No. 4:19-cv-01765-YGR

-16-

lodestar for a $4,750,000 settlement). "In securities class actions in particular, courts have applied multipliers ranging from 1.25 up to 4." *Destefano v. Zynga, Inc.*, No. 12-CV-04007-JSC, 2016 WL 537946, at *21 (N.D. Cal. Feb. 11, 2016) (collecting cases) ("In light of the results of this action, the contingent nature of Class Counsel's fee arrangement, the complexity of this case and the risks involved in litigating it, the skill and experience required to do so properly, and the typical range of multipliers in securities class actions, the Court concludes that the 1.7 multiplier— ***towards the lower end*** of the Ninth Circuit's scale—is reasonable.") (emphasis added).

As this Court has recognized, "[a] positive multiplier rewards [] Class Counsel for its efforts in achieving a swift settlement, while recognizing that counsel's efficiency actually reduced its lodestar." *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, MDL No. 2673 CRB (JSC), 2017 WL 1352859, at *6 (N.D. Cal. Apr. 12, 2017). Moreover, the lodestar of $1,480,242.00 does not include time spent preparing this Motion, nor does it include time for additional services to be provided by Plaintiffs' Counsel to the Class, including attending the final settlement hearing, responding to Class Members' inquiries, supervising the Claims Administrator in the review and processing of claims, and overseeing the distribution of checks to Class Members. The additional work required to obtain approval and close out the Settlement will absorb a portion of the 2.28 multiplier. Accordingly, it is evident that "the requested award would not yield windfall profits for class counsel," which indicates that the requested fee is fair and reasonable. *Smith v. Am. Greetings Corp.*, No. 14-CV-02577-JST, 2016 WL 362395, at *9 (N.D. Cal. Jan. 29, 2016) (internal citations omitted) (approving fee resulting in multiplier of 1.8).

**G.      The Reaction of the Class Supports the Requested Award**

Thousands of Notices were mailed to Class Members, a Summary Notice was transmitted over *PR Newswire*, Notice was posted on the Depository Trust Company's legal notice system, and Notices were made available to the public on the Settlement Website. Federman Decl. at ¶ 11. Class Members were informed in the Notice that Plaintiffs' Counsel would apply for attorneys' fees in an amount up to 25% of the Settlement Fund ($3,375,000) and for reimbursement of

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT AWARDS TO PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

Case No. 4:19-cv-01765-YGR

-17-

litigation costs and expenses not to exceed $400,000, and were advised of their right to object to Plaintiffs' Counsel's fee and expense request. *Id.* at ¶ 13; *see also* Exhibit 2.A to Federman Decl. To date, there have been **no** requests for exclusion and **no** objections to the requested award. *See id.* at ¶ 45; *see also* Cavallo Decl. at ¶¶ 13-14. "The absence of any Class members' objection is an additional factor that supports this Court's approval of the requested attorneys' fees." *Anderson v. Merit Energy Co.*, No. 07-CV-00916-LTB, 2009 WL 3378526, at *3 (D. Colo. Oct. 20, 2009).

## V.    PLAINTIFFS' COUNSEL'S EXPENSES ARE REASONABLE AND WERE NECESSARY TO ACHIEVE THE RECOVERY

Plaintiffs' Counsel's expenses are reasonable and were incurred as a part of Counsel's efforts to achieve an excellent recovery for the Class. Plaintiffs' Counsel has incurred expenses in an aggregate amount of $360,177.27 in prosecuting this Action. These expenses were necessary and vital to achieve the Settlement.

"Reimbursement of taxable costs [in class action settlements] is governed by 28 U.S.C.A. § 1920 (West) and Federal Rule of Civil procedure 54." *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d at 1177. Courts interpreting these rules have found that counsel for the Class are entitled to reimbursement for those types of out-of-pocket expenses that an attorney would normally expect the client to pay. *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (finding that attorneys "may recover as part of the award of attorney's fees those out-of-pocket expenses that 'would normally be charged to a fee paying client'") (internal citation omitted); *see also Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cty., Okl.*, 8 F.3d 722, 725-26 (10th Cir. 1993) (expenses reimbursable if they would normally be billed to a client); *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1225 (3d Cir. 1995) (same).

The litigation expenses for which Plaintiffs' Counsel seeks reimbursement were necessary and are exactly the type of expenses routinely charged to paying clients. Plaintiffs' Counsel has pursued this litigation knowing that their expenses could only be reimbursed if the Class won at trial or obtained a settlement. Plaintiffs' Counsel have and had no incentive to incur—and did not

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT AWARDS TO PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

Case No. 4:19-cv-01765-YGR

-18-

incur—unnecessary expenses. *See* Federman Decl. at ¶ 34. Accordingly, Class Counsel respectfully submits that these litigation expenses should be reimbursed out of the common fund.

Simply to get the case started, Class Counsel retained two investigation firms to assist Class Counsel in developing information sufficient to meet the heightened pleading standards imposed by the PSLRA, which required Plaintiffs to plead (without the benefit of discovery) specific facts indicating why any alleged misrepresentation was materially false or misleading and facts that "giv[e] rise to a strong inference" that Defendants' statements were made with fraudulent intent or with extreme recklessness. *See Lloyd v. CVB Fin. Corp.*, 811 F.3d 1200, 1205-06 (9th Cir. 2016) (quoting 15 U.S.C.A. § 78u-4(b)(2)(A)). The investigators retained by Class Counsel assisted in accomplishing this formidable task by identifying, locating, and conducting preliminary interviews of potential witnesses (former employees of Amyris). Federman Decl. at ¶ 35. The money spent on the investigators proved to be very useful as it assisted Plaintiffs in gathering enough information to serve as the basis for a complaint that survived the PSLRA's enhanced pleading standards. *See* Dkt. No. 61.

Similarly, the money spent on Plaintiffs' damages and market efficiency expert, Cynthia L. Jones, CFA, was also vital. As part of her engagement on behalf of the Class, Ms. Jones prepared three (3) detailed expert reports—two on the issues of market efficiency and class-wide damages methodologies (which were filed with the Court), and one on the issues of Plaintiffs' losses and estimated damages (which was presented to the mediator and discussed with Defendants). Federman Decl. at ¶ 36. The Court found Plaintiffs' market efficiency expert reports to be compelling and persuasive enough to certify this action for class treatment. *See* Dkt. No. 101. Class Counsel also engaged Harris L. Devor, CPA, as an expert to analyze and prepare an expert report on issues relating to generally accepted accounting principles ("GAAP") and Defendants' alleged misstatements regarding the recognized royalty revenues and Amyris's internal control over financial reporting. This report was presented to the mediator and was discussed with Defendants during the settlement negotiations. Federman Decl. at ¶ 36.

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT AWARDS TO PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

Case No. 4:19-cv-01765-YGR

-19-

Other significant expenses incurred by Class Counsel include discovery costs related to the forensic collection, storage, photocopying, imaging, and electronic management of hundreds of thousands of pages of relevant documents. *Id*. at ¶ 37. Among other things, Class Counsel utilized the services of electronic discovery support vendors to conduct forensic document collections and productions, to create and maintain an electronic document review database for the more than 800,000 pages of documents produced in this case, and to add, de-duplicate, organize, and provide analytics on the document productions from Defendants and third parties. These electronic discovery services allowed Class Counsel to efficiently and effectively search, review, code, and categorize documents based on, among other things, relevance, issues, custodians, and potential use in depositions, briefs, settlement negotiations, and trial. Through the use of these services, Class Counsel are able to locate highly relevant documents that were presented to the mediator, and which likely assisted in persuading Defendants to agree to a settlement favorable to Plaintiffs. Such expenses are and were a necessary part of litigation of this scale and were essential to achieve the results now before the Court—the $13.5 million Settlement.

Additional costs for litigating this Action include the cost of computerized legal research using Westlaw and Pacer, the transcription and reporter costs associated with depositions, and mediation fees. Federman Decl. at ¶ 32. All of these expenditures were necessary for the successful prosecution and resolution of the Action on behalf of the Class. *Harris*, 24 F.3d at 19; *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d at 1177. Such costs should be (and are routinely) reimbursed. *In re UnitedHealth Grp. Inc. S'holder Derivative Litig.*, 631 F.3d 913, 918-19 (8th Cir. 2011). Other expenses involved travel, lodging, and meals as part of Plaintiffs Counsel's attendance at hearings and other litigation events, such as mediations. *See* Federman Decl. at 32. The travel and lodging expenses were necessary to the prosecution of the Action, were reasonable in amount and are properly charged against the common fund. *Thornberry v. Delta Air Lines, Inc.*, 676 F.2d 1240, 1244 (9th Cir. 1982), *cert. granted, judgment vacated on other grounds,* 461 U.S. 952 (1983); *Harris*, 24 F.3d at 19; *In re Immune Response Sec. Litig.*, 497

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT AWARDS TO PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

Case No. 4:19-cv-01765-YGR

-20-

F. Supp. 2d at 1177. Similarly, photocopying and scanning costs associated with document retrieval and filing, ECF filings, and comparable expenses are customarily reimbursed in common fund cases. *See id*; *Vincent v. Reser*, No. C 11-03572 CRB, 2013 WL 621865, at \*5 (N.D. Cal. Feb. 19, 2013) (awarding expenses for "three experts and the mediator, photocopying and mailing expenses, travel expenses, and other reasonable litigation related expenses").

As indicated above, each of the expenses for which Plaintiffs' Counsel seeks reimbursement was necessary to the successful prosecution of this case and is the type of expense that would have been billed to a paying client.

## VI.    THE REQUESTED AWARDS TO PLAINTIFFS SHOULD BE APPROVED

Class Counsel also request awards to Plaintiff and Class Representative, Vincent Carbone, in the amount of $6,750, and to lead plaintiff, Rob Jansen, in the amount of $5,000.  These awards are requested to reimburse Class Representative and lead plaintiff for the time and effort they devoted to overseeing this Action for the benefit of absent Class Members.  The Federman Declaration, and the declarations submitted by Class Representative and lead plaintiff, outline the time they devoted to this litigation, including reviewing pleadings, communicating regularly with counsel, responding to detailed interrogatories, gathering and producing relevant documents, and participating in lengthy depositions.  Federman Decl. at ¶¶ 40-44; *id.* at Exhibits 5-6.

This Court has recognized "it is appropriate" to provide awards to "those who come forward with little to gain and at personal risk and who work to achieve a settlement that confers substantial benefits on others." *Hubbard v. RCM Technologies, Inc.*, Case No. 19-cv-6363, 2021 WL 5016058, at \*6 (N.D. Cal. Oct. 28, 2021) (Gonzalez Rogers, J.) (awarding $10,000 to class representative and named plaintiff).  Further, the PSLRA acknowledges, and allows for, the option that class representatives and lead plaintiffs be provided reimbursement awards to compensate them for their service on behalf of the class. *See* 15 U.S.C. § 78u-4(a)(4) ("Nothing in this paragraph shall be construed to limit the award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any representative party serving on

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT AWARDS TO PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

Case No. 4:19-cv-01765-YGR

-21-

behalf of a class."); *see also Hicks v. Stanley*, No. 01 CIV. 10071 (RJH), 2005 WL 2757792, at *10 (S.D.N.Y. Oct. 24, 2005) (courts "routinely award such costs and expenses both to reimburse the named plaintiffs for expenses incurred through their involvement with the action and lost wages, as well as to provide an incentive for such plaintiffs to remain involved in the litigation").

The requested award to Class Representative is appropriate here. Class Representative has submitted a detailed declaration setting forth his participation in this Action that has spanned more than three years. *See* Federman Decl. at Exhibit 5. Class Representative spent a significant amount of time—in excess of 85 hours—representing the Class throughout the course of the litigation and has diligently fulfilled its obligations as the only Class Representative. *See id.* This time amounts to lost income since Class Representative would have devoted these hours to other matters, such as his work as an insurance agent. Among other things, Class Representative's time and efforts included: (1) assisting Class Counsel in developing the allegations contained in the complaint and reviewing and approving the final version; (2) reviewing and approving briefs and other filings; (3) collecting and providing documents to Class Counsel in response to Defendants' document requests; (4) answering Defendants' many sets of interrogatories; (5) preparing for and giving a deposition; (6) interfacing with Class Counsel regarding case status and strategy; (7) participating in both mediation sessions, subsequent settlement negotiations, and assisting in reaching the final proposed settlement; and (8) supervising Class Counsel throughout the prosecution of this Action. *See id.* The time, effort, and expense committed to the Action by Class Representative was encouraged by Congress in enacting the PSLRA and was of great help in bringing about the highly beneficial Settlement. Absent the participation of Class Representative, the Settlement would not have been achieved.

A reimbursement award of $5,000 is also sought for Court-appointed lead plaintiff Rob Jansen. While Mr. Jansen was not appointed as a class representative due to concerns that defenses unique to him would detract from the primary issues of the Action, Mr. Jansen had previously served as lead plaintiff for more than two years, during which he devoted considerable time and

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT AWARDS TO PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

Case No. 4:19-cv-01765-YGR

-22-

effort towards the litigation.  In particular, lead plaintiff Jansen: (i) reviewed and provided input on numerous pleadings and filings; (ii) responded to Defendants' multiple sets of discovery requests, which included locating, gathering, and producing responsive documents and responding to detailed interrogatories; (iii) participated in the two mediations; and (iv) prepared for and allowed himself to undergo a lengthy deposition that took approximately seven hours to complete. *See* Federman Decl. at Exhibit 6.  These actions were helpful to the Class and are reimbursable under the PSLRA.

The requested reimbursement amounts of $6,750 and $5,000 are fair considering the many hours expended by both Class Representative and lead plaintiff, respectively—time they would have devoted to other matters.  *See* Federman Decl. at Exhibits 5-6.  Moreover, the amounts requested are less than what numerous courts have awarded to representative plaintiffs in similar class actions.  *See, e.g., In re Veritas Software Corp. Sec. Litig.*, 396 F. App'x 815, 817 (3d Cir. 2010) ($15,000 for each lead plaintiff); *Buccellato v. AT&T Operations, Inc.*, No. C10-00463-LHK, 2011 WL 4526673, at *4 (N.D. Cal. June 30, 2011) ($20,000 to lead plaintiff); *In re In re Xcel Energy, Inc., Sec., Derivative & ''ERISA'' Litig.*, 364 F. Supp. 2d 980, 1000 (D. Minn. 2005) (approving a $100,000 award to lead plaintiffs, and noting that awards to lead plaintiffs are important because they further "the important policy role [lead plaintiffs] play in the enforcement of the federal securities laws on behalf of persons other than themselves"); *In re Giant Interactive Grp., Inc. Sec. Litig.*, 279 F.R.D. 151, 166 (S.D.N.Y. 2011) (awarding $10,000).

Accordingly, the requested reimbursement awards of $6,750 for Class Representative and $5,000 for lead plaintiff are reasonable and should be awarded to compensate these Plaintiffs for their active efforts on behalf of the Class.

## VII.    CONCLUSION

Securities class actions are complex and laden with risk.  There are numerous examples, in cases such as this, where after spending thousands of hours and advancing hundreds of thousands (or even millions) of dollars in potentially non-reimbursable costs, Plaintiffs have received no

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT AWARDS TO PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

Case No. 4:19-cv-01765-YGR

-23-

compensation or reimbursement whatsoever. This complex action has been extremely hard-fought and was litigated through a motion to dismiss, multiple depositions, extensive document discovery, class certification, a petition to appeal class certification, two mediations sessions, and months of subsequent settlement negotiations. Plaintiffs faced numerous risks along the way. From the beginning, Plaintiffs faced determined adversaries represented by experienced and equally determined defense counsel. Without any assurance of success, Class Representatives and Class Counsel pursued this litigation to an excellent conclusion. The Settlement represents a fair recovery on behalf of the Class and reflects the skill and dedication of Plaintiffs' Counsel.

It is, therefore, respectfully requested that the Court approve the fee and expense application and enter the Order submitted herewith awarding Plaintiffs' Counsel a fee of 25% of the Settlement Fund (including any interest accrued at the same rate as accrued on the Settlement Fund), reimbursing Plaintiffs' Counsel for litigation expenses in the amount of $360,177.27, awarding Class Representative with a reimbursement award of $6,750, and awarding lead plaintiff Rob Jansen a reimbursement award of $5,000, for their efforts expended in this Action and achieving this highly favorable resolution for the benefit of the Class.

Dated: October 4, 2022                    Respectfully submitted,


/s/ William B. Federman
William B. Federman (admitted *Pro Hac Vice*)
A. Brooke Murphy (admitted *Pro Hac Vice*)
FEDERMAN & SHERWOOD
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: (405) 235-1560
-and-
212 W. Spring Valley Road
Richardson, TX  75081
wbf@federmanlaw.com
abm@federmanlaw.com

*Class Counsel for Plaintiffs*

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT AWARDS TO PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

Case No. 4:19-cv-01765-YGR

-24-

Robert S. Green
GREEN & NOBLIN, P.C.
2200 Larkspur Landing Circle, Ste. 101
Larkspur, California 94939
Tel: (415) 477-6700/Fax: (415) 477-6710
-and-
4500 East Pacific Coast Highway
Fourth Floor
Long Beach, CA 90804
rsg@classcounsel.com


*Liaison Counsel for Plaintiffs*


## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on Tuesday, October 04, 2022.

/s/ William B. Federman
William B. Federman

PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT AWARDS TO PLAINTIFFS AND MEMORANDUM OF LAW IN SUPPORT

Case No. 4:19-cv-01765-YGR

-25-